ORIGINAL

1  MERRILL F. STORMS, JR. (Bar No. CA-78333)
   TONYA M. CROSS (Bar No. CA-236867)
2  **DLA PIPER US LLP**
   401 B Street, Suite 1700
3  San Diego, CA  92101
   Tel:    619.699.3526
4  Fax:    619.699.2701

5  Attorneys for Defendant
   KAPLAN HIGHER EDUCATION
6  CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11  JOANN WORKMAN-JOHNSON,              CASE NO. **08 CV 0339 H RBB**

12              Plaintiff,              (San Diego County Superior Court Case No.:
                                        37-2007-000083591-CU-WT-CTL)
13        v.
                                        **NOTICE OF REMOVAL OF CIVIL**
14  KAPLAN HIGHER EDUCATION            **ACTION**
    CORPORATION; and DOES 1 to 10,
15                                      [28 U.S.C. § 1441(b) – Diversity]
                Defendants.
16

17

18  TO PLAINTIFF JOANN WORKMAN-JOHNSON, HER ATTORNEY OF RECORD, AND TO

    THE CLERK OF THE ABOVE-ENTITLED COURT:
19
            PLEASE TAKE NOTICE that Defendant Kaplan Higher Education Corporation
20
    ("Kaplan") hereby removes the above-entitled case from the Superior Court of the State of
21
    California, County of San Diego, to the United States District Court for the Southern District of
22
    California on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.
23
    The grounds for removal are as follows:
24
            1.      On or about December 13, 2007, Plaintiff Joann Workman-Johnson ("Plaintiff")
25
    filed a complaint in the Superior Court of the State of California, County of San Diego, entitled
26
    *Joann Workman-Johnson v. Kaplan Higher Education Corporation, and DOES 1 to 10*, Case
27
    No. 37-2007-00083591-CU-WT-CTL.  Defendant Kaplan was served with copies of the
28

DLA PIPER US LLP
  SAN DIEGO

1   summons and complaint in this action on or about January 22, 2008.

2       2.      On or about January 30, 2008, Plaintiff filed a First Amended Complaint in the

3   Superior Court of the State of California, County of San Diego.  On or about February 5, 2008,

4   counsel for Kaplan was served by mail with a Notice and Acknowledgment of Receipt of the

5   Summons and First Amended Complaint.

6       3.      The following pleadings constitute all the process, pleadings, and orders in this

7   action to date of which Defendant is aware:

8           (a)      A copy of the summons, complaint, Civil Cover Sheet and Notice of Case

9   Assignment referenced in Paragraph 1 above are attached as Exhibit A.

10          (b)      A copy of the summons and first amended complaint referenced in

11  Paragraph 2 above are Exhibit B.

12      4.      In accordance with 28 U.S.C. § 1446(d), Defendant will, promptly after filing this

13  Notice of Removal ("Notice"), give written notice of the filing of the Notice to Plaintiff and the

14  Clerk of the San Diego Superior Court.  Copies of those notices are attached as Exhibits C and D,

15  respectively, hereto.  Proof of service of the Notice to the Superior Court Clerk of Removal and

16  of the Notice to Adverse Party of Removal will be filed with this Court promptly thereafter.

17                  **REMOVAL IS BASED ON DIVERSITY JURISDICTION**

18      5.      This action is one of which this Court has original jurisdiction under 28 U.S.C. §

19  1332, and is one that may be properly removed to this Court on the basis of diversity of

20  citizenship, in that it is a civil action between citizens of different states, none of the named

21  defendants is a citizen of California, and the amount in controversy exceeds the sum of $75,000,

22  exclusive of interest and costs, as more fully explained below.  28 U.S.C. §§ 1332(a) and 1441(a)

23  and (b).

24      6.      Defendant Kaplan is informed and believes, and on that basis alleges, that Plaintiff

25  is now, and was at all times relevant hereto, a citizen of the State of California within the meaning

26  of 28 U.S.C. § 1332(a), because her place of residence and domicile is and was within the State of

27  California.  *See* Exh. B, ¶1.

28      7.      Defendant Kaplan is now, and was at all times relevant hereto, a citizen of the

DLA PIPER US LLP
SAN DIEGO

SD\1782210.2                                     -2-

NOTICE OF REMOVAL OF CIVIL ACTION

1   State of Delaware within the meaning of 28 U.S.C. § 1332(c)(1), because it is now, and was at all

2   times relevant hereto, incorporated under the laws of the State of Delaware, and at all times

3   relevant hereto has maintained its principal places of business in Fort Lauderdale, Florida and

4   Chicago, Illinois. (Declaration of Jean Luinis, ¶ 2.)

5        8.    Defendants Does 1 to 10 are unnamed and unknown, and, to Defendant's

6   knowledge, have not been served with Plaintiff's Summons and Complaint.

7        9.    The presence of the Doe defendants has no bearing on diversity with respect to

8   removal. *See* 28 U.S.C. § 1441(a)("For purposes of removal under this chapter, the citizenship of

9   defendants sued under fictitious names shall be disregarded.")

10       10.    Pursuant to 28 U.S.C. § 1441(a), this Court has jurisdiction as the action was

11   pending in the Superior Court of the State of California, County of San Diego.

12       11.    While Defendant Kaplan denies any liability to Plaintiff, the amount in

13   controversy in this action, as alleged in the First Amended Complaint, exceeds $75,000, exclusive

14   of interest and costs.

15       12.    Plaintiff's First Amended Complaint alleges six causes of action:  (1) wrongful

16   discharge in violation of public policy; (2) breach of express promise not to termination except

17   for cause; (3) breach of implied covenant of good faith and fair dealing; (4) breach of contract; (5)

18   violation of Labor Code § 970; and (6) fraud.

19       13.    Plaintiff's Fourth Cause of Action (breach of contract) specifically alleges $66,000

20   in lost severance payments (Exh. B, ¶ 24).

21       14.    It is also facially apparent that Plaintiff's claims exceed $75,000 based on

22   Plaintiff's Fifth Cause of Action (violation of Labor Code § 970) alleging $66,000 in actual

23   damages, plus relocation expenses, interest, housing expenses and other damages (Exh. B, ¶ 31).

