MERRILL F. STORMS, JR. (Bar No. CA-78333)
TONYA M. CROSS (Bar No. CA-236867)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA  92101
Tel:   619.699.3526
Fax:  619.699.2701

Attorneys for Defendant
KAPLAN HIGHER EDUCATION
CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN WORKMAN-JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>KAPLAN HIGHER EDUCATION CORPORATION; and DOES 1 to 10,<br><br>Defendant. | CV NO.  08 cv 339-JLS(RBB)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO RULE 9(b) AND 12(b)(6)**<br><br>DATE:    May 9, 2008<br>TIME:    10:30 a.m.<br>DEPT:    6<br>JUDGE:  Janis L. Sammartino |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................1

II. STANDARD ON MOTION TO DISMISS......................................................................1

III. PLAINTIFF'S FOUNDATIONAL ALLEGATIONS SHOULD NOT BE TAKEN AS TRUE.............................................................................................................2

    A. Foundational Allegations of Plaintiff's First Amended Complaint Must Be Disregarded Because They Contradict the Attached Exhibit ...............................2

    B. The Vast Majority of the FAC Should Not Be Treated As True ..........................4

IV. EACH AND EVERY ONE OF PLAINTIFF'S CLAIMS FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ..............................................5

    A. Plaintiff's First Claim for Wrongful Discharge in Violation of Public Policy is Fatally Flawed..........................................................................................5

        1. No Public Policy is Violated By Refusing to Pay Severance That is Not Due and Owing ...................................................................................6

        2. No Public Policy is Involved in a Breach of Contract ...............................6

    B. Plaintiff's Second Claim for Breach of Express Promise Not to Terminate Except for Cause Fails as a Matter of Law ............................................................7

    C. Plaintiff's Third Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Is Superfluous ..............................................................................8

        1. The Implied Covenant Claim is Superfluous and Must be Dismissed.....................................................................................................8

        2. The Implied Covenant Does Not Transform Plaintiff's At-Will Employment into an Employment Relationship That Can only be Terminated for Cause....................................................................................9

    D. Plaintiff's Fourth Claim for Breach of Contract ....................................................9

        1. The "Factual" Allegations Underpinning Plaintiff's Breach of Contract Claim Are Flawed ........................................................................9

        2. Plaintiff's FAC is Devoid of Any Factual Allegations that May be Used to Show Plaintiff is Entitled to Severance Under the Offer Letter..........................................................................................................10

    E. Plaintiff's Fifth and Sixth Claims Sounding in Fraud Fail to Meet the Particularized Pleading Standards Required by Federal Rules of Civil Procedure Rule 9(b) ..............................................................................................10

V. AMENDMENT OF THE COMPLAINT WOULD BE FUTILE ....................................12

VI. CONCLUSION...............................................................................................................12

DLA PIPER US LLP
SAN DIEGO

# TABLE OF AUTHORITIES

**Page**

## CASES

*Acoustics, Inc. v. Trepte Constr. Co.*,
  14 Cal. App. 3d 887 (1971) ..................................................................................9

*Balistreri v. Pacifica Police Dept.*,
  901 F.2d 696 (9th Cir. 1990) ................................................................................1

*Bell Atlantic Corporation v. Twombly*,
  127 S. Ct. 1955 (2007) ..........................................................................................5

*Bradley v. Google, Inc.*,
  2006 WL 3798134 (N.D. Cal. 2006) ....................................................................9

*Doe v. U.S.*,
  58 F.3d 494 (9th Cir. 1995) ................................................................................12

*Estes v. Allied Signal, Inc.*,
  1998 WL 814638 (N.D. Cal. 1998) ....................................................................11

*Foshee v. Daoust Const. Co.*,
  185 F.2d 23 (7th Cir. 1951) ..........................................................................2, 3, 6

*Funk v. Sperry*,
  842 F.2d 1129 (9th Cir. 1988) ............................................................................11

*Green v. Ralee Eng'g Co.*,
  19 Cal. 4th 66 (1998) ...........................................................................................5

