Andrew P. Greenfield (#147109)
THE GREENFIELD LAW FIRM, APC
3170 Fourth Ave., 4th Floor
San Diego, California 92103
(619) 574-0600

Michael F. Cressey (#115581)
LAW OFFICE OF MICHAEL F. CRESSEY
2910 E. 57th Ave., Suite 5
Spokane, Washington 99223
509-443-1903

Attorneys for Plaintiff
JOANN WORKMAN-JOHNSON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN WORKMAN-JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>KAPLAN HIGHER EDUCATION CORPORATION; and DOES 1 to 10,<br><br>Defendants. | Case No.: 08 CV 0339 JLS (RBB)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT;DECLARATION OF MICHAEL F. CRESSEY;PROOF OF E SERVICE**<br><br>**DATE: May 9th, 2008**<br><br>**TIME: 10:30 a.m.**<br><br>**DEPT: 6**<br><br>**JUDGE: Janis L. Sammartino** |

COMES NOW Plaintiff, JOANN WORKMAN-JOHNSON, and submits the following Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss.

///

///

///

///

///

TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………………………………… 2

TABLE OF AUTHORITIES…………………………………………………………………………. 3

INTRODUCTORY STATEMENT……………………………………………………………….. 4

STANDARD ON MOTION TO DISMISS……………………………………………….. 5

PLAINTIFF'S CLAIM FOR VIOLATION OF PUBLIC POLICY PROPERLY STATES A CLAIM……………………………………………………………………… 7

PLAINTIFF'S CLAIMS FOR VIOLATION OF LABOR CODE 970 AND FRAUD PROPERLY STATE CLAIMS………………………………………………… 9

PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT, BREACH OF THE COVENANT NOT TO TERMINATE WITHOUT GOOD CAUSE AND GOOD FAITH PROPERLY STATE CLAIMS………………………………. 10

LEAVE OF COURT WOULD BE APPROPRIATE TO CORRECT ANY ALLEGED DEFICIENCIES IN THE COMPLAINT……………………………………………………………………………………………….. 13

CONCLUSION……………………………………………………………………………………………….. 13

DECLARATION OF MICHAEL F. CRESSEY……………………………………………….. 14

PROOF OF SERVICE-ELECTRONIC…………………………………………………………… 17

**TABLE OF AUTHORITIES**

**FEDERAL STATUTES**

Federal Rules of Civil Procedure, Rule 9(b)…………. 9, 10

Federal Rules of Civil Procedure, Rule 12(b)(6).. 5

**STATE STATUTES**

California Approved Jury Instruction CACI 2430……….. 7

California Approved Jury Instruction CACI 2700………. 8

California Labor Code, sec. 200……………………………………………. 8

California Labor Code, sec. 201 …………………………………………… 7

California Labor Code, sec. 970………………………………………… 7, 8, 9

California Labor Code, sec. 972………………………………………….. 7, 9

**STATE CASES**

Eisenberg v. Alamed (1999) 31 Cal. App. 4th 1359 …………… 7

Foley v. Interactive Data 47 Cal. 3d 659……………………………….. 13

Gantt v. Selig (1992) 1 Cal. 4th 1083……………………………………….. 7

Gould v. Maryland (1995) 31 Cal. App. 4th 1135 ……………….. 7

Phillips v. Gemini (1995) 63 Cal. App. 4th 560, 570…….. 7

Tyco Industries v. Superior Court (1985) 164 Cal. App. 3d 148…………………………………………………………………….. 7

///

///

///

///

///

///

///

///

///

**I**

**INTRODUCTORY STATEMENT**

This Motion to dismiss is premised almost entirely on two arguments of Defendant’s counsel. First, that for purposes of sufficiency of the pleadings this Court should rule that the

word “terminated” is irreconcilably and 100% contradictory to the meaning of the words “eliminated” or “materially changed” in the context of an employee getting fired. Secondly, Defendant contends that Plaintiff was an at-will employee and therefore, somehow, that clause relieves Defendant of any obligation to comply with the other express and implied terms of the employment contract.

In early 2007 Maric College, having lost or about to lose its accreditation, recruited a new Director of Nursing to try and save the school from eminent collapse and closure. Maric College was and is owned by Defendant KAPLAN HIGHER EDUCATION. Plaintiff, then a resident of and employed in Missouri, was solicited by Defendant to come to San Diego in the capacity of Director of Nursing. Obviously her first and most important task was to save the school from closure, and re-qualify it for accreditation. She accomplished that first task in less than six months and was rewarded with a pink slip.

In order to induce Plaintiff to quit her job and move from Missouri to California Defendant, <u>in writing</u> and orally, promised Plaintiff one-years salary if her position was “materially changed or eliminated prior to March 30th, 2008”. In what can kindly be referred to as “creative lawyering”, that language, for purposes of their FRCP Rule 12(b)(6) motion, is interpreted by the attorneys for its drafters (the Defendant) as meaning *absolutely nothing*.

