1  MERRILL F. STORMS, JR. (Bar No. CA-78333)
   TONYA M. CROSS (Bar No. CA-236867)
2  **DLA PIPER US LLP**
   401 B Street, Suite 1700
3  San Diego, CA 92101
   Tel:   619.699.3526
4  Fax:   619.699.2701

5  Attorneys for Defendant
   KAPLAN HIGHER EDUCATION
6  CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JOANN WORKMAN-JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>KAPLAN HIGHER EDUCATION CORPORATION; and DOES 1 to 10,<br><br>Defendants. | CASE NO. 08cv339-JLS(RBB)<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULES 9(b) and 12(b)(6)**<br><br>DATE:  May 9, 2008<br>TIME:  10:30 a.m.<br>DEPT:  6<br>JUDGE: Janis L. Sammartino |

DLA PIPER US LLP
SAN DIEGO

SD\1816244.1
368214-2

08CV339-JLS(RBB)
REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST
AMENDED COMPLAINT

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1

II. PLAINTIFF DOES NOT DISPUTE THAT THE LANGUAGE OF THE OFFER LETTER TRUMPS THE FOUNDATIONAL ALLEGATIONS IN THE FAC .................2

III. PLAINTIFF ALLEGES NO FACTS THAT MAY BE RELIED UPON TO ESTABLISH A CLAIM FOR WRONGFUL DISCHARGE .......................................3

IV. PLAINTIFF'S CONTRACT CLAIMS LACK A FACTUAL FOUNDATION ...............4

    A. KHEC Exercised Its Right to Terminate Plaintiff's Employment At-Will .............4

    B. A Severance Provision Does Not Negate the At-Will Nature of Plaintiff's Employment ..........................................................................................................5

    C. Plaintiff's Express, Written At-Will Offer Letter Cannot be Overcome by Alleged Oral Assurances or Practices to the Contrary ...........................................6

V. PLAINTIFF'S FRAUD-BASED CLAIMS HAVE NO FACTUAL UNDERPINNINGS AND MUST BE DISMISSED ................................................6

VI. LEAVE TO AMEND WILL NOT REMEDY THE DEFECTS IN PLAINTIFF'S CLAIMS ...............................................................................................................7

VII. CONCLUSION .....................................................................................................8

DLA PIPER US LLP
LOS ANGELES

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Bank Melli Iran v. Pahlavi,*
    58 F.3d 1406 (9th Cir. 1995) ...................................................................................... 7

*Bradley v. Chiron Corp.,*
    136 F.3d 1317 (Fed. Cir. 1998) .................................................................................. 8

*Foshee v. Daoust Const. Co.,*
    185 F.2d 23 (7th Cir. 1951) .................................................................................. 2, 8

*Furr v. Seagate Tech.,*
    82 F.3d 980 (10th Cir. 1996) ..................................................................................... 3

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,*
    515 F.2d 1200 (5th Cir. 1975) ............................................................................... 2, 8

*Ott v. Home Sav. & Loan Ass'n,*
    265 F.2d 643 (9th Cir. 1958) ................................................................................ 2, 8

*Roth v. Garcia Marquez,*
    942 F.2d 617 (9th Cir. 1991) ..................................................................................... 2

*Salsgiver v. Am. Online, Inc.,*
    147 F. Supp. 2d 1022 (C.D.Cal. 2000) ................................................................... 5, 6

*Sinclair v. Servicemaster Co.,* No. CIV. 07-0611 FCD/DAD,
    2007 WL 2254448 (E.D.Cal. 2007) .......................................................................... 4

*Slivinsky v. Watkins-Johnson Co.,*
    221 Cal. App. 3d 799 (1990) ..................................................................................... 6

*Starzynski v. Capital Pub. Radio,*
    88 Cal. App. 4th 33 (2001) ........................................................................................ 6

**STATUTES**

Cal. Lab. Code §970 .............................................................................................................. 4

Cal. Lab. Code §2922 ............................................................................................................ 4

Defendant Kaplan Higher Education Corporation ("KHEC" or "Defendant") respectfully submits the following memorandum of points and authorities in reply to Plaintiff's opposition to its motion to dismiss Plaintiff's first amended complaint ("FAC").

## I.

## INTRODUCTION

Unable to respond substantively to the arguments and authorities presented in KHEC's motion to dismiss, Plaintiff responds with sarcasm. Sidestepping the merits, Plaintiff attempts to divert attention from the simple facts and issues by arguing matters of no relevance and relying on an inadmissible declaration from her counsel signed "on information and belief."

Plaintiff cannot avoid these critical facts:

- Plaintiff agreed that her employment with KHEC was "at-will," meaning that Plaintiff could be terminated at any time with or without cause. (FAC, Exh. 1, p. 1.)
- Plaintiff admits she was terminated for cause. (Plf's Opp'n., 10:11-13.)
- Nothing in the Offer Letter restricted KHEC from terminating Plaintiff for cause nor does the Offer Letter indicate that a termination for cause triggers entitlement to severance.
- Plaintiff's FAC is devoid of any allegation that Plaintiff's position was eliminated or materially changed thereby triggering severance under the Offer Letter.

The central issue is simple. The foundational allegations in Plaintiff's FAC are contradicted by the Offer Letter attached to such FAC. Plaintiff attached to her FAC an *at-will* Offer Letter that directly contradicts the foundational allegations in the body of Plaintiff's FAC. Under Plaintiff's theory, all she had to do to trigger entitlement to the severance referenced in the Offer Letter was to show up to work at KHEC on April 1, 2007. (Plf's Opp'n., 7:25-27.) Taking Plaintiff's theory to its logical extreme, arriving at work on April 1, 2007 would automatically trigger severance even if she never showed up to work again, arrived to work drunk, or engaged in other inappropriate conduct that resulted in the termination of her employment. Plaintiff's theory flies in the face of the Offer Letter's express language – Plaintiff was an at-will employee of KHEC that could be terminated at any time without or with cause, and would be entitled to

/////

DLA PIPER US LLP
SAN DIEGO

SD\1816244.3
368214-2

-1-

08CV339-JLS(RBB)
REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

severance only in the event her "position is materially changed or eliminated prior to March 30, 2008." (FAC, Exh. 1, p. 1.)

Because the Offer Letter, signed by both Plaintiff and KHEC, contradicts Plaintiff's self-serving foundational allegations, the language of the Offer Letter controls. *Ott v. Home Sav. & Loan Ass'n,* 265 F.2d 643, 646 n.1 (9th Cir. 1958); *Foshee v. Daoust Const. Co.,* 185 F.2d 23, 26 (7th Cir. 1951); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). The foundational allegations in the body of Plaintiff's FAC must be disregarded and not taken as true when the court considers KHEC's motion to dismiss. *Roth v. Garcia Marquez,* 942 F.2d 617, 625 n.1 (9th Cir. 1991); *Ott,* 265 F.2d at 646 n.1. Without the foundational allegations of Plaintiff's FAC, each and every one of Plaintiff's claims fails as a matter of law. Accordingly, KHEC's motion to dismiss should be granted in its entirety without leave to amend.

## II.

## PLAINTIFF DOES NOT DISPUTE THAT THE LANGUAGE OF THE OFFER LETTER TRUMPS THE FOUNDATIONAL ALLEGATIONS IN THE FAC

Each and every one of Plaintiff's claims is built on the foundational allegation that Plaintiff was guaranteed one year of employment and was entitled to severance pay if her employment was "terminated for any reason except voluntary resignation within one year of April 1st, 2007." (FAC, 2:15-23, 3:18-20; 4:25-28; 6:12-14; 7:8-11; 8:12-16.) The express language of the Offer Letter attached to the FAC made Plaintiff an "at-will" employee subject to termination at any time with or without cause and directly contradicts Plaintiff's foundational allegation; therefore, the contradictory allegations in the FAC may not be taken as true and must be disregarded.[1] *Roth,* 942 F.2d at 625 n.1; *Ott,* 265 F.2d at 646 n.1. In effect, the contradictory allegations in the FAC are treated as stricken and may not be relied upon to state a claim. Plaintiff's opposition does not take any issue with the authorities cited by KHEC in support of this position. Essentially, this critical point is unopposed and Plaintiff's "factual" allegations outlined in section III.B. of KHEC's moving papers must be disregarded. Plaintiff fails to recognize this critical deficiency in the FAC and continues in the opposition papers to argue the

---

[1] See KHEC's moving papers section III.B for a listing of the FAC factual allegations that are contradicted by the written Offer Letter attached to the FAC as Exhibit 1.

DLA PIPER US LLP
SAN DIEGO

SD\1816244.3
368214-2

-2-

08CV339-JLS(RBB)
REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

very allegations that cannot be relied upon to state a claim. Plaintiff cannot dispute that with these foundational allegations disregarded, Plaintiff has no facts upon which to base her claims.

## III.

### PLAINTIFF ALLEGES NO FACTS THAT MAY BE RELIED UPON TO ESTABLISH A CLAIM FOR WRONGFUL DISCHARGE

Plaintiff has no claim for wrongful discharge in violation of public policy because, among other things, Plaintiff has not alleged facts to support a claim that the termination violated any public policy.

In an effort to avoid dismissal of the wrongful discharge in violation of public policy claim, Plaintiff makes irrelevant arguments that severance is considered wages under California law. The argument misses the point. The issue is not whether severance pay is considered wages. The issue is whether Plaintiff alleged facts in the FAC that she has satisfied all the requirements necessary to trigger alleged entitlement to severance pay. ***Plaintiff has not.***

Plaintiff contends her wrongful discharge in violation of public policy claim stands because her termination for cause was an effort to avoid paying wages earned (i.e., the severance benefits in the Offer Letter). However, for the wrongful discharge claim to stand, Plaintiff must have alleged facts (uncontradicted by the Offer Letter) that she *earned* and was entitled to the severance payment. The Offer Letter is clear that two things must occur before Plaintiff is entitled to severance: (1) Plaintiff must begin work by April 1, 2007; **_AND_** (2) Plaintiff's "*position* is materially changed or eliminated prior to March 30, 2008." (FAC, Exh. 1, p. 1.) (Emphasis added.) Nowhere in her FAC does Plaintiff allege her *position* was materially changed or eliminated such as to trigger entitlement to a severance payment.[2]

Plaintiff offers no authority to establish that the severance payment she claims was *earned* at the time of her termination. A plaintiff cannot base a wrongful termination in violation of

---

[2] Plaintiff's logic that termination of employment is synonymous with position elimination is nothing more than an effort to rewrite the Offer Letter. Not all terminations involve a position elimination. When a position is eliminated, the position ceases to exist at the time of termination meaning that duties that comprised the position are no longer performed by a single person and subsequently, there is no single person that is hired to take over the duties of the person whose position was eliminated. *Furr v. Seagate Tech.*, 82 F.3d 980, 988 (10th Cir. 1996). In contrast, most terminations do not involve a position elimination and after the termination, the company recruits to fill the position vacated by the terminated employee.

DLA PIPER US LLP
SAN DIEGO

SD\1816244.3
368214-2

-3-

08CV339-JLS(RBB)
REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

public policy on a denial of *unearned* severance benefits. *Sinclair v. Servicemaster Co.*, No. CIV. 07-0611 FCD/DAD, 2007 WL 2254448 *4 (E.D.Cal. 2007). "California public policy does not prohibit termination of employees in order to avoid paying *future* wages not yet earned." *Id.* Here, it is evident from the face of the FAC that Plaintiff has not earned the severance payment and was not entitled to receive it at the time of her termination.

Recognizing the weakness of her argument, Plaintiff then attempts to claim that her termination is basically a *per se* violation of Labor Code section 970. This argument also fails because, as explained in detail in KHEC's moving papers, the alleged misrepresentation is contradicted by the express terms of the Offer Letter and may not be taken as true. Without a misrepresentation, Plaintiff's fraud claims, including her section 970 claim, fail as a matter of a law. Likewise, Plaintiff's wrongful discharge claim relying on a section 970 violation fails along with Plaintiff's section 970 claim.

## IV.

## PLAINTIFF'S CONTRACT CLAIMS LACK A FACTUAL FOUNDATION

In opposition to KHEC's motion to dismiss Plaintiff's contract-related claims (i.e., claims two, three and four), Plaintiff argues (1) her employment was not terminated "at-will" and (2) that the Offer Letter is sufficient to lead a reasonable person to believe Plaintiff's employment was guaranteed for one year. Plaintiff fails to point to any factual allegation uncontradicted by the express terms of the Offer Letter.

### A. KHEC Exercised Its Right to Terminate Plaintiff's Employment At-Will

Contrary to Plaintiff's contention, her employment with KHEC was at-will and not for any specific period of time. To quote the Offer Letter signed by Plaintiff: "Neither you nor KHEC is bound to continue the employment relationship if either chooses, at will, to end the relationship at any time with or without notice or cause." (FAC, Exh. 1, p. 3.)

Oddly, Plaintiff argues that her employment was not terminated "at-will" because KHEC terminated her for cause. Plaintiff misunderstands the nature of at-will employment. When employment is at-will, an employer may terminate an employee's employment at any time ***with or without cause***. Cal. Lab. Code §2922. The fact that an employer had cause to terminate an

DLA PIPER US LLP
SAN DIEGO
SD\1816244.3
368214-2
-4-
08CV339-JLS(RBB)
REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

employee does not mean that the employer was not exercising its right to terminate the employee at-will. This is the very nature of at-will employment – the employer may terminate the employment at any time with or without cause.

**B.  A Severance Provision Does Not Negate the At-Will Nature of Plaintiff's Employment**

The fact that Plaintiff's at-will Offer Letter provided her with the *potential* to receive severance if her employment is terminated under certain circumstances does not change the at-will nature of Plaintiff's employment relationship with KHEC. *See Salsgiver v. Am. Online, Inc.*, 147 F. Supp. 2d 1022 (C.D.Cal. 2000).

In *Salsgiver*, plaintiff had an express at-will employment agreement. Plaintiff was terminated before his stock options vested and sued his employer alleging that the employer had agreed not to terminate him without cause prior to the vesting of his options. *Salsgiver*, 147 F. Supp. at 1028. "The gist of the First Amended Complaint [was] that Defendant's promises to give Plaintiff stock options implied that Defendant would not terminate Plaintiff without cause before those options vested." *Id.* The court dismissed the plaintiff's complaint *with prejudice* finding that because plaintiff and defendant had expressly agreed to an at-will employment relationship, plaintiff could not claim that a contrary implied agreement existed.

The failed theory for recovery in *Salsgiver* is strikingly similar to the case at bar. Here, Plaintiff's employment was expressly at-will as evidenced by the Offer Letter, and she was entitled to severance only if her "position is materially changed or eliminated prior to March 30, 2008." (FAC, Exh. 1, p. 1.) The agreement to provide severance in the event of a position elimination or material change to Plaintiff's position in no way limited KHEC's ability to terminate Plaintiff prior to March 30, 2008. It only required a payment of severance *if* the termination was the result of a ***position elimination*** or ***material change in the position***. If the termination was for ***any*** other reason, no severance would be due. In the face of an express at-will employment agreement, the potential for severance benefits did not create an implied contract to not terminate Plaintiff except for good cause. *Salsgiver*, 147 F. Supp. at 1028.

/////

/////

DLA PIPER US LLP
SAN DIEGO
SD\1816244.3
368214-2
-5-
08CV339-JLS(RBB)
REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff has not alleged anywhere in her FAC that her position was eliminated by KHEC – i.e., Plaintiff does not allege that KHEC terminated Plaintiff's employment because it was no longer going to have the position of Director of Nursing at Maric College. Moreover, Plaintiff does not allege anywhere in the FAC that her position was materially changed. The court may not ignore the precise language of the written Offer Letter that specifically sets forth the circumstances under which Plaintiff would be entitled to a severance payment, and, furthermore, may not ignore the fact that Plaintiff has failed to allege any facts (uncontradicted by the Offer Letter) that would trigger Plaintiff's entitlement to severance.

### C. Plaintiff's Express, Written At-Will Offer Letter Cannot be Overcome by Alleged Oral Assurances or Practices to the Contrary

The written at-will Offer Letter Plaintiff signed precludes the existence of any contrary implied contract. *Starzynski v. Capital Pub. Radio*, 88 Cal. App. 4th 33, 38 (2001). Grasping for straws, Plaintiff argues that her employment contract with KHEC was not confined to the written Offer Letter, but also included oral "practices" and assurances as alleged in her FAC. (Plf.'s Opp'n., 11:20-28.) However, Plaintiff ignores the well-settled law that an express, written at-will employment agreement controls and cannot be "rewritten" by implications from later conduct. *Id.* (finding "plaintiff's assertion that his supervisor gave him oral assurances of continued employment cannot create an implied contract in the face of the written acknowledgment signed by plaintiff that his employment was at-will"); *Salsgiver*, 147 F. Supp. 2d at 1029. Moreover, Plaintiff could not have justifiably relied on any alleged oral promises, assurances or practices that contradicted her express at-will employment agreement with KHEC. *Slivinsky v. Watkins-Johnson Co.*, 221 Cal. App. 3d 799, 807 (1990). In the face of the express at-will Offer Letter, Plaintiff's contract claims based on implied or oral promises contrary to the Offer Letter fail as a matter of law.

### V.

### PLAINTIFF'S FRAUD-BASED CLAIMS HAVE NO FACTUAL UNDERPINNINGS AND MUST BE DISMISSED

Once again, Plaintiff misses the point of KHEC's motion to dismiss her fraud-based claims. Plaintiff does not deny the fact that the fraud allegations of her FAC cannot be taken as

DLA PIPER US LLP
SAN DIEGO

SD\1816244.3
368214-2

-6-

08CV339-JLS(RBB)
REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

true because they are contradicted by the express language of the Offer Letter. Instead, Plaintiff points to the Offer Letter as providing the elements of the fraud claim, including the specific content of the misrepresentation. However, even a cursory review of the Offer Letter reveals that the Offer Letter ***does not*** contain any of the misrepresentation of which Plaintiff complains. Plaintiff complains that KHEC promised to "compensate Plaintiff for her services as Director of Nursing for a guaranteed minimum period of one year (referred to in Exhibit '1' as the 'severance payment.')." (FAC, 7:8-11.) The express terms of the Offer Letter make no such guarantee or promise. Plaintiff further complains that "Defendants promised Plaintiff that if Plaintiff would move to California and accept employment with Defendants they would guarantee to pay Plaintiff one year's compensation for services as Director of Nursing unless she voluntarily resigned in less than a year." (FAC, 8:12-16.) Again, the Offer Letter makes no such guarantee or promise. In fact, the Offer Letter directly contradicts such alleged guarantees and promises. Given the contradiction between Plaintiff's allegations and the Offer Letter, the allegations cannot be taken as true and must be disregarded. The result is that Plaintiff's fifth and sixth causes of action are stripped of an alleged misrepresentation, which is fatal to Plaintiff's claims.

## VI.

### LEAVE TO AMEND WILL NOT REMEDY THE DEFECTS IN PLAINTIFF'S CLAIMS

There is no set of facts that Plaintiff can allege, in light of the Offer Letter, that would entitle her to the severance pay that she seeks. Plaintiff's position was not eliminated – KHEC did not dispose of the Director of Nursing position at Maric when it terminated Plaintiff. Moreover, Plaintiff's position was not materially changed. In a misguided effort to save Plaintiff's claims, her counsel offers his own declaration ***on information and belief*** wherein he alleges "facts" as to which he has absolutely no personal knowledge or foundation. Mr. Cressey's declaration provided on information and belief is not competent evidence that if Plaintiff is allowed the opportunity to amend she will be able to allege facts that will remedy the defects in her complaint. Indeed, Mr. Cressey's declaration is not entitled to any weight when this court is deciding KHEC's motion to dismiss. *Bank Melli Iran v. Pahlavi,* 58 F.3d 1406, 1412-13 (9th Cir.

DLA Piper US LLP
San Diego

SD\1816244.3
368214-2

-7-

08CV339-JLS(RBB)
REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  1995)(explaining that counsel's declaration provided on information and belief is "entitled to no
2  weight because the declarant did not have personal knowledge.")
3       Moreover, even if the court were to consider Mr. Cressey's declaration, which it should
4  not, the declaration alleges no "facts" that Plaintiff's *position* of Director of Nursing at Maric was
5  eliminated nor does the declaration allege that Plaintiff's position was materially changed.
6  Without these foundational facts, Plaintiff's claim for severance disintegrates along with all the
7  other claims that are based on the same set of facts. Plaintiff cannot cure these defects through
8  amendment because any facts Plaintiff alleges will necessarily contradict the prior pleadings
9  giving rise to another motion to dismiss. And, at that time, the court must disregard the new
10 allegations contradicted by earlier pleadings. *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324-25
11 (Fed. Cir. 1998). Leave to amend would be futile, and KHEC respectfully requests that leave to
12 amend be denied.

## VII.

## CONCLUSION

15 Through the use of an improper "factual" declaration, diversionary tactics, and
16 misstatements of the law, Plaintiff attempts to confuse the issues in a frenzy to save her fatally
17 flawed claims. The problem is, Plaintiff built her complaint upon a foundation of allegations that
18 are directly contradicted by the Offer Letter attached to the complaint. Given the contradiction,
19 the Offer Letter controls and the foundational allegations must be disregarded. Without these
20 foundational allegations, each and every one of Plaintiff's causes of action fails to allege facts
21 upon which a claim may be based, and Plaintiff's case collapses. In this instance, where the bare
22 allegations of the complaint are directly contradicted by the Offer Letter attached to the
23 complaint, it is proper to dismiss the action. *See Foshee*, 185 F.2d at 26 (7th Cir. 1951; *Ott*, 265
24 F.2d at 646 n.1; *Nishimatsu Constr. Co., Ltd.*, 515 F.2d at 1206-1208.
25 /////
26 /////
27 /////
28 /////

DLA Piper US LLP
San Diego

SD\1816244.3
368214-2

-8-

08CV339-JLS(RBB)
REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

1   KHEC respectfully requests that this court grant its motion to dismiss in its entirety
2   without leave to amend.
3   Dated: May 2, 2008

DLA PIPER US LLP

By s/ Tonya M. Cross
    MERRILL F. STORMS, JR.
    TONYA M. CROSS
    Attorneys for Defendant
    KAPLAN HIGHER EDUCATION
    CORPORATION
    tonya.cross@dlapiper.com

DLA PIPER US LLP
SAN DIEGO
SD\1816244.3
368214-2
-9-
08CV339-JLS(RBB)
REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT