MERRILL F. STORMS, JR. (Bar No. CA-78333)
TONYA M. CROSS (Bar No. CA-236867)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101
Tel:  619.699.3526
Fax:  619.699.2701

Attorneys for Defendant
KAPLAN HIGHER EDUCATION CORPORATION

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN WORKMAN-JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>KAPLAN HIGHER EDUCATION CORPORATION; and DOES 1 to 10,<br><br>Defendants. | CASE NO. 08cv339-JLS(RBB)<br><br>**DEFENDANT'S OBJECTIONS TO THE DECLARATION OF MICHAEL F. CRESSEY OFFERED BY PLAINTIFF JOANN WORKMAN-JOHNSON IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>DATE:  May 9, 2008<br>TIME:  10:30 a.m.<br>DEPT:  6<br><br>JUDGE:  Janis L. Sammartino |

Defendant Kaplan Higher Education Corporation ("KHEC" or "Defendant") respectfully submits the following objection to the Declaration of Michael F. Cressey offered by Plaintiff in support of the opposition to KHEC's motion to dismiss.

Mr. Cressey's declaration is provided on "information and belief" and asserts "facts" that are not based on his own personal knowledge. It also lacks foundation and is inadmissible hearsay. Mr. Cressey's declaration is not entitled to any weight and should be disregarded by this court. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995)(explaining that counsel's declaration provided on information and belief is "entitled to no weight because the declarant did not have personal knowledge.")

Specific objections to Mr. Cressey's declaration are outlined below.

DLA PIPER US LLP
SAN DIEGO
SD\1816933.1
368214-2
-1-
08CV339-JLS(RBB)
OBJECTION TO EVIDENCE

| PLAINTIFF'S EVIDENCE | DEFENDANT'S OBJECTIONS | DISCUSSION |
|---|---|---|
| 1. "Plaintiff was terminated not pursuant to any at-will clause in Plaintiff's contract but pursuant to the 'good cause for termination' provision of Plaintiff's contract." (Cressey Decl. ¶1.a.) | Lacks foundation (Fed. R. Evid. 104)<br><br>Lacks personal knowledge (Fed. R. Evid. 601, 602)<br><br>Irrelevant (Fed. R. Evid. 401, 402)<br><br>Improper evidence | Mr. Cressey's statement is offered on information and belief, which is improper evidence entitled to no weight. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995). Moreover, Mr. Cressey's declaration fails to attest how he has personal knowledge of the matters asserted in this statement. In addition, Mr. Cressey's declaration fails to lay a foundation for this statement. |
| 2. "Plaintiff was verbally assured by Defendant that regardless of the basis for any employer decision to terminate, she, upon signing the contract, had earned and would be paid one years salary." (Cressey Decl. ¶1.b.) | Lacks foundation (Fed. R. Evid. 104)<br><br>Lacks personal knowledge (Fed. R. Evid. 601, 602)<br><br>Irrelevant (Fed. R. Evid. 401, 402)<br><br>Hearsay (Fed. R. Evid. 802)<br><br>Improper evidence | Mr. Cressey's statement is offered on information and belief, which is improper evidence entitled to no weight. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995). Moreover, Mr. Cressey's declaration fails to attest how he has personal knowledge of the matters asserted in this statement. In addition, Mr. Cressey's declaration fails to lay a foundation for this statement. Further, Mr. Cressey's statement is inadmissible hearsay. |

| | PLAINTIFF'S EVIDENCE | DEFENDANT'S OBJECTIONS | DISCUSSION |
|---|---|---|---|
| 3. | "Good cause did not exist for Plaintiff's termination as she had not violated any express or implied term of the contract." (Cressey Decl. ¶1.c.) | Lacks foundation (Fed. R. Evid. 104)<br><br>Lacks personal knowledge (Fed. R. Evid. 601, 602)<br><br>Irrelevant (Fed. R. Evid. 401, 402)<br><br>Improper evidence | Mr. Cressey's statement is offered on information and belief, which is improper evidence entitled to no weight. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995). Moreover, Mr. Cressey's declaration fails to attest how he has personal knowledge of the matters asserted in this statement. In addition, Mr. Cressey's declaration fails to lay a foundation for this statement. |
| 4. | "Defendant's policy and procedure manuals expressly provide for a progressive disciplinary system requiring good cause and prior warnings for termination for cause." (Cressey Decl. ¶1.d.) | Lacks foundation (Fed. R. Evid. 104)<br><br>Lacks personal knowledge (Fed. R. Evid. 601, 602)<br><br>Irrelevant (Fed. R. Evid. 401, 402)<br><br>Hearsay (Fed. R. Evid. 802)<br><br>Improper evidence | Mr. Cressey's statement is offered on information and belief, which is improper evidence entitled to no weight. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995). Moreover, Mr. Cressey's declaration fails to attest how he has personal knowledge of the matters asserted in this statement. In addition, Mr. Cressey's declaration fails to lay a foundation for this statement. Further, Mr. Cressey's statement is inadmissible hearsay. |

| PLAINTIFF'S EVIDENCE | DEFENDANT'S OBJECTIONS | DISCUSSION |
|---|---|---|
| 5. "Defendant's custom and practice, giving rise to an implied policy to terminate only for good cause, in the case of Plaintiff and other employees prior to Plaintiff (a practice plaintiff was required to follow as Director of Nursing and knew about from other matters) was not to terminate employees without good cause." (Cressey Decl. ¶1.e.) | Lacks foundation (Fed. R. Evid. 104) <br><br> Lacks personal knowledge (Fed. R. Evid. 601, 602) <br><br> Irrelevant (Fed. R. Evid. 401, 402) <br><br> Improper evidence | Mr. Cressey's statement is offered on information and belief, which is improper evidence entitled to no weight. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995). Moreover, Mr. Cressey's declaration fails to attest how he has personal knowledge of the matters asserted in this statement. In addition, Mr. Cressey's declaration fails to lay a foundation for this statement. |
| 6. "Evidence of Defendant's intent to defraud Plaintiff into moving across State lines will be obtained in deposition and will include the Defendant's claim that it never intended to honor the promise or relied upon the advice of counsel that it had been carefully drafted to be arguably unenforceable, but drafted it to convince Plaintiff to accept the job." (Cressey Decl. ¶1.f.) | Lacks foundation (Fed. R. Evid. 104) <br><br> Lacks personal knowledge (Fed. R. Evid. 601, 602) <br><br> Irrelevant (Fed. R. Evid. 401, 402) <br><br> Hearsay (Fed. R. Evid. 802) <br><br> Improper evidence | Mr. Cressey's statement is offered on information and belief, which is improper evidence entitled to no weight. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995). Moreover, Mr. Cressey's declaration fails to attest how he has personal knowledge of the matters asserted in this statement. In addition, Mr. Cressey's declaration fails to lay a foundation for this statement. <br><br> Mr. Cressey's statement also attempts to forecast future evidence, which is similarly inadmissible. |

1  Dated: May 2, 2008

Respectfully submitted,

DLA PIPER US LLP

By s/ Tonya M. Cross
MERRILL F. STORMS, JR.
TONYA M. CROSS
Attorneys for Defendant
KAPLAN HIGHER EDUCATION CORPORATION
tonya.cross@dlapiper.com

DLA PIPER US LLP
SAN DIEGO

SD\1816933.1
368214-2

-5-

08CV339-JLS(RBB)
OBJECTION TO EVIDENCE