24   In addition, Plaintiff alleges she is entitled to statutory double damages.  (Exh. B, ¶ 32).

25   Accordingly, Plaintiff's Fifth Cause of Action specifically alleges a minimum of $132,000 in

26   damages.

27       15.    In addition, Plaintiff prays for punitive damages (Exh. B, ¶5 of prayer). Punitive

28   damages must be considered in determining whether the minimum damages for diversity

DLA PIPER US LLP
SAN DIEGO

SD\1782210.2

-3-

1  jurisdiction is satisfied. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238,

2  240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each

3  must be considered to the extent claimed in determining jurisdictional amount."); *see also,*

4  *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (holding that "the

5  amount in controversy may include punitive damages when they are recoverable as a matter of

6  law").

7        16.    Plaintiff's prayer for relief also seeks unspecified compensation damages including

8  lost earnings, employment benefits, future loss of earnings (Exh. B, ¶ 1 of prayer) and unspecified

9  attorneys' fees (Exh. B, ¶ 3 of prayer).

10        17.    Based on the damages specifically alleged in Plaintiff's First Amended Complaint,

11  the amount in controversy exceeds $75,000.

12        18.    Because Plaintiff and Defendant are citizens of different states, there is complete

13  diversity between the parties. Because there is complete diversity, none of the named defendants

14  is a citizen of California, and the amount in controversy threshold is met, the requirements for

15  removal under 28 U.S.C §§ 1332(a) and 1441(a) and (b) are satisfied.

16        19.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the thirtieth

17  day following service of Plaintiff's initial complaint is Thursday, February 21, 2008. Thus, the

18  last day to timely remove Plaintiff's Complaint is Thursday, February 21, 2008.

19  Dated: February 21, 2008

20                            DLA PIPER US LLP

21

22

23                            By                           
                          MERRILL F. STORMS, JR.
                          TONYA M. CROSS

24                            Attorneys for Defendant
                          KAPLAN HIGHER EDUCATION
                          CORPORATION

25

26

27

28

SD\1782210.2

-4-

NOTICE OF REMOVAL OF CIVIL ACTION

**EXHIBIT A**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Andrew P. Greenfield (#147109)<br>THE GREENFIELD LAW FIRM, APC<br>3170 Fourth Avenue, 4th Floor  San Diego, CA 92103 | |

TELEPHONE NO.: 619-574-0600    FAX NO.: 619-574-7705
ATTORNEY FOR *(Name)*: Plaintiff JOANN WORKMAN-JOHNSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: WORKMAN-JOHNSON v. KAPLAN HIGHER EDUCATION CORP.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2007-00083591-CU-WT-CTL |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☑ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 6
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 6, 2007

Andrew P. Greenfield
_____          ▶ _____
(TYPE OR PRINT NAME)                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
www.accesslaw.com

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:    330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:    San Diego, CA 92101
BRANCH NAME:    Central
TELEPHONE NUMBER:  (619) 685-6148

PLAINTIFF(S) / PETITIONER(S):    Joann Workman-Johnson

DEFENDANT(S) / RESPONDENT(S):  Kaplan Higher Education Corporation

WORKMAN-JOHNSON VS. KAPLAN HIGHER EDUCATION CORPORATION

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2007-00083591-CU-WT-CTL |
|---|---|

Judge:  Richard E. L. Strauss                 Department: C-75

**COMPLAINT/PETITION FILED:** 12/10/2007

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                                          Page: 1

**NOTICE OF CASE ASSIGNMENT**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KAPLAN HIGHER EDUCATION CORPORATION and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOANN WORKMAN-JOHNSON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA - SAN DIEGO<br>330 W. Broadway<br>San Diego, CA 92101 | **CASE NUMBER:** 37-2007-00083591-CU-WT-CTL<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew P. Greenfield (#147109) - The Greenfield Law Firm, APC  (619) 574-0600
3170 Fourth Avenue, 4th Floor   San Diego, CA 92103

| DATE:   DEC 1 3 2007 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*[SEAL]*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | Code of Civil Procedure §§ 412.20, 465 |

**SUMMONS**

1 | Andrew P. Greenfield (#147109)
THE GREENFIELD LAW FIRM, APC
2 | 3170 Fourth Ave, 4th Floor
San Diego, California 92103
3 | (619) 574-0600

4 | Michael F. Cressey, (#115581)
LAW OFFICE OF MICHAEL F. CRESSEY
5 | 2910 E. 57th Ave,, Suite 5
Spokane, Washington 99223
6 | 509-443-1903

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SAN DIEGO

10

11 | JOANN WORKMAN-JOHNSON,             ) Case No.: 37-2007-00083591-CU-WT-CTL
                                       )
12 |           Plaintiff,              ) COMPLAINT FOR WRONGFUL
                                       ) DISCHARGE IN VIOLATION OF
13 |                                   ) PUBLIC POLICY; BREACH OF
                                       ) EXPRESS PROMISE NOT TO
14 |      vs.                          ) TERMINATE EXCEPT FOR CAUSE;
                                       ) BREACH OF IMPLIED COVENANT OF
15 |                                   ) GOOD FAITH AND FAIR DEALING;
                                       ) BREACH OF CONTRACT; VIOLATION
16 | KAPLAN HIGHER EDUCATION           ) OF LABOR CODE 970; FRAUD
   CORPORATION, and DOES 1 to 10,     )
17 |                                   )
                                       )
18 |      Defendants.                  )
                                       )
19 |                                   )
                                       )
20 | _____ )

21 |      Plaintiff JOANN WORKMAN-JOHNSON alleges as follows:

22 |      1.   Plaintiff JOANN WORKMAN-JOHNSON, (hereinafter

23 | "Plaintiff") is an individual with residence in the State of

24 | California, County of San Diego.

25 |      2.   Defendant KAPLAN HIGHER EDUCATION CORPORATION

26 | (hereinafter "KAPLAN") is, and was at all times herein

27 | mentioned, a corporation, and existing under the laws of the

28 | state of Delaware.

1
COMPLAINT

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein, including DOES 1 through 10 were at all times acting as the agents and employees of the other defendants and acting with the knowledge and consent of the other employees.

4. On or about March 16th, 2007 Plaintiff, at that time a resident of the State of Missouri, was hired by Maric College, owned and operated by Defendant KAPLAN pursuant to an oral and written agreement the material terms of which are set forth in Exhibit "1" attached and incorporated herein. All contingencies and conditions required to be met by Plaintiff were met and satisfied. Included in the express terms of the offer of employment, and intended to induce Plaintiff to leave her employment in Missouri and move to California was a promise by Defendants to pay to Plaintiff a "separation payment" equal to the difference between her pay to date of separation and $120,000 if her employment was terminated for any reason except voluntary resignation within one year of April 1st, 2007, her start date.

5. Plaintiff worked for Maric College as Director of Nursing.

6. On or about September 17, 2007 plaintiff was terminated from her employment by Defendants. Concurrent therewith Defendants failed and refused to pay to Plaintiff the "separation payment" at that time worth approximately $66,000.00 or six and one-half months salary.

### FIRST CAUSE OF ACTION

### (Wrongful Discharge in Violation of Public Policy)

(Against all Defendants)

7.  Plaintiff realleges and incorporates by reference paragraphs 1 through 6, above, as though set forth herein.

8.  Prior to April 1, 2007 because of problems at Maric College which threatened its ability to operate, Defendant KAPLAN actively recruited nationwide for a licensed and qualified Director of Nursing to move to California and fill that position.  Plaintiff was specifically interviewed by Defendants because of her prior experience and qualifications in assisting nursing schools in trouble to recover and stay open. Defendants performed an extensive background check on Plaintiff and after numerous interviews offered Plaintiff the position of Director of Nursing.  Because the job would require Plaintiff to quit her job in Missouri and move to California, Defendants promised in writing to guarantee Plaintiff one year's compensation for services as Director of Nursing.  This was intended to be and was part of Plaintiff's compensation package and became vested and earned upon Plaintiff's move to California and commencement of employment.

9. On or about September 17, 2007, Defendants terminated Plaintiff's employment falsely claiming that she was being let go for cause under the mistaken belief and with the intent that such a false accusation would allow them to avoid paying to Plaintiff the "severance payment" promised and earned by Plaintiff (by accepting the position and moving to California

1   under the contract).  Such conduct violates the public policy of

2   the state of California as set forth in <u>Labor Code</u> sections 201,

3   202, 216, 221, 222, 223, and 224.  Such conduct also violates

4   the public policy of the State of California as set forth in

5   Labor Code section 970 and 972.

6       10.  Plaintiff alleges on information and belief that the

7   Defendants knew that the conduct engaged in was unlawful and in

8   violation of public policy.  Defendants' actions resulted in

9   Plaintiff's termination from her employment in which she had

10  dedicated herself.  Defendant's actions were malicious and

11  oppressive and in conscious disregard for Plaintiff's rights,

12  committed by officers of the corporation with the full

13  knowledge, consent and/or ratification of the other Defendants.

14      11.  As a proximate result of the actions of Defendants,

15  Plaintiff has suffered severe emotional distress, lost wages and

16  other compensation and had to incur attorney's fees in an amount

17  according to proof.

18                  **SECOND CAUSE OF ACTION**

19              **(Breach of Express Promise Not to**

20                **Terminate Except for Cause)**

21                 (Against all Defendants)

22      12. Plaintiff realleges and incorporates by reference

23  paragraphs 1 through 11, above, as though set forth herein.

24      13.  Throughout Plaintiff's employment and implied in the

25  terms of her employment offer (Exhibit "1") was a promise that

26  Plaintiff's employment would not be terminated in less than a

27  year without good cause.  In addition, the policies and

28  procedures of Defendants provide for a progressive discipline

1  policy and expressly state the grounds under which an employee

2  can be terminated therefore creating an implied contract not to

3  terminate Plaintiff unless one of the specified grounds exist.

4  In addition, as a result of Defendants' promise of one year of

5  employment or salary and pursuant to the duties imposed upon

6  Defendants pursuant to Labor Code section 970 there came into

7  existence a fiduciary duty from the Defendants to Plaintiff not

8  to terminate Plaintiff without cause and not to do anything so

9  as to deprive Plaintiff of her vested interest in one full

10  year's employment compensation, including, but not limited to

11  terminating her without cause.

12      14.   On or about September 17, 2007, Defendants breached

13  the implied contract by terminating Plaintiff without cause.

14      15. As a proximate result of the actions of Defendants,

15  Plaintiff has suffered severe emotional distress, lost wages and

16  other compensation.

17                        **THIRD CAUSE OF ACTION**

18                     **(Breach of Implied Covenant of**

19                       **Good Faith and Fair Dealing)**

20                        (Against all Defendants)

21      16.   Plaintiff realleges and incorporates by reference

22  paragraphs 1 through 15, above, as though set forth herein.

23      17.   The contract of employment included a covenant of good

24  faith and fair dealing by operation of law.

25      18.   Defendants breach the covenant of Good Faith and Fair

26  Dealing by terminating Plaintiff in violation of the terms of

27  the contract as modified and terminating Plaintiff for the

28

1   purpose of avoiding paying Plaintiff part of her earned

2   compensation in violation of state law.

3       19.   As a proximate result of the actions of Defendants,

4   Plaintiff has suffered severe emotional distress, lost wages and

5   other compensation.

6                       **FOURTH CAUSE OF ACTION**

7                         **(Breach of Contract)**

8                         **(Against all Defendants)**

9       20.   Plaintiff realleges and incorporates by reference

10  paragraphs 1 through 19, above, as though set forth herein.

11      21.   In or about March 16th, 2007 Plaintiff and Defendants

12  entered into a written and oral contract.   One of the terms of

13  the contract required Defendants to compensate Plaintiff for one

14  year's employment as alleged above.   This was referred to as the

15  "severance payment".   In consideration of this promise,

16  Plaintiff moved to California from Missouri.

17      22.   On or about September 17, 2007 Defendants breached the

18  contract by failing to pay Plaintiff her "severance payment" as

19  required by the contract.

20      23.   Plaintiff performed all obligations on her part under

21  the contract.

22      24.   As a proximate result of defendants conduct plaintiff

23  has lost $66,000.00 (the severance payment) plus interest from

24  the date of breach as allowed by law.

25                       **FIFTH CAUSE OF ACTION**

26                  **(Violation of Labor Code sec. 970)**

27      25.   Plaintiff realleges and incorporates by reference

28  paragraphs 1 through 24, above, as though set forth herein.

26.   At all times herein relevant the provisions of California Labor Code Section 970 et. seq. were in full force and effect.

27.   On or before March 16th, 2007 Defendants made certain representations to Plaintiff for the express purpose of inducing plaintiff to leave Missouri and move to California and accept employment with Maric College. Specifically, Defendants promised to compensate Plaintiff for her services as Director of Nursing for a guaranteed minimum period of one year (referred to in Exhibit "1" as the "severance payment".

28.   Plaintiff is informed and believes and thereupon alleges that at the time the above referenced promises were made Defendants had no intention of honoring the promises or paying the promised compensation and therefore Defendants knew the promised compensation was an intentional misrepresentation intended to induce Plaintiff to accept the offer of employment.

29.   Without knowledge of the falsity of the promises and true intent of the Defendants, Plaintiff reasonably believed the promises and accepted the employment and immediately moved to California from Missouri.

30.   Were it not for the false promises of Defendants Plaintiff would not have moved to California.

31.   On or about September 17, 2007 Defendants terminated Plaintiff and refused to pay the promised "severance payment". This conduct was intentional and a proximate cause of damage to Plaintiff in the actual amount of $66,000.00 plus relocating

1 | expenses, interest, housing expenses and other damages according
2 | to proof.
3 |     32.    Pursuant to California Labor Code section 972
4 | Plaintiff may bring an action against Defendants for the above
5 | conduct and is entitled to statutory double damages according to
6 | proof.
7 |                        **SIXTH CAUSE OF ACTION**
8 |                             **(Fraud)**
9 |                        **(Against all Defendants)**
10 |    33.    Plaintiff realleges and incorporates by reference
11 | paragraphs 1 through 32 above, as though set forth herein.
12 |    34.    On or before March 16th, 2007 Defendants promised
13 | Plaintiff that if Plaintiff would move to California and accept
14 | employment with Defendants they would guarantee to pay to
15 | Plaintiff one year's compensation for services as Director of
16 | Nursing unless she voluntarily resigned in less than a year.
17 |    35.    When these promises were made, each of the Defendants
18 | knew that the promises were false and that they had no intention
19 | of fulfilling their promise of one year guaranteed compensation.
20 |    36.    Each of the Defendants made these false promises with
21 | the intent to induce Plaintiff to accept the employment and move
22 | to California.
23 |    37.    These promises were part of the agreed compensation
24 | package negotiated between the parties and if Plaintiff had
25 | known the true intentions of Defendants, Plaintiff would not
26 | have accepted the employment and moved to California.
27 |    38.    As a proximate result of Defendants' conduct,
28 | Plaintiff has been damaged economically and emotionally.

39.  As a proximate result of the actions of Defendants, Plaintiff has suffered severe emotional distress, lost wages and other compensation and had to incur attorney's fees in an amount according to proof.

40.  Defendants' actions were malicious and oppressive and in conscious disregard for Plaintiffs' rights, committed by officers of the corporation with the full knowledge, consent and/or ratification of the other defendants.

**PRAYER**

WHEREFORE Plaintiff prays as follows:

1.  For compensation damages according to proof including lost earnings, employment benefits, future loss of earnings;

2.  For compensation for emotional distress, humiliation and mental anguish;

3.  For interest at the legal rate from on or about September 17, 2007;

4.  For reasonable attorneys fees;

5.  For punitive damages;

6.  For costs of suit;

7.  For Statutory double damages pursuant to Labor Code section 972;

8.  For such and further relief as the court deems necessary and appropriate herein.

THE GREENFIELD LAW FIRM, APC

Dated: December 6, 2007

Andrew P. Greenfield
Attorney for Plaintiff
JOANNE WORKMAN-JOHNSON

**SUM-100**

## SUMMONS – FIRST AMENDED
## (CITACION JUDICIAL) COMPLAINT

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2008 JAN 30  PM 4: 38

SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
KAPLAN HIGHER EDUCATION CORPORATION and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
JOANN WORKMAN-JOHNSON

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
  *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: 37-2007-00083591- |
|---|---|
| (El nombre y dirección de la corte es): | (Número del Caso): CU-WT-CTL |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
330 W. Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
THE GREENFIELD LAW FIRM, APC, Andrew P. Greenfield (Bar No. 147019)
3170 Fourth Ave., 4th Floor, San Diego, CA 92103

| DATE: | JAN 30 2008 | Clerk, by | S. LITTLE | , Deputy |
|---|---|---|---|---|
| (Fecha) | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com

1 | Andrew P. Greenfield (#147109)
THE GREENFIELD LAW FIRM, APC
2 | 3170 Fourth Ave, 4th Floor
San Diego, California 92103
3 | (619) 574-0600

4 | Michael F. Cressey, (#115581)
LAW OFFICE OF MICHAEL F. CRESSEY
5 | 2910 E. 57th Ave,, Suite 5
Spokane, Washington 99223
6 | 509-443-1903

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN DIEGO

10

11 | JOANN WORKMAN-JOHNSON,            ) Case No.: 37-2007-00083591-CU-
                                      ) WT-CTL
12 |           Plaintiff,             )
                                      ) FIRST AMENDED COMPLAINT FOR
13 |                                  ) WRONGFUL DISCHARGE IN VIOLATION
                                      ) OF PUBLIC POLICY; BREACH OF
14 |     vs.                          ) EXPRESS PROMISE NOT TO
                                      ) TERMINATE EXCEPT FOR CAUSE;
15 |                                  ) BREACH OF IMPLIED COVENANT OF
                                      ) GOOD FAITH AND FAIR DEALING;
16 | KAPLAN HIGHER EDUCATION          ) BREACH OF CONTRACT; VIOLATION
     CORPORATION, and DOES 1 to 10,   ) OF LABOR CODE 970; FRAUD
17 |                                  )
                                      )
18 |           Defendants.            )
                                      )
19 |                                  )
                                      )
20 | _____)

21 |     Plaintiff JOANN WORKMAN-JOHNSON alleges in her First

22 | Amended Complaint as follows:

23 |     1.  Plaintiff JOANN WORKMAN-JOHNSON, (hereinafter

24 | "Plaintiff") is an individual with residence in the State of

25 | California, County of San Diego.

26 |     2.  Defendant KAPLAN HIGHER EDUCATION CORPORATION

27 | (hereinafter "KAPLAN") is, and was at all times herein

28

1    mentioned, a corporation, and existing under the laws of the

2    state of Delaware.

3         3.   Plaintiff is ignorant of the true names and capacities

4    of defendants sued herein as DOES 1 through 10, inclusive, and

5    therefore sues those defendants by such fictitious names.

6    Plaintiff is informed and believes that each of the defendants

7    herein, including DOES 1 through 10 were at all times acting as

8    the agents and employees of the other defendants and acting with

9    the knowledge and consent of the other employees.

10        4.   On or about March 16th, 2007 Plaintiff, at that time a

11   resident of the State of Missouri, was hired by Maric College,

12   owned and operated by Defendant KAPLAN pursuant to an oral and

13   written agreement the material terms of which are set forth in

14   Exhibit "1" attached and incorporated herein.  All contingencies

15   and conditions required to be met by Plaintiff were met and

16   satisfied.  Included in the express terms of the offer of

17   employment, and intended to induce Plaintiff to leave her

18   employment in Missouri and move to California was a promise by

19   Defendants to pay to Plaintiff a "separation payment" equal to

20   the difference between her pay to date of separation and

21   $120,000 if her employment was terminated for any reason except

22   voluntary resignation within one year of April 1st, 2007, her

23   start date.

24        5.   Plaintiff worked for Maric College as Director of

25   Nursing.

26        6.   On or about September 17, 2007 plaintiff was terminated

27   from her employment by Defendants.  Concurrent therewith

28   Defendants failed and refused to pay to Plaintiff the

1  "separation payment" at that time worth approximately $66,000.00
2  or six and one-half months salary.

### FIRST CAUSE OF ACTION

#### (Wrongful Discharge in Violation of Public Policy)

##### (Against all Defendants)

7.    Plaintiff realleges and incorporates by reference
paragraphs 1 through 6, above, as though set forth herein.

8.    Prior to April 1, 2007 because of problems at Maric
College which threatened its ability to operate, Defendant
KAPLAN actively recruited nationwide for a licensed and
qualified Director of Nursing to move to California and fill
that position.   Plaintiff was specifically interviewed by
Defendants because of her prior experience and qualifications in
assisting nursing schools in trouble to recover and stay open.
Defendants performed an extensive background check on Plaintiff
and after numerous interviews offered Plaintiff the position of
Director of Nursing.   Because the job would require Plaintiff to
quit her job in Missouri and move to California, Defendants
promised in writing to guarantee Plaintiff one year's
compensation for services as Director of Nursing.   This was
intended to be and was part of Plaintiff's compensation package
and became vested and earned upon Plaintiff's move to California
and commencement of employment.

9. On or about September 17, 2007, Defendants terminated
Plaintiff's employment falsely claiming that she was being let
go for cause under the mistaken belief and with the intent that
such a false accusation would allow them to avoid paying to
Plaintiff the "severance payment" promised and earned by

1  Plaintiff (by accepting the position and moving to California

2  under the contract).  Such conduct violates the public policy of

3  the state of California as set forth in Labor Code sections 201,

4  202, 216, 221, 222, 223, and 224.  Such conduct also violates

5  the public policy of the State of California as set forth in

6  Labor Code section 970 and 972.

7      10.  Plaintiff alleges on information and belief that the

8  Defendants knew that the conduct engaged in was unlawful and in

9  violation of public policy.  Defendants' actions resulted in

10  Plaintiff's termination from her employment in which she had

11  dedicated herself.  Defendant's actions were malicious and

12  oppressive and in conscious disregard for Plaintiff's rights,

13  committed by officers of the corporation with the full

14  knowledge, consent and/or ratification of the other Defendants.

15      11.  As a proximate result of the actions of Defendants,

16  Plaintiff has suffered severe emotional distress, lost wages and

17  other compensation and had to incur attorney's fees in an amount

18  according to proof.

19                    **SECOND CAUSE OF ACTION**

20                **(Breach of Express Promise Not to**

21                   **Terminate Except for Cause)**

22                    (Against all Defendants)

23      12. Plaintiff realleges and incorporates by reference

24  paragraphs 1 through 11, above, as though set forth herein.

25      13.  Throughout Plaintiff's employment and implied in the

26  terms of her employment offer (Exhibit "1") was a promise that

27  Plaintiff's employment would not be terminated in less than a

28  year without good cause.  In addition, the policies and

1  procedures of Defendants provide for a progressive discipline

2  policy and expressly state the grounds under which an employee

3  can be terminated therefore creating an implied contract not to

4  terminate Plaintiff unless one of the specified grounds exist.

5  In addition, as a result of Defendants' promise of one year of

6  employment or salary and pursuant to the duties imposed upon

7  Defendants pursuant to Labor Code section 970 there came into

8  existence a fiduciary duty from the Defendants to Plaintiff not

9  to terminate Plaintiff without cause and not to do anything so

10 as to deprive Plaintiff of her vested interest in one full

11 year's employment compensation, including, but not limited to

12 terminating her without cause.

13    14.   On or about September 17, 2007, Defendants breached

14 the implied contract by terminating Plaintiff without cause.

15    15. As a proximate result of the actions of Defendants,

16 Plaintiff has suffered severe emotional distress, lost wages and

17 other compensation.

## THIRD CAUSE OF ACTION

### (Breach of Implied Covenant of

### Good Faith and Fair Dealing)

(Against all Defendants)

22    16.   Plaintiff realleges and incorporates by reference

23 paragraphs 1 through 15, above, as though set forth herein.

24    17.   The contract of employment included a covenant of good

25 faith and fair dealing by operation of law.

26    18.   Defendants breach the covenant of Good Faith and Fair

27 Dealing by terminating Plaintiff in violation of the terms of

28 the contract as modified and terminating Plaintiff for the

purpose of avoiding paying Plaintiff part of her earned
compensation in violation of state law.

19.  As a proximate result of the actions of Defendants,
Plaintiff has suffered severe emotional distress, lost wages and
other compensation.

### FOURTH CAUSE OF ACTION

### (Breach of Contract)

### (Against all Defendants)

20.  Plaintiff realleges and incorporates by reference
paragraphs 1 through 19, above, as though set forth herein.

21.  In or about March 16th, 2007 Plaintiff and Defendants
entered into a written and oral contract.  One of the terms of
the contract required Defendants to compensate Plaintiff for one
year's employment as alleged above.  This was referred to as the
"severance payment".  In consideration of this promise,
Plaintiff moved to California from Missouri.

22.  On or about September 17, 2007 Defendants breached the
contract by failing to pay Plaintiff her "severance payment" as
required by the contract.

23.  Plaintiff performed all obligations on her part under
the contract.

24.  As a proximate result of defendants conduct plaintiff
has lost $66,000.00 (the severance payment) plus interest from
the date of breach as allowed by law.

### FIFTH CAUSE OF ACTION

### (Violation of Labor Code sec. 970)

25.  Plaintiff realleges and incorporates by reference
paragraphs 1 through 24, above, as though set forth herein.

26.  At all times herein relevant the provisions of California <u>Labor Code</u> Section 970 et. seq. were in full force and effect.

27.  On or before March 16th, 2007 Defendants made certain representations to Plaintiff for the express purpose of inducing plaintiff to leave Missouri and move to California and accept employment with Maric College. Specifically, Defendants promised to compensate Plaintiff for her services as Director of Nursing for a guaranteed minimum period of one year (referred to in Exhibit "1" as the "severance payment".

28.  Plaintiff is informed and believes and thereupon alleges that at the time the above referenced promises were made Defendants had no intention of honoring the promises or paying the promised compensation and therefore Defendants knew the promised compensation was an intentional misrepresentation intended to induce Plaintiff to accept the offer of employment.

29.  Without knowledge of the falsity of the promises and true intent of the Defendants, Plaintiff reasonably believed the promises and accepted the employment and immediately moved to California from Missouri.

30.  Were it not for the false promises of Defendants Plaintiff would not have moved to California.

31.  On or about September 17, 2007 Defendants terminated Plaintiff and refused to pay the promised "severance payment". This conduct was intentional and a proximate cause of damage to Plaintiff in the actual amount of $66,000.00 plus relocating

1    expenses, interest, housing expenses and other damages according

2    to proof.

3        32.   Pursuant to California Labor Code section 972

4    Plaintiff may bring an action against Defendants for the above

5    conduct and is entitled to statutory double damages according to

6    proof.

7                        **SIXTH CAUSE OF ACTION**

8                              **(Fraud)**

9                        **(Against all Defendants)**

10       33.   Plaintiff realleges and incorporates by reference

11   paragraphs 1 through 32 above, as though set forth herein.

12       34.   On or before March 16th, 2007 Defendants promised

13   Plaintiff that if Plaintiff would move to California and accept

14   employment with Defendants they would guarantee to pay to

15   Plaintiff one year's compensation for services as Director of

16   Nursing unless she voluntarily resigned in less than a year.

17       35.   When these promises were made, each of the Defendants

18   knew that the promises were false and that they had no intention

19   of fulfilling their promise of one year guaranteed compensation.

20       36.   Each of the Defendants made these false promises with

21   the intent to induce Plaintiff to accept the employment and move

22   to California.

23       37.   These promises were part of the agreed compensation

24   package negotiated between the parties and if Plaintiff had

25   known the true intentions of Defendants, Plaintiff would not

26   have accepted the employment and moved to California.

27       38.   As a proximate result of Defendants' conduct,

28   Plaintiff has been damaged economically and emotionally.

39.   As a proximate result of the actions of Defendants, Plaintiff has suffered severe emotional distress, lost wages and other compensation and had to incur attorney's fees in an amount according to proof.

40.   Defendants' actions were malicious and oppressive and in conscious disregard for Plaintiffs' rights, committed by officers of the corporation with the full knowledge, consent and/or ratification of the other defendants.

**PRAYER**

WHEREFORE Plaintiff prays as follows:

1.   For compensation damages according to proof including lost earnings, employment benefits, future loss of earnings;

2.   For compensation for emotional distress, humiliation and mental anguish;

3.   For interest at the legal rate from on or about September 17, 2007;

4.   For reasonable attorneys fees;

5.   For punitive damages;

6.   For costs of suit;

7.   For statutory double damages pursuant to Labor Code section 972;

8.   For such and further relief as the court deems necessary and appropriate herein.

THE GREENFIELD LAW FIRM, APC

Dated: January 30, 2008

_____
Andrew P. Greenfield
Attorney for Plaintiff
JOANNE WORKMAN-JOHNSON

**EXHIBIT 1**

Sep. 27. 2007  1:07PM                                                   No. 8470    P. 2

# KAPLAN ) HIGHER EDUCATION

March 16, 2007

JoAnn M. Workman-Johnson
505 4th Street
Lyle, Minnesota 55953

Dear JoAnn,

I am pleased to offer you a position as Director of Nursing, at Maric College, San Diego, California, for Kaplan Higher Education Corporation ("KHEC"). You will report directly to me. This offer is contingent upon approval by the California Board of Registered Nursing for RN Licensure and Director of Nursing status. Your anticipated start date is on or before April 1, 2007. The purpose of this letter is to confirm to you the terms of our offer.

As Director of Nursing you will be responsible for managing and overseeing the Director of Nursing Department. You will also have such additional or differing duties and responsibilities commensurate for your position as KHEC management may from time to time assign to you. Your compensation package is as follows:

Your annualized base salary will be $120,000.00, less customary deductions, payable on a bi-weekly basis in accordance with KHEC's payroll practices.

In addition, you will receive $10,000.00 less customary deductions, for relocation assistance. This relocation payment will be paid to you following the receipt of all required documentation to place you on the KHEC payroll and prior to your start date. You will be required to reimburse the company for relocation assistance if you fail to start employment or voluntarily leave the Company for any reason within 6 months from your date of hire. Reimbursement to the Company will be pro-rated according to the number of months you have worked at KHEC. Your acceptance of this document authorizes KHEC to withhold any reimbursable relocation allowance as described in this paragraph from any and all wages or other payments owed to you at the time of your termination.

If you start work by April 1, 2007 and your position is materially changed or eliminated prior to March 30, 2008, you will receive a separation payment equal to the remaining period of time between such position change/elimination and March 30, 2008.

Restriction on Post-Employment Activities. You recognize that due to the nature of your employment as Director of Nursing for KHEC, you will have access to and develop confidential business information, proprietary information and Trade Secrets (as that term is defined below) relating to the business and operations of KHEC, its subsidiaries and affiliates, including Kaplan University (collectively "KHEC"), throughout the entirety of each of the states in which KHEC has operations for which you will be responsible. By signing below, you hereby acknowledge that such information is valuable to the business of KHEC, and that disclosure to, or use for the benefit of, any person or entity other than KHEC would cause substantial and irreparable damage to KHEC. You further acknowledge that as a result of your duties as Director of Nursing for KHEC, you will develop close relationships and significant goodwill with KHEC clients and/or customers, potential clients and/or customers, employees and management throughout the entirety of each of the states where KHEC does business, and that such relationships and goodwill are developed at a significant cost to KHEC and render your services special, unique and extraordinary. Finally, you acknowledge that KHEC has legitimate business interests in protecting such confidential information, Trade Secrets, relationships, and goodwill.

Kaplan Higher Education Corporation

Sep. 27. 2007  1:07PM

No. 8470   P. 3



**KAPLAN** ) HIGHER EDUCATION

Accordingly, during the term of your employment and for the period of *twelve (12) months* following the termination of your employment, regardless of the reason you terminate from employment (the "Restricted Period"), you agree that you will not engage in any of the following activities, either directly or indirectly (individually, or through or on behalf of another entity as owner, partner, agent, employee, consultant, or in any other capacity)

(i)      You will not solicit, encourage, or engage in any activity, directly or indirectly, intended to induce any employee of KHEC to terminate their employment with KHEC or to become employed by, or to enter into a business relationship with any Competitive Business. For the purposes of this letter, a "Competitive Business is any entity which is engaged in a business competitive with KHEC within any of the states in which KHEC currently is engaged in business activities that you will direct, supervise, or manage. For purposes of this letter, the term "employee" includes any individual who is an employee of or a consultant to KHEC during the 12-month period prior to your date of termination.

(ii)     You will not, directly or indirectly, knowingly influence or attempt to influence any customers of KHEC with whom you had material contact during the 2-year period preceding the date of your termination of employment with KHEC to divert their business to any Competitive Business or in any way interfere with the relationship between any such customer and KHEC (including, without limitation, making any negative statements or communications about KHEC). For the purposes of this provision, "material contact" shall mean interaction which takes place in an effort to initiate a business relationship or to continue and/or expand the relationships and/or services between KHEC and its current and former customers. The prohibition contained in this provision shall apply only to actual or attempted solicitation for the purpose of marketing or selling products or services which compete, directly or indirectly, with those products or services offered by KHEC at the termination of your employment.

(iii)    You will not make any disclosure of any confidential business information of KHEC. You shall take all necessary and appropriate steps to safeguard confidential business information and protect it against disclosure, misappropriation, misuse, loss and theft. Confidential business information shall not include information in the public domain (but only if the same becomes part of the public domain through a means other than a disclosure prohibited hereunder).

In the event the above-referenced information constitutes a Trade Secret, you agree that such restrictions in the preceding paragraph shall remain in effect with respect to such information for so long beyond the restricted period set forth herein as such confidential information constitutes a Trade Secret. For purposes of this letter, the term "Trade Secret" shall mean information without regard to form, including, but not limited to, technical or non-technical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, product plans, proposals or responses to requests for proposals, or a list of actual or potential customers or suppliers which is not commonly known by or available to the public and which information:
(a)      Derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
(b)      Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
(c)      In the event that you breach any of these provisions, you agree that the Restricted Period during which you are prohibited from competing with KHEC, disclosing its confidential information, and soliciting customers and personnel from KHEC will be tolled during the period of such breach and will not begin accruing again until after the breach has ceased, whether voluntarily or by order of a court or arbitrator.

Your employment will be subject, among other things, to all of our company policies and practices including those outlined in the Employee Handbook, EEO and Non-Harassment Policy and Code of Business Conduct as amended from time to time.

Sep. 27. 2007  1:07PM                                   No. 8470   P.  4



This letter does not constitute an employment contract. Neither you nor KHEC is bound to continue the employment relationship if either chooses, at will, to end the relationship at any time with or without notice or cause.

JoAnn, again, I am extremely confident that you will provide the leadership and expertise to further build our business. Please call me if there are any questions with the points detailed above. Please indicate your agreement and acceptance with the above by signing and returning the original letter to me.

Very truly yours,


✓ Michael Seifert
  President
  Maric College – San Diego
  Kaplan Higher Education Corporation


AGREED AND ACCEPTED

JoAnn M. Workman-Johnson                    3-16-07
JoAnn M. Workman-Johnson                    Date

**EXHIBIT C**

1 | MERRILL F. STORMS, JR. (Bar No. CA-78333)
  | TONYA M. CROSS (Bar No. CA-236867)
2 | **DLA PIPER US LLP**
  | 401 B Street, Suite 1700
3 | San Diego, CA 92101
  | Tel:   619.699.3526
4 | Fax:   619.699.2701
5 | Attorneys for Defendant
  | KAPLAN HIGHER EDUCATION
6 | CORPORATION
7
8 | SUPERIOR COURT OF CALIFORNIA
9 | COUNTY OF SAN DIEGO
10

| | |
|---|---|
| 11  JOANN WORKMAN-JOHNSON, | CASE NO.  37-2007-000083591-CU-WT-CTL |
| 12          Plaintiff, | **NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** |
| 13      v. | |
| 14  KAPLAN HIGHER EDUCATION CORPORATION; and DOES 1 to 10, | COMPLAINT FILED:  December 13, 2007 |
| 15          Defendants. | |
| 16 | |

17 | TO PLAINTIFF JOANN WORKMAN-JOHNSON AND HER ATTORNEY OF RECORD,

18 | ANDREW P. GREENFIELD:

19 |     PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

20 | States District Court for the Southern District of California on February 21, 2008.  Attached is a

21 | copy of the Notice of Removal, the filing of which effects the removal of the above-entitled

22 | action from this Court.

23 | Dated: February 21, 2008                    DLA PIPER US LLP

24

25 | By *Tonya M. Cross*
   |    MERRILL F. STORMS, JR.
26 |    TONYA M. CROSS
   |    Attorneys for Defendant
27 |    KAPLAN HIGHER EDUCATION
   |    CORPORATION
28

SD\1783395.1

1  MERRILL F. STORMS, JR. (Bar No. CA-78333)
   TONYA M. CROSS (Bar No. CA-236867)
2  **DLA PIPER US LLP**
   401 B Street, Suite 1700
3  San Diego, CA  92101
   Tel:   619.699.3526
4  Fax:   619.699.2701

5  Attorneys for Defendant
   KAPLAN HIGHER EDUCATION
6  CORPORATION

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN DIEGO

10

11 JOANN WORKMAN-JOHNSON,              CASE NO.  37-2007-000083591-CU-WT-CTL

12         Plaintiff,                  **NOTICE TO SUPERIOR COURT CLERK
                                       OF REMOVAL OF CIVIL ACTION TO**
13     v.                              **THE UNITED STATES DISTRICT COURT**

14 KAPLAN HIGHER EDUCATION             COMPLAINT FILED:  December 13, 2007
   CORPORATION; and DOES 1 to 10,
15
         Defendants.
16

17 TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF SAN DIEGO:

18         Attached hereto is a true and correct copy of the Notice of Removal of the above-entitled

19 action, the original of which was filed with the United States District Court for the Southern

20 District of California, on February 21, 2008.

21         The filing of said Notice of Removal effects the removal of the above-entitled action from

22 this Court.

23 Dated:  February 21, 2008             DLA PIPER US LLP

24                                       By *Tonya M. Cross*

25                                       MERRILL F. STORMS, JR.
                                         TONYA M. CROSS
26                                       Attorneys for Defendant
                                         KAPLAN HIGHER EDUCATION
27                                       CORPORATION

28

DLA PIPER US LLP   SD\1783392.1
  SAN DIEGO
                    NOTICE TO SUPERIOR COURT CLERK OF REMOVAL OF CIVIL ACTION

1

## PROOF OF SERVICE

2
I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper, 401 B Street, Suite 1700, San Diego, California 92101-4297. On February 21, 2008, I served the within documents:

3

4

### NOTICE OF REMOVAL OF CIVIL ACTION

5
☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on _____, at _____ p.m., from (619) 699-2701.

6
The transmission was completed before 5:00 p.m., and was reported as complete and without error per the attached facsimile transmission report which was properly issued by the transmitting facsimile machine.

7

8
☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

9

10
☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

11

12
☐ (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the address(es) set forth below designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of DLA Piper US LLP's practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery the same day as the correspondence is placed for collection.

13

14

15

16
Andrew P. Greenfield
The Greenfield Law Firm, AP
3170 Fourth Avenue, 4th Floor
San Diego, CA 92103
Tel:    619-574-0600
Fax:    619-574-7705

Michael F. Cressey
Law Office of Michael F. Cressey
2910 E. 57th Avenue, Suite 5
Spokane, WA 99223
Tel:    509-443-1903
Fax:    509-279-2185

17

18

19

20
I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

21

22

23
I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

24
Executed on February 21, 2008, at San Diego, California.

25

26
_Ginger McNees_

Ginger McNees

27

SD\1781341.1    28

DLA PIPER US LLP

PROOF OF SERVICE

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOANN WORKMAN-JOHNSON

**DEFENDANTS**
KAPLAN HIGHER EDUCATION CORPORATION and DOES 1 through 10

FILED

08 FEB 21 PH 3: 55

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

(b) County of Residence of First Listed Plaintiff   SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Andrew P. Greenfield, 3170 Fourth Avenue, 4th Floor, San Diego, CA 92103, 619-574-0600

Attorneys (If Known)  '08 CV 0339  DEP BY  H  RBB
Merrill F. Storms, Jr.; Tonya M. Cross, DLA Piper US LLP, 401 B Street, Suite 1700, San Diego, CA 92101, 619-699-3548

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

(In PERSONAL INJURY column: ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability. **PERSONAL PROPERTY**: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability.)

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1441(b)
Brief description of cause:
Wrongful termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE                    DOCKET NUMBER

DATE  2-21-08

SIGNATURE OF ATTORNEY OF RECORD   Tonya M. Cross

**FOR OFFICE USE ONLY**
RECEIPT #  14738    AMOUNT  $350    APPLYING IFP       JUDGE       MAG. JUDGE

Sa 2/21/08

CR

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 147938 — SH
* * C O P Y * *
February 21, 2008
15:58:27**

**Civ Fil Non—Pris**
USAO #.: 08CV0339
Judge..: MARILYN L HUFF
Amount.:                  $350.00 CK
Check#.: BC749954


**Total—> $350.00**


FROM: WORKMAN-JOHNSON V. KAPLAN CORP