*Guz v. Bechtel Nat'l, Inc.*,
  24 Cal. 4th 317, 349-52 (2000) ........................................................................8, 9

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
  896 F.2d 1542 (9th Cir. 1989) ..............................................................................2

*Holden v. Hagopian*,
  978 F.2d 1115 (9th Cir. 1992) ..............................................................................1

*Luck v. So. Pac. Trans. Co.*,
  218 Cal. App. 3d 1 (1990) ....................................................................................7

*McGlinchy v. Shell Chemical Co.*,
  845 F.2d 802 (9th Cir. 1988) ................................................................................1

*Moore v. Kayport Package Exp., Inc.*,
  885 F.2d 531 (9th Cir. 1989) ..............................................................................11

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*,
  515 F.2d 1200 (5th Cir. 1975) ......................................................................2, 3, 6

DLA PIPER US LLP
SAN DIEGO

# TABLE OF AUTHORITIES
(continued)

Page

*Orlando v. Carolina Cas. Ins. Co.*,
   2007 WL 781598 (E.D. Cal. 2007)...........................................................................10

*Ott v. Home Sav. & Loan Ass'n*,
   265 F.2d 643 (9th Cir. 1958) ..........................................................2, 3, 6, 7, 10, 11

*Randell v. Levi Strauss & Co.*,
   2006 WL 1310464 (N.D. Cal. 2006) ........................................................................12

*Reddy v. Litton Indus., Inc.*,
   912 F.2d 291 (9th Cir. 1990) ....................................................................................12

*Roth v. Garcia Marquez*,
   942 F.2d 617 (9th Cir. 1991) .............................................................................2, 10

*Schreiber Distrib. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ..................................................................................10

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
   983 F. Supp. 1303 (N.D. Cal. 1997)..........................................................................10

*Sinclair v. Servicemaster Co.*,
   2007 WL 2254448 (E.D.Cal. 2007)........................................................................6, 7

*Slivinsky v. Watkins-Johnson Co.*,
   221 Cal. App. 3d 799 (1990) ....................................................................................12

*Starzynski v. Capital Pub. Radio, Inc.*,
   88 Cal. App. 4th 33 (2001) .........................................................................................8

*Turner v. Anheuser-Busch, Inc.*,
   7 Cal. 4th 1238 (1994).................................................................................................7

## STATUTES

Labor Code

   Section 970 ....................................................................................................1, 4, 11

## RULES

Federal Rule of Civil Procedure

   Rule 9(b) ..............................................................................................................10, 11

   Rule 10(c) ....................................................................................................................2

   Rule 12(b)(6)......................................................................................................1, 2, 5

DLA PIPER US LLP
SAN DIEGO

## I.

## INTRODUCTION

In pleading her First Amended Complaint ("FAC"), Plaintiff plays fast and loose with the facts. Fortunately, the liberties that Plaintiff takes with her "factual" allegations are revealed by the exhibit that Plaintiff attached to the FAC. Exhibit 1 is an offer letter dated March 16, 2007 ("Offer Letter") that governed the terms of Plaintiff's employment with Defendant Kaplan Higher Education Corporation (KHEC). Plaintiff signed the Offer Letter on March 16, 2007 and admits in her FAC that the Offer Letter sets forth the material terms of her agreement with KHEC. (FAC, 2:12-14.)

Plaintiff's entire FAC and her claims therein are built on her bare "factual" allegations that KHEC guaranteed her employment for a minimum of one year, and that she was entitled to severance pay if her employment was terminated for any reason other than voluntary resignation within the first year of her employment. Based on these allegations, Plaintiff asserts six causes of action: (1) Wrongful Discharge in Violation of Public Policy; (2) Breach of Express Promise Not to Terminate Except for Cause; (3) Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Breach of Contract; (5) Violation of Labor Code section 970 and (6) Fraud. Each and every one of Plaintiff's claims fails because each is based on faulty "factual" allegations that are negated by the express terms of the Offer Letter attached to the FAC.

## II.

## STANDARD ON MOTION TO DISMISS

Pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6), a defendant may move to dismiss a claim based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Although a court is obliged to accept factual allegations as true, it does not accept the truth of conclusory allegations. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) ("[W]e do not 'have to accept every allegation in the complaint as true in considering its sufficiency; rather . . . [we] will examine whether conclusory allegations follow

- 1 -

from the description of facts as alleged by the plaintiff.'") (citations omitted); *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim").

When judging the allegations of a complaint, the district court may consider material submitted with the complaint - such as exhibits - as part of the complaint for purposes of a Rule 12(b)(6) motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555, n. 19 (9th Cir. 1989); FRCP 10(c). Further, "[w]hen the allegations of the complaint are refuted by an attached document, the court need not accept the allegations as being true." *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991); *Ott v. Home Sav. & Loan Ass'n*, 265 F.2d 643, 646 n.1 (9th Cir. 1958). Indeed, the district court may disregard naked allegations in the complaint that are contradicted by documents attached to the complaint. *Ott*, 265 F.2d at 646 n.1 (noting that exhibits prevail over allegations in complaint where exhibits and allegations are inconsistent); *Foshee v. Daoust Const. Co.*, 185 F.2d 23, 26 (7th Cir. 1951); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Where, as here, the pleading and its exhibit show that Plaintiff's foundational allegations cannot be taken as true, those facts cannot be used to support a claim for relief, and a motion to dismiss should be granted.

### III.

### PLAINTIFF'S FOUNDATIONAL ALLEGATIONS SHOULD NOT BE TAKEN AS TRUE

A. **Foundational Allegations of Plaintiff's First Amended Complaint Must Be Disregarded Because They Contradict the Attached Exhibit**

Plaintiff's First Amended Complaint ("FAC") contains various renditions of the allegation that she was guaranteed one year of employment and was entitled to severance pay if her employment was "terminated for any reason except voluntary resignation within one year of April 1st, 2007." (FAC, 2:15-23; 3:18-20; 4:25-28; 6:12-14; 7:8-11; 8:12-16.) Each and every one of Plaintiff's claims is built on and relies upon these foundational allegations. In support of her allegations, Plaintiff attached to her FAC, as Exhibit 1, a copy of her Offer Letter dated

- 2 -

1  March 16, 2007. However, not only does the Offer Letter <u>not</u> support Plaintiff's allegations, its
2  express language directly contradicts Plaintiff's allegations.
3      Nowhere does the Offer Letter guarantee Plaintiff one year of employment. Instead, the
4  Offer Letter expressly provides for at-will employment stating:

> Neither you nor KHEC is bound to continue the employment relationship if either chooses, at will, to end the relationship at any time with or without notice or cause.

7  (FAC, Exh. 1, p. 3.)
8      Nowhere does the Offer Letter guarantee Plaintiff severance pay if her employment is
9  terminated *for any reason except voluntary resignation*. Instead the Offer Letter expressly
10  provides:

> If you start work by April 1, 2007 and *your position is materially changed or eliminated* prior to March 30, 2008, you will receive a separation payment equal to the remaining period of time between such *position change/elimination* and March 30, 2008.

(FAC, Exh. 1, p. 1.) (emphasis added)

    Nowhere in her FAC does Plaintiff allege that her position with KHEC was *materially changed*. Nowhere in her FAC does Plaintiff allege that her position with KHEC was *eliminated*. Plaintiff has not, and cannot, allege these conspicuously missing facts because they simply did not happen.

    Where, as here, the naked allegations of the complaint are directly contradicted by reference to an exhibit attached to the complaint, it is proper to dismiss the action. *See Foshee v. Daoust Const. Co.*, 185 F.2d 23, 26 (7th Cir. 1951); *Ott*, 265 F.2d at 646 n.1; *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206-1208. The Offer Letter attached to the FAC conclusively establishes that Plaintiff's foundational allegations that she was guaranteed one year of employment and severance if she is terminated for any reason other than voluntary resignation are simply not true. The removal of Plaintiff's foundational allegations causes each and every one of Plaintiff's claims to collapse like a house of cards.

/////
/////

B. **The Vast Majority of the FAC Should Not Be Treated As True.**

Because Plaintiff's naked allegations in her FAC contradict the express language of the Offer Letter attached as an exhibit to her FAC, Plaintiff's bare allegations should be disregarded. This is especially true given that Plaintiff, herself, admits that the material terms of her employment are set forth in the Offer Letter. (FAC, 2:13-14.) Specifically, the following foundational allegations cannot be accepted as true and must be disregarded:

- "All contingencies and conditions required to be met by Plaintiff were met and satisfied." (FAC, 2:14-16.)

- "Included in the express terms of the offer of employment, and intended to induce Plaintiff to leave her employment in Missouri and move to California was a promise by Defendants to pay to Plaintiff a 'separation payment' equal to the difference between her pay to date of separation and $120,000 if her employment was terminated for any reason except voluntary resignation within one year of April 1st, 2007, her start date." (FAC, 2:16-23.)

- "Defendants promised in writing to guarantee Plaintiff one year's compensation for services as Director of Nursing." (FAC, 3:18-20.)

- "This was intended to be and was part of Plaintiff's compensation package and became vested and earned upon Plaintiff's move to California and commencement of employment." (FAC, 3:20-23.)

- There was a "'severance payment' promised and earned by Plaintiff (by accepting the position and moving to California under the contract)." (FAC, 3:28-4:2.)

- "Throughout Plaintiff's employment and implied in the terms of her employment offer (Exhibit '1') was a promise that Plaintiff's employment would not be terminated in less than a year without good cause." (FAC, 4:25-28.)

- "[A]s a result of Defendants' promise of one year of employment or salary and pursuant to the duties imposed upon Defendants pursuant to Labor Code section 970 there came into existence a fiduciary duty from the Defendants to plaintiff not to terminate Plaintiff without cause and not to do anything so as to deprive Plaintiff of her vested interest in one full year's employment compensation, including, but not limited to terminating her without cause." (FAC, 5:5-12.)

- "One of the terms of the contract required Defendants to compensate Plaintiff for one year's employment as alleged above." (FAC, 6:12-14.)

- "Defendant promised to compensate Plaintiff for her services as Director of Nursing for a guaranteed minimum period of one year (referred to in Exhibit '1' as to 'severance payment'." (FAC, 7:8-11.)

- 4 -

- "Defendants promised Plaintiff that if Plaintiff would move to California and accept employment with Defendants they would guarantee to pay to Plaintiff one year's compensation for services as Director of Nursing unless she voluntarily resigned in less than a year." (FAC, 8:12-16.)

## IV.

## EACH AND EVERY ONE OF PLAINTIFF'S CLAIMS FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's FAC fails to state claims upon which relief may be granted. Last year, the United States Supreme Court issued its seminal opinion, *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007), wherein the Court rejected the long-standing liberal pleading rule. Instead, the Court explained "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations], a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." *Bell Atlantic Corp.*, 127 S.Ct. at 1964-65 (citations omitted).

As discussed in detail above, the allegations that form the very foundation of Plaintiff's complaint cannot be taken as true because they are contradicted by the attached Offer Letter. Without these allegations, each and every one of Plaintiff's claims fails to state a claim upon which relief may be granted.

### A. Plaintiff's First Claim for Wrongful Discharge in Violation of Public Policy is Fatally Flawed.

A claim for wrongful discharge in violation of public policy is "limited to those claims finding support in an important public policy based on a statutory or constitutional provision." *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 79 (1998). In an effort to support her claim for wrongful discharge in violation of public policy, Plaintiff alleges she was terminated so KHEC could "avoid paying to Plaintiff the 'severance payment' promised and earned by Plaintiff (by accepting the position and moving to California under the contract). (FAC, 3:28-4:2.) Plaintiff's wrongful discharge claim fails for a myriad of reasons: First, the allegations upon which Plaintiff

bases the claim must be disregarded because they are contradicted by the Offer Letter. Second, of the remaining facts that do not contradict the Offer Letter, none of them allege that Plaintiff earned and was entitled to severance pay. Third, Plaintiff's FAC is completely devoid of any factual allegations that her position with KHEC materially changed or was eliminated, which is a prerequisite to receive severance pay. Fourth, no public policy exists that bars an employer from refusing to pay employees for compensation not yet earned and owed.

### 1. No Public Policy is Violated By Refusing to Pay Severance That is Not Due and Owing.

Again, Plaintiff's allegations are directly contradicted by the Offer Letter. Contrary to Plaintiff's "factual" allegations, nowhere in the Offer Letter does it state the severance is earned "by accepting the position and moving to California." Rather, the Offer Letter expressly provides for severance only upon the happening of two conditions: (1) Plaintiff starts work by April 1, 2007; and (2) Plaintiff's position is *materially changed or eliminated* prior to March 30, 2008. (Exh. 1 to FAC.) The express language of the Offer Letter prevails over Plaintiff's contrary and unsupported allegations in her FAC. Accordingly, where, as here, the express language of the exhibit contradicts the FAC's contradictory and conclusory allegations, the language of the exhibit controls. *Ott*, 265 F.2d at 646 n.1; *Foshee*, 185 F.2d at 26; *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206. Nowhere in Plaintiff's FAC does she allege her position with KHEC was materially changed or eliminated. Accordingly, on the face of the FAC, Plaintiff has not earned the severance payment. Because Plaintiff has not *earned* the severance payment and is not entitled to it, she cannot base a wrongful discharge in violation of public policy claim on KHEC's denial of such unearned severance benefits. *Sinclair v. Servicemaster Co.*, No. CIV. 07-0611 FCD/DAD, 2007 WL 2254448 *4 (E.D.Cal. 2007)(granting motion to dismiss wrongful discharge in violation of public policy claim finding that "California public policy does not prohibit termination of employees in order to avoid paying *future* wages not yet earned").

### 2. No Public Policy is Involved in a Breach of Contract.

In essence, Plaintiff's wrongful discharge claim is based on an alleged breach of the Offer Letter. However, when a wrongful discharge in violation of public policy claim is based on the

alleged breach of an agreement between an employer and employee, courts have expressly held that no public interest is implicated and, therefore, there is no "public policy" violation. *Luck v. So. Pac. Trans. Co.*, 218 Cal. App. 3d 1, 28 (1990); *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1257 (1994)("The tort of wrongful discharge is not a vehicle for enforcement of an employer's internal policies or the provisions of its agreements with others").

Plaintiff attempts to convert her private interest into an issue of public interest by indiscriminately listing a string of California Labor Code provisions she claims were violated when KHEC terminated her employment and breached the Offer Letter by not paying her severance. This is a futile effort. None of the listed Labor Code provisions prohibit an employer from terminating an employee and refusing to pay the employee for compensation <u>that is not due or earned</u>. *Sinclair v. Servicemaster Co.*, No. CIV. 07-0611 FCD/DAD, 2007 WL 2254448 *4. Here, as discussed above, Plaintiff fails to allege any facts to support a claim that she earned or vested in the severance pay under the terms of the Offer Letter (i.e., that her position was materially changed or eliminated). Accordingly, on the face of the FAC, Plaintiff was not due or owed any severance pay at the time of her termination. The absence of the requisite facts to trigger payment of the severance is fatal to Plaintiff's wrongful discharge claim, and the claim must be dismissed.

**B.    Plaintiff's Second Claim for Breach of Express Promise Not to Terminate Except for Cause Fails as a Matter of Law.**

Plaintiff attempts to disguise her fatally flawed implied contract claim as a "breach of express promise" claim. Plaintiff alleges that "implied in the terms of her employment offer (Exhibit '1') was a promise that Plaintiff's employment would not be terminated in less than a year without good cause." (FAC, 4:25-28.) Once again, the attached Offer Letter directly contradicts and undermines Plaintiff's foundational allegation. The Offer Letter, which Plaintiff signed, expressly states that Plaintiff's employment with KHEC is "at-will" and may be terminated "at any time with or without notice or cause." (FAC, Exh. 1, p. 3.) Given the contradiction between Plaintiff's allegation and the Offer Letter, the Offer Letter controls. *Ott*, 265 F.2d at 646 n.1.

- 7 -

Moreover, where there is an express, written at-will employment agreement signed by the employee, there cannot be an implied contract to terminate only for cause. *Starzynski v. Capital Pub. Radio, Inc.*, 88 Cal. App. 4th 33, 37-38 (2001). The express, written at-will agreement controls as there cannot be a valid express contract and an implied contract, each governing the same subject but requiring different results. *Id.* at 38. In short, the existence of the written Offer Letter providing for at-will employment precludes any implied agreement not to terminate except for cause. *Id.* Accordingly, on the face of Plaintiff's FAC, her second claim fails to state a claim and must be dismissed without leave to amend.

### C. Plaintiff's Third Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Is Superfluous.

In addition to her contract claims, Plaintiff is pursuing a separate claim for breach of the implied covenant of good faith and fair dealing. In support of her claim, Plaintiff asserts that the implied covenant was breached when KHEC terminated her "in violation of the terms of the contract as modified and terminating Plaintiff for the purpose of avoiding paying Plaintiff part of her earned compensation in violation of state law." (FAC, 5:27-6:2.) Plaintiff's implied covenant claim is duplicative of her breach of contract claim. Moreover, the implied covenant does not operate to prohibit KHEC from taking action it is permitted to take under the Offer Letter.

#### 1. The Implied Covenant Claim is Superfluous and Must be Dismissed.

To the extent Plaintiff's implied covenant claim is based on KHEC's breach of the Offer Letter, the claim is superfluous and fails along with Plaintiff's breach of contract claim. On the face of Plaintiff's FAC she has not set forth credible facts sufficient to state a claim for breach of contract. An employer's termination decision that does not breach a contractual provision, similarly does not breach the implied covenant of good faith and fair dealing. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 350 (2000). Moreover, an implied covenant claim may be disregarded as superfluous when it does nothing more than repeat a breach of contract claim because the implied covenant claim does not create additional liability. *Id.* at 352. Indeed, in such case, the implied covenant claim is actually no claim at all. *Id.*

/////

### 2. The Implied Covenant Does Not Transform Plaintiff's At-Will Employment into an Employment Relationship That Can only be Terminated for Cause.

The at-will Offer Letter afforded each party the freedom to terminate the employment relationship with or without cause. KHEC does not frustrate Plaintiff's contractual rights merely by terminating Plaintiff's employment at-will without cause as it is permitted to do under the Offer Letter. Moreover, Plaintiff cannot complain about the deprivation of severance benefits when her employment contract never afforded her a right to severance benefits in the absence of position elimination or a material change to her position. *Guz*, 24 Cal. 4th at 350.

Plaintiff cannot use a claim for breach of the implied covenant of good faith and fair dealing to modify or override the contractual terms or to prohibit Defendant from doing what it is contractually permitted to do. *Guz*, 24 Cal. 4th 349-52. The implied covenant of good faith and fair dealing cannot modify or override the express contractual terms. *Id.* at 349-50. Here, Plaintiff alleges that she was promised "one year of employment or salary," and that KHEC breached the implied covenant by terminating her without cause. (FAC, 5:5-6, 5:13-14.) In the face of the Offer Letter, Plaintiff cannot plead any facts to support her allegation that she could not be terminated for anything other than cause.

### D. Plaintiff's Fourth Claim for Breach of Contract

To state a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract, (2) the plaintiff's performance or excuse for non-performance, (3) the defendant's breach, and (4) the resulting damages to plaintiff. *Bradley v. Google, Inc.*, 2006 WL 3798134 *4 (N.D. Cal. 2006) (citing *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1971). Plaintiff's breach of contract claim fails because Plaintiff has not alleged any facts upon which this Court may rely to show the prerequisites to payment of severance were satisfied, thereby triggering KHEC's obligation to pay severance.

#### 1. The "Factual" Allegations Underpinning Plaintiff's Breach of Contract Claim Are Flawed.

Plaintiff's entire breach of contract claim is premised on the allegation that one of the terms of her March 16, 2007 contract is that "the contract required Defendants to compensate

- 9 -

Plaintiff for one year's employment as alleged above." (FAC, 2:12-14, 6:12-14.) This foundational allegation cannot be taken as true because it directly contradicts the express terms of the Offer Letter, which Plaintiff admits sets forth the material terms of her agreement KHEC. *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991); *Ott v. Home Sav. & Loan Ass'n*, 265 F.2d 643, 646 n.1 (9th Cir. 1958). Indeed, nowhere does the Offer Letter provide a guaranteed one year's compensation. Instead, the language of the Offer Letter controls over Plaintiff's conclusory allegations based on nothing more than wishful thinking. *Ott*, 265 F.2d at 646 n.1.

2. **Plaintiff's FAC is Devoid of Any Factual Allegations that May be Used to Show Plaintiff is Entitled to Severance Under the Offer Letter.**

Plaintiff alleges that KHEC breached the Offer Letter by "failing to pay Plaintiff her 'severance payment' as required by the contract." (FAC, 6:17-19.) However, Plaintiff does not allege facts to support a cause of action for breach of the Offer Letter. As the Offer Letter definitively establishes, severance is only owed to Plaintiff if her "position is materially changed or eliminated prior to March 30, 2008." Conspicuously absent from Plaintiff's FAC are any facts alleging that her termination was the result of her position being materially changed or eliminated. Without these material allegations triggering KHEC's obligation to pay Plaintiff severance, Plaintiff's breach of contract claim is fatally flawed and must be dismissed. *See Orlando v. Carolina Cas. Ins. Co.*, No. CIV F 07-0092 AWI SMS, 2007 WL 781598 *6 (E.D. Cal. 2007)(granting motion to dismiss breach of contract claim because plaintiff failed to allege the conditions precedent necessary for her to recover under the contract).

E. **Plaintiff's Fifth and Sixth Claims Sounding in Fraud Fail to Meet the Particularized Pleading Standards Required by Federal Rules of Civil Procedure Rule 9(b).**

To survive a motion to dismiss, a fraud-based claim must satisfy the strict pleading requirements of Federal Rules of Civil Procedure Rule 9(b). Pursuant to the heightened pleading requirement, the FAC must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Silicon Knights, Inc. v. Crystal Dynamics,*

- 10 -

*Inc.*, 983 F. Supp. 1303, 1315 (N.D. Cal. 1997). General and conclusory claims of fraud are insufficient to satisfy the strict pleading requirements under Rule 9(b). *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Plaintiff alleges two fraud-based claims, one for common law fraud and another for violation of Labor Code section 970.[1] Here, Plaintiff bases her fraud-based claims on the alleged misrepresentation by KHEC that if she moved to California she would be guaranteed compensation for a minimum of one year unless she voluntarily resigned.[2] (FAC, 7:8-11, 8:12-16.) However, this allegation must be disregarded because the allegation is directly contradicted by the Offer Letter attached as Exhibit 1 to the FAC. *Ott v. Home Sav. & Loan Ass'n*, 265 F.2d 643, 646 n.1 (9th Cir. 1958). The express language of the Offer Letter conclusively demonstrates that Plaintiff's employment terms did not include compensation for a guaranteed minimum of one year unless Plaintiff voluntarily resigned. Rather, as an at-will employee, KHEC was free to terminate Plaintiff for any reason with or without cause. Moreover, Plaintiff would only receive severance pay if her ***position was materially changed or eliminated*** within one year. There is absolutely no representation in the Offer Letter that Plaintiff would receive severance pay in any other instance. The promise in the Offer Letter is drastically different than the promise alleged by Plaintiff that she was guaranteed compensation for one year. The misrepresentation, as alleged by Plaintiff, cannot be taken as true. Accordingly, this strips Plaintiff's fifth and sixth causes of action of an alleged misrepresentation upon which her fraud-based claims rely. The absence of a misrepresentation is fatal to Plaintiff's fraud-based claims and they should be dismissed.

Moreover, in light of the express terms of the Offer Letter setting for the at-will nature of Plaintiff's employment and that she would only be entitled to severance if her position was

---

[1] A claim under section 970 of the California Labor Code sounds in fraud and "the Plaintiff must plead the requisite facts with the heightened specificity required by Federal Rule of Civil Procedure 9(b)." *Estes v. Allied Signal, Inc.*, No. C-97-1810 MHP, C-97-3102 MHP, 1998 WL 814638 at 15 (N.D. Cal. 1998). A section 970 claim "rests on tort of deceit and scienter requirement" and claim under that section must meet the pleading requirements of rule 9(b) of the Federal Rules of Civil Procedure. *Funk v. Sperry*, 842 F.2d 1129, 1133 (9th Cir. 1988).

[2] Plaintiff alleges she was induced to move from Missouri to California based on KHEC's promise to "compensate Plaintiff for her services as Director of Nursing for a guaranteed minimum period of one year (referred to in Exhibit '1' as the 'severance payment'). (FAC, 7:8-11.) Plaintiff also alleged that "Defendants promised Plaintiff that if Plaintiff would move to California and accept employment with Defendants they would guarantee to pay Plaintiff one year's compensation for services as Director of Nursing unless she voluntarily resigned in less than a year." (FAC, 8:12-16.)

materially changed or eliminated before March 30, 2008, it was not reasonable for Plaintiff to have relied on any other contradictory representations on that same subject matter. See *Slivinsky v. Watkins-Johnson Co.*, 221 Cal. App. 3d 799, 807 (1990)(dismissing fraud claim because it was not reasonable for plaintiff to rely on promises regarding job security in light of the at-will employment agreement plaintiff signed); *Randell v. Levi Strauss & Co.*, 2006 WL 1310464 (N.D. Cal. 2006)(same). As such, leave to amend would be futile as Plaintiff can allege no set of facts that would allow her fraud claims to survive a motion to dismiss.

## V.

## AMENDMENT OF THE COMPLAINT WOULD BE FUTILE

If the court finds that the Complaint cannot possibly be cured by alleging other facts, the court may dismiss the complaint without leave to amend. *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995). A district court does not err in denying leave to amend where amendment would be futile. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

Here, there is no set of plausible facts that Plaintiff can allege that would show she could not be terminated except for cause. The Offer Letter conclusively establishes that Plaintiff was an at-will employee who could be terminated at any time with or without cause. Moreover, Plaintiff cannot allege any facts to establish that she is entitled to severance pay under the Offer Letter. The Offer Letter definitely establishes that Plaintiff would only be entitled to severance pay if her position was materially changed or eliminated. Plaintiff's position was neither materially changed nor eliminated, and Plaintiff cannot allege any plausible facts to the contrary. Accordingly, leave to amend should not be granted.

## VI.

## CONCLUSION

Plaintiff built her entire complaint on the foundational allegations that she was guaranteed employment for a minimum of one year and was entitled to severance pay if her employment was terminated for any reason other than her voluntary resignation within the first year. However, Plaintiff essentially pled herself right out of court. The Offer Letter attached to the FAC definitely establishes that Plaintiff's foundational allegations are not true and cannot be taken as

- 12 -

DLA PIPER US LLP
SAN DIEGO
SD\1784025.3
08CV339-JLS(RBB)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

true in ruling on the instant motion to dismiss. Because Plaintiff's foundational allegations cannot be relied upon, the very underpinnings of her complaint disintegrate, which is fatal to each and every one of Plaintiff's causes of action. Moreover, there is no set of facts that Plaintiff can plead that will revive her claims in light of the express terms of the Offer Letter.

Defendant respectfully requests that its motion to dismiss be granted in its entirety and Plaintiff not be allowed leave to amend.

Dated: February 26, 2008

DLA PIPER US LLP

By s/ Tonya M. Cross
MERRILL F. STORMS, JR.
TONYA M. CROSS
Attorneys for Defendant
KAPLAN HIGHER EDUCATION CORPORATION
tonya.cross@dlapiper.com