Further Defendant laces its motion with requests for the court to ignore the allegations of the complaint, replacing them with Defendant’s version of the events, Defendant’s interpretation/amendments to the contract language while hoping

the Court will ignore the terms of the contract wholly inconsistent with its arguments.

For the reasons set forth below, Plaintiff respectfully requests that the instant motion be denied or in the alternative Plaintiff be granted leave of court to amended the complaint.

## II

## STANDARD ON MOTION TO DISMISS

Casting every allegation of the complaint which is adverse to its client as either a "conclusion" or "contradictory" the Defendant herein asks the court to replace those allegations with allegations and claims by Defendant's counsel and then determine whether the complaint states a claim.

Plaintiff respectfully submits that the allegations of the complaint are neither conclusory nor contradicted by other allegations. Rather, the allegations support each of the claims and confirm the lack of merit of the instant motion.

The standard of review herein is well-established. The allegations of the complaint are accepted as true for purpose of the motion and this Court's ruling therein.

The complaint alleges that for the purpose of inducing plaintiff to accept employment in California and move from Missouri, Defendant promised to pay Plaintiff one full year's salary conditioned only on her starting employment by April 1st, 2007.

The complaint alleges that that promise, a term of her employment, was breached by Defendant when it fired Plaintiff without cause. The foundation of Defendant's argument for dismissal is that Plaintiff's complaint used the words "fired" or "terminated" instead of "materially altered" or "eliminated". Unlike Plaintiff's complaint, that argument (to quote

Defendant's moving papers, page 3, line 24) collapses *faster than a house of cards*.

It is more than worthy of note that in its moving papers Defendant dares not say what happened to Plaintiff except to allege loosely that her "private interest" was "involved". (Moving papers, page 7, line 6). This game of words is meaningless. Plaintiff was fired, discharged, terminated, eliminated, her employment was altered materially—she did not voluntarily resign or simply cease to exist.

Defendant's Motion does not offer any meaning to the words in the contract to support its claim that the allegations in the complaint are somehow inconsistent or contradictory to the language of the contract. Defendant drafted the contract and, if it wants to argue it is ambiguous may do so on a Motion for Summary Judgment. Most importantly, the exact language is incorporated into the complaint from the exhibit attached.

Respectfully, Plaintiff submits that semantics is not a proper basis for granting such a motion especially without leave to amend.

///

**III**

**PLAINTIFF'S CAUSE OF ACTION FOR**

**VIOLATION OF PUBLIC POLICY**

**PROPERLY STATES A CLAIM**

In the complaint Plaintiff alleges that her termination violated the public policy of the State of California (California Labor Code sections 201 et. seq. and Labor Code §970 and §972). The at-will doctrine has no application to this cause of action. California law requires only that the violation of public policy be "a motivating reason for the discharge"

California approved jury instructions, CACI 2430. It need not be the only reason or even the main reason, just *a motivating reason*. In this case, Plaintiff alleges that Defendant's motivation in terminating her for cause was to avoid having to pay the wages earned. California Labor Code §970 violation of public policy was effectuated by the termination and refusal to honor the contractual promise made to induce plaintiff to travel from Missouri.

The California Courts have expressly recognized California Labor Code sections 203 and 970 as being a basis for this cause of action. See e.g., Tyco Industries v. Superior Court (1985) 164 Cal. App. 3d 148 (Labor Code §970); Eisenberg v. Alamed (1999) 31 Cal. App. 4th 1359 (Labor Code §970); Gould v. Maryland (1995) 31 Cal. App. 4th 1135 (Labor Code §203); Phillips v. Gemini (1995) 63 Cal. App. 4th 560, 570 (Labor Code §203); Gantt v. Selig (1992) 1 Cal. 4th 1083. (Labor Code §203). In the First Amended Complaint Plaintiff properly alleges that Defendant terminated her in an effort to avoid having to pay the earned one-year guaranteed salary (six months remaining due). Wages are defined in California as "[a]ll amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task piece, commission basis or other method of calculation." Labor Code, section 200. "Wages" also includes severance pay. California Approved Jury Instructions, CACI 2700, "Directions for Use". The only condition precedent to this guarantee being vested was her starting employment on April 1st, 2007 which she did. At that point the salary was earned and was payable upon early termination (Defendant prefers the term "elimination" or "materially changed" as if that makes a difference at any stage,

especially the pleading stage). The date of termination determined only *how much compensation was due*. After one year no additional compensation was due—before completion of the one year money *was* due. The offer was accepted, plaintiff performed (started by April 1st) and was terminated within a year.

In addition, as to the Labor Code section 970 action, the termination is itself a violation of the statute and therefore a violation of public policy. The applicability of that Labor Code section is discussed below within the context of Defendant's Motion to Dismiss the Cause of Action for violation of Labor Code, section 970.

///

///

///

///

///

**IV**

**PLAINTIFFS CAUSE OF ACTION FOR**

**VIOLATION OF LABOR CODE SECTION 970**

**AND FRAUD PROPERLY STATE A CLAIM**

California Labor Code sections 970 and 972 set forth a private right of action against an employer as follows:

"No person, or agent or officer thereof, directly or indirectly, shall influence, persuade, or engage any person to change from one place to another in this State or from any place outside to any place within the State, or from any place within the State to any place outside, for the purpose of working in any branch of labor, through or by means of knowingly false representations, whether spoken, written, or advertised in printed form, concerning either:(a) The kind, character,

or existence of such work;
(b) The length of time such work will last,
or the compensation therefore;" Labor Code 970.

In the First Amended Complaint Plaintiff has alleged all of the elements of this cause of action which, as Defendant points out is grounded in common law fraud. By its Motion to Dismiss Defendant claims only that insufficient facts as to the date, time and content of the false representations have been pled as required by FRCP Rule 9(b). That rule, Defendants argue in their P&A'a page 10, line 25-28 requires the Complaint to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations". Moving Defendant's papers fail to quote the rest of Rule 9(b): "Malice, intent, knowledge, and other conditions of a person's mind **may be alleged generally**. FRCP, Rule 9(b)(emphasis added).

A fair Motion to Dismiss might have conceded that Plaintiff's complaint provides the exact date (Offer Letter), place (Offer Letter) and specific content (Offer Letter) as well as the identities of the parties to the misrepresentation. Malice and intent are alleged generally. Rule 9(b) has no application to Defendant's motion.

**V**

**PLAINTIFF'S CAUSE OF ACTION FOR**
**BREACH OF CONTRACT AND**
**BREACH OF THE COVENANTS**
**NOT TO TERMINATE WITHOUT CAUSE**
**AND GOOD FAITH**
**PROPERLY STATE CLAIMS**

In its moving papers, in addition to the arguments discussed above, Defendant in response to the causes of action for Breach of Express Promise not to Terminate Except for Cause, Breach of the Implied Covenant of Good Faith and Fair Dealing and Breach of Contract, selectively cite to one untitled, un-numbered, boiler plate sentence buried on the last page of the "Offer letter" as "proof" that Plaintiff was an at-will employee. Under California law, the at-will doctrine only applies in the absence of a written or oral agreement to the contrary and without a specific term of employment.

Initially it is relevant to understand that plaintiff was terminated "for cause"[1] by Defendant pursuant to its practice and procedures. Plaintiff was not terminated at-will, therefore Defendant's own conduct in terminating Plaintiff is evidence of an implied promise and an express practice not to terminate without cause.

As alleged in the complaint *and* as set forth in the "Offer letter", this employment contract was for a specific term and there was an agreement between the parties inconsistent with the at-will doctrine. Defendant's moving papers conveniently overlook and ask the Court to overlook those allegations and facts.

Specifically, it is alleged that that Plaintiff's employment was pursuant to "an oral and written agreement" (First Amended Complaint, page 2, paragraph 4, line 10-11). It is also alleged that some but not all of the terms were set forth in the Offer Letter. (FAC page 2, paragraph 4, lines 11-

[1] Plaintiff was invited to dinner after work to the home of the employee who replaced her. The next day that employee reported to Plaintiffs supervisors that she believed plaintiff had too much to drink at her house. That is the claimed "cause" for termination.

12). These terms include a specific period of employment within which termination would only be for good cause. (FAC page 4, paragraph 13, lines 24- page 5, line3).

Facts are alleged to support these allegations. The offer letter states and implies in several sections that the term of employment is at least one year. March 30th, 2008 is the express date upon which the guaranteed employment ends. (Paragraph 5 of the offer letter, page one). This language alone is sufficient to lead a reasonable person to believe that the employment was guaranteed for one year.

Section (i) prohibits Plaintiff from inducing any employee of Defendant to quit for the 12 months ***prior*** to Plaintiff’s termination. (Unless Plaintiff’s employment was guaranteed for 12 months this clause would prohibit Plaintiff from certain activities for a period before she signed the offer letter, an unreasonable interpretation).

Section (ii) prohibits Plaintiff from certain activities during “the 2-year period preceding the date of your termination”.

Finally, and most importantly, the Offer letter states:

“Your employment will be subject, ***among other things***, to all of our company policies ***and practices*** including those outlined in the Employee Handbook, EEO and Non-Harassment Policy and Code of Business Conduct ***as amended from time to time”.*** (Emphasis added).

Among other things, practices are oral, and the terms can be amended by either side, orally or in writing. It is alleged in the complaint that the terms specified arise in part from oral promises.

At best, Defendant can argue that the Offer of Employment is ambiguous as to be misleading as to the term and terms of Plaintiff's employment. At worst, and as alleged in later causes of action, it evidences an intent to defraud Plaintiff into moving interstate to accept employment and believing her employment was guaranteed for a specific period. By oral and written promises Plaintiff was reasonably led to believe that her employment would not be terminated without cause within a year and if it was terminated for cause she would receive the remainder of her one year salary.

Under California law the test of whether there existed an implied covenant not to terminate without cause requires an analysis of "the totality of the parties' relationship" which is a question of fact, not law. Foley v. Interactive Data 47 Cal. 3d 659. Here it is alleged that such a promise is implied from the terms of the employment and the policies and practices of the employer.

**VI**

**LEAVE OF COURT WOULD BE APPROPRIATE**
**TO CORRECT ANY ALLEGED DIFICENCIES**
**IN THE COMPLAINT**

Much of the instant motion is premised upon alleged unclear language and alleged technical inadequacies all of which can be addressed with leave to amend. As set forth in the Declaration of Michael F. Cressey below herein, additional facts to support each cause of action are available to be pled if the court deems it necessary to allow plaintiffs to file an amended complaint. In the event the Court should be inclined to grant this motion, even in part, such relief is hereby requested.

**VII**

**CONCLUSION**

As set forth above and as pled, it is clear Defendant's intent was to use Plaintiff to save its business from closing, then dump her along the side of the road. It accomplished this through false promises and unjustified termination all of which are actionable at law. Plaintiff deserves her day in court to have her claims adjudicated after proper discovery. For all the foregoing reasons, Plaintiff respectfully requests that the instant motion be denied and/or leave to amend be granted.

Dated: April 23, 2008 by: *s/Michael F. Cressey*
Michael F. Cressey
Atty. for Plaintiff

DECLARATION OF MICHAEL F. CRESSEY

I Michael F. Cressey declare as follows:

I am an attorney duly licensed to practice and admitted to the jurisdiction of this court. I am one of the attorneys of record for Plaintiff in the above action.

If called upon to testify I could and would testify from my own personal knowledge to the truth of the following facts.

1. I am informed and believe and on that basis allege the following:

a. Plaintiff was terminated not pursuant to any at-will clause in Plaintiff's contract but pursuant to the "good cause for termination" provision of Plaintiff's contract.

b. Plaintiff was verbally assured by Defendant that regardless of the basis for any employer decision to terminate,

she, upon signing the contract, had earned and would be paid one years salary.

c. Good cause did not exist for Plaintiff's termination as she had not violated any express or implied term of the contract.

d. Defendant's policy and procedure manuals expressly provide for a progressive disciplinary system requiring good cause and prior warnings for termination for cause.

e. Defendant's custom and practice, giving rise to an implied policy to terminate only for good cause, in the case of Plaintiff and other employees prior to Plaintiff (a practice plaintiff was required to follow as Director of Nursing and knew about from other matters) was not to terminate employees without good cause.

f. Evidence of Defendant's intent to defraud Plaintiff into moving across State lines will be obtained in deposition and will include the Defendant's claim that it never intended to honor the promise or relied upon the advice of counsel that it had been carefully drafted to be arguably unenforceable, but drafted it to convince Plaintiff to accept the job.

///

///

///

///

///

I declare under penalty of perjury of the laws of the United States of American, the State of California and Washington that the foregoing statements are true and correct and that this declaration was executed on April, 23rd, 2008 at Spokane, Washington.

*-s-Michael F. Cressey*

Michael F. Cressey

**PROOF OF SERVICE- ELECTRONIC**

WORKMAN-JOHNSON v. KAPLAN 08 cv 0339 JLS (RBB)

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is LAW OFFICE OF MICHAEL F. CRESSEY, 2910 E. 57th Ave., Suite 5, Spokane, Washington 99223. On April 23rd, 2008, I served the within document:

**PLAINTIFFS OPPOSITION TO MOTION TO DISMISS**

By electronically filing the same with knowledge that all other parties set forth below are registered on the electronic system and automatically served by the electronic filing of the document herein.

Andrew P. Greenfield
THE GREENFILED LAW FIRM, AP
3170 Fourth Avenue, 4th Floor
San Diego, CA 92103

Merrill F. Storms, Jr.
Tonya M. Cross
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, California 92101

I declare under penalty of perjury under the laws of the state of Washington that the above is true and correct and was executed on April 23rd, 2008, at Spokane, Washington.

s/Michael F. Cressey
Michael F. Cressey