1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

JOANN WORKMAN-JOHNSON,

CASE NO. 08CV339 JLS (RBB)

12

Plaintiff,

**ORDER GRANTING**

vs.

**DEFENDANT'S MOTION TO**

13

**DISMISS WITHOUT PREJUDICE**

14

KAPLAN HIGHER EDUCATION
CORPORATION,

(Doc. No. 5)

15

Defendant.

16
17

Presently before the Court is Kaplan Higher Education Corporation's ("defendant") motion

18

to dismiss JoAnn Workman-Johnson's ("plaintiff") First Amended Complaint ("FAC"). For the

19

reasons stated below, the Court grants the motion in its entirety. The Court allows plaintiff leave

20

to amend all causes of action.

21

**BACKGROUND**

22

**A.    Facts**

23

Defendant owns and operates Maric College. (FAC ¶ 4.) On March 16, 2007, after

24

multiple interviews and a background check, defendant hired plaintiff for the position of Director

25

of Nursing at Maric College's San Diego campus. (Id. ¶¶ 4, 8 & Exhibit 1.) Plaintiff moved from

26

Missouri to take the position. (Id. ¶ 4.)

27

Plaintiff attaches to the FAC an Offer Letter signed by plaintiff and Maric College's

28

president. (Id. Exhibit 1.) The Offer Letter included the following term: "This letter does not

1   constitute an employment contract.  Neither [plaintiff] nor [defendant] is bound to continue the

2   employment relationship if either chooses, at will, to end the relationship at any time with or

3   without notice or cause."  (Id.)  The Offer Letter further stated that plaintiff's annual base salary

4   would be $120 thousand.  (Id. Exhibit 1.)  The letter added, "If you start work by April 1, 2007

5   and your position is materially changed or eliminated prior to March 30, 2008, you will receive a

6   separation payment equal to the remaining period of time between such position

7   change/elimination and March 30, 2008."[1]  (Id.)

8        Defendant terminated plaintiff for cause on September 17, 2007.  (FAC ¶ 9; Opp., at 10;

9   but see FAC ¶ 14 ("Defendants breached the implied contract by terminating Plaintiff without

10  cause").)  Plaintiff alleges that defendant promised to make the separation payment "if [plaintiff's]

11  employment was terminated for any reason except voluntary resignation within one year of April

12  1st, 2007[.]" (FAC ¶ 4.)  Defendant refused to pay plaintiff any amount of separation payment.[2]

13  (Id. ¶ 6.)

14  **B.    Procedure**

15       Plaintiff filed her complaint on December 6, 2007 in San Diego County Superior Court.

16  (Notice of Removal, Exhibit A.)  Plaintiff filed the FAC on January 30, 2008.  (Id., Exhibit B.)

17  The FAC pleads causes of action for wrongful discharge in violation of public policy, breach of

18  express promise not to terminate for cause, breach of implied covenant of good faith and fair

19  dealing, breach of contract, violation of Labor Code § 970, and fraud.  (Id.)  Defendant removed

20  the action to this Court on February 21, 2008.  (Doc. No. 1.)

21       Defendant moved to dismiss the entire complaint on February 26, 2008.  (Doc. No. 5.)

22  Plaintiff filed her opposition on April 23, 2008.  (Doc. No. 6.)  Defendant replied[3] on May 2, 2008.

23

24       [1] In this quote, "you" refers to plaintiff.  Because much of the resolution of this motion turns
     on this portion of the Offer Letter, the Court reprinted the excerpt without alteration.

25

26       [2] At the time of plaintiff's termination, the payment would have equaled about $66 thousand,
     or six-and-a-half months' salary.  (Id.)

27       [3] With its reply, defendant filed an objection to the Declaration of Michael Cressey filed in
28  opposition to defendant's motion.  Because the Court had no authority to consider the Cressey
     Declaration in ruling on a motion to dismiss the pleading, the Court denies defendant's objection as
     moot.

1    (Doc. No. 7.)  The Court then took the fully briefed matter under submission, pursuant to Civil

2    Local Rule 7.1(d)(1).

3                                  **LEGAL STANDARD**

4            While a complaint attacked by a motion to dismiss does not need detailed factual

5    allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires

6    more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

7    will not do."  Bell Atl. Corp. v. Twombly, — U.S. —, 127 S.Ct. 1955, 1964-65 (2007) (citing

8    Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right

9    to relief above the speculative level, on the assumption that all the allegations in the complaint are

10   true (even if doubtful in fact)."  Id. at 1965 (internal citations omitted).

11           In reviewing the Rule 12(b)(6) motion to dismiss, the Court must assume the truth of all

12   factual allegations and construe inferences in the light most favorable to the nonmoving party.

13   Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Sprewell v. Golden State Warriors, 266

14   F.3d 979, 988 (9th Cir. 2001).  The court may consider documents attached the complaint, and,

15   "[m]oreover, when the allegations of the complaint are refuted by an attached document, the Court

16   need not accept the allegations as being true."  Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th

17   Cir. 1991) (citing Ott v. Home Sav. & Loan Ass'n, 265 F.2d 643, 646 n.1 (9th Cir. 1958)).

18           When dismissing a complaint, the Court may deny leave to amend only if it appears with

19   certainty that the plaintiff cannot state a claim and any amendment would be futile.  See Fed. R.

20   Civ. P. 15(a) (stating leave to amend "shall be freely given when justice so requires"); DeSoto v.

21   Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Schreiber Distrib. Co. v. Serv-Well

22   Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

23                                  **DISCUSSION**

24           The Court may consider the Offer Letter because plaintiff attached it as an exhibit to the

25   FAC.  The Offer Letter contradicts the FAC concerning the prerequisites which plaintiff had to

26   satisfy to obtain the separation payment.  The Offer Letter states that plaintiff was entitled to the

27   separation payment if she started work by April 9, 2007 and if "[her] position is materially

28   changed or eliminated prior to March 30, 2008[.]" (FAC, Exhibit 1.)  The FAC claims that

1  plaintiff was entitled to the separation payment "if [plaintiff's] employment was terminated for any

2  reason except voluntary resignation within one year of April 1st, 2007, her start date." (FAC ¶ 4;

3  see also, e.g., ¶ 27 (describing separation payment as defendant's "promise[] to compensate

4  Plaintiff for her services as Director of Nursing for a guaranteed minimum period of one year").)

5  The Offer Letter is silent concerning any relationship between the reason for the termination of

6  plaintiff's employment and plaintiff's entitlement to the separation payment. Therefore, in

7  deciding the present motion to dismiss, the Court does not accept as true plaintiff's allegations

8  concerning the contents of the Offer Letter when those allegations contradict the language of the

9  Offer Letter itself.[4]

10 **A.      Breach of Express Promise Not To Terminate Except for Cause**

11         Although plaintiff captions her second cause of action as one for breach of an "express"

12 promise, the substantive allegations reveal that plaintiff actually claims an implied promise not to

13 terminate her without good cause during the first year of employment. (FAC ¶¶ 13-14.) To the

14 extent that plaintiff alleges an express promise of a specified term of employment, the language of

15 the Offer Letter belies such an allegation. To the contrary, the Offer Letter states that neither

16 plaintiff nor defendant "is bound to continue the employment relationship if either chooses, at will,

17 to end the relationship at any time with or without notice or cause." (FAC, Exhibit 1.) In other

18 words, plaintiff signed an agreement expressly stating her employment was at-will. Where such

19 an at-will employment agreement exists, plaintiff cannot prevail on a cause of action for a

20 contrary, implied promise to terminate only for cause. See Starzynski v. Capital Pub. Radio, Inc.,

21 88 Cal. App. 4th 33, 38-39 (Cal. Ct. App. 2001) (affirming summary judgment for employer

22 because supervisor's "oral assurances of continued employment cannot create an implied contract

23 in the face of the written acknowledgment signed by plaintiff that his employment was at will");

24 Camp v. Jeffer, Mangels, Butler & Marmaro, 35 Cal. App. 4th 620, 630 (Cal. Ct. App. 1995)

25 (affirming summary judgment for employer because "express at-will agreement precluded the

26 existence of an implied contract requiring good cause for termination"); accord Guz v. Bechtel

27 ───────────────

28      [4] For purposes of clarity, the Court considers the FAC's causes of action in a different
   sequence from the order in which those claims appear in the FAC. If plaintiff chooses to file a second
   amended complaint, plaintiff need not follow this sequence in ordering her causes of action.

1  <u>Nat'l, Inc.</u>, 24 Cal. 4th 317, 340 n.10 (Cal. 2000) (recognizing prevailing California rule that at-

2  will provisions in signed, written employment agreements trump any evidence of an implied

3  agreement to the contrary).  Applied to these facts, plaintiff cannot sustain her claim by vaguely

4  alleging orally communicated employment practices regarding progressive discipline and specified

5  grounds for termination (<u>see</u> FAC ¶ 13 & Opp., at 11), because those oral communications would

6  impermissibly contradict the terms of plaintiff's written at-will employment agreement.  <u>See</u> <u>also</u>

7  <u>Davis v. Consol. Freightways</u>, 29 Cal. App. 4th 354, 367 (Cal Ct. App. 1997) (holding that

8  implementation of progressive discipline policy does not rebut California's statutory presumption

9  of at-will employment).

10      The Court further rejects plaintiff's argument that other provisions of the Offer Letter

11  render ambiguous its description of plaintiff's at-will employment and imply a promise to

12  terminate only for good cause.  Contrary to plaintiff's allegation, the Offer Letter simply never

13  says that March 30, 2008 "is the express date upon which the guaranteed employment ends."

14  (Opp., at 11.)  Furthermore, plaintiff cannot create ambiguity in the contract by pointing to

15  irrelevant language in the Offer Letter's noncompete provisions.  The "12-month period" reference

16  is used to define "employee" in the context of the prohibition against plaintiff's solicitation of co-

17  workers to leave defendant and/or work for a competitor.  Similarly, the "2-year period" defines

18  the time frame for specifying which of defendant's customers plaintiff may not contact for

19  purposes of diverting their business elsewhere.  Finally, the Offer Letter's statement that plaintiff's

20  employment will be subject to "all of [defendant's] policies and practices," whether stated orally

21  or in writing, is too generalized to qualify the unambiguous description of plaintiff's at-will

22  employment.[5]

23      Although California law precludes the coexistence of an implied agreement to terminate

24  only for cause with an express written agreement for employment at-will, the Court grants leave to

25  amend.  Plaintiff may be able to plead, for example, that subsequent oral representations modified

26  the written at-will provisions in the Offer Letter.  <u>See</u> <u>Wagner v. Glendale Adventist Med. Ctr.</u>,

27  _____

28      [5] Plaintiff incorrectly states that termination for cause is inconsistent with at-will employment.
    Instead, "an express at-will contract allows an employer to sever the employment relationship with
    or without cause."  <u>Agosta v. Astor</u>, 120 Cal. App. 4th 596, 604 (Cal. Ct. App. 2004).

1 | 216 Cal. App. 3d 1379, 1388 (Cal. Ct. App. 1989).  Additionally or alternatively, plaintiff may be

2 | able to plead the existence of defendant's specific, written policies limiting the reasons for

3 | termination and changing the at-will nature of plaintiff's employment.  See Sneddon v. ABF

4 | Freight Sys., 489 F. Supp. 2d 1124, 1132 (S.D. Cal. 2007).

5 | **B.    Breach of Contract**

6 |       Plaintiff's fourth cause of action alleges that, on or about March 16, 2007, the parties

7 | entered a written and oral contract "requir[ing] Defendants to compensate Plaintiff for one year's

8 | employment[.]" (FAC ¶ 21.)  This cause of action incorporates by reference the earlier paragraphs

9 | in the complaint, including the allegation that the Offer Letter contains the material terms of the

10 | parties' written agreement.  (FAC ¶¶ 4, 20.)

11 |       Plaintiff's claim for breach of a written contract fails because the Offer Letter contradicts

12 | the allegations of the FAC.  Nowhere does the Offer Letter require defendant to compensate

13 | plaintiff for a full year's employment.  Instead, the Offer Letter states that, if plaintiff started

14 | working before April 1, 2007 and her position was "materially changed or eliminated" before

15 | March 30, 2008, plaintiff would receive a separation payment for the time "between such position

16 | change/elimination and March 30, 2008."  (FAC, Exhibit 1.)  Here, the FAC only alleges that

17 | plaintiff was terminated from the position of Director of Nursing at Maric College. Plaintiff fails to

18 | plead that her position was eliminated or materially changed during the relevant time frame.

19 | Therefore, plaintiff has not adequately alleged breach of a written contract.

20 |       Given the substance of the Offer Letter, plaintiff's allegations concerning a

21 | contemporaneous oral contract must also fail.  The alleged oral promise to compensate plaintiff for

22 | a year's employment contradicts the terms of the Offer Letter.  "California law presumes a written

23 | contract supersedes all prior or contemporaneous oral agreements."  Anderson v. Savin Corp., 206

24 | Cal. App. 3d 356, 364 (Cal. Ct. App. 1988) (citing Cal. Civ. Code § 1625 & Cal. Civ. Proc. Code §

25 | 1856); see also Shapiro v. Wells Fargo Realty Advisors, 152 Cal. App. 3d 467, 482 (Cal. Ct. App.

26 | 1984)[6] (rejecting coexistence of "valid express contract and an implied contract" covering the

27 | _____

28 |       [6] Shapiro was overruled on unrelated grounds by Foley v. Interactive Data Corp., 47 Cal. 3d 654, 688, 700 n.42 (Cal. 1988).  For the proposition cited here, Shapiro remains good law.  See, e.g., Wagner, 216 Cal. App. 3d at 1388 (explaining that, where oral representations creating implied

1    same subject matter but dictating different outcomes).  Applied to these facts, plaintiff's oral

2    contract allegations would dictate an outcome different from the Offer Letter because the oral

3    contract would require defendant to make the separation payment, even if plaintiff's position as

4    Director of Nursing at Maric College was neither eliminated nor materially changed.

5        For these reasons, the Court dismisses plaintiff's fourth cause of action for breach of

6    contract.  Because plaintiff may be able to state a viable claim for breach of contract by pleading

7    allegations consistent with the Offer Letter, the Court grants plaintiff leave to amend.

8    **C.      Breach of Implied Covenant of Good Faith and Fair Dealing**

9        Plaintiff's third cause of action alleges that defendant breached the implied covenant of

10    good faith and fair dealing "by [1] terminating Plaintiff in violation of the terms of the contract as

11    modified and [2] terminating Plaintiff for the purpose of avoiding paying Plaintiff part of her

12    earned compensation in violation of state law."  (FAC ¶ 18.)  Each allegation fails to state a claim.

13    The implied covenant "cannot impose substantive duties or limits on the contracting parties

14    beyond those incorporated in the specific terms of their agreement."  Guz, 24 Cal. 4th at 349-50;

15    Markey v. Kudelski S.A., 2008 WL 65401 (S.D. Cal. Jan 3, 2008).  Applied to these facts, the first

16    part of this claim must fail because, as explained supra, plaintiff has not properly alleged a breach

17    of the actual terms of the Offer Letter.  Plaintiff is effectively seeking to impose a duty on

18    defendant to make a separation payment that the Offer Letter does not require.

19        When an at-will employee is terminated, California law contemplates an implied covenant

20    cause of action for "a bad-faith termination coupled with the wrongful intent of the employer to

21    deprive the employee of that benefit" which the employee expected to obtain from the

22    employment contract.  Hejmadi v. Amfac, Inc., 202 Cal. App. 3d 525, 551 (Cal. Ct. App. 1988).

23    This claim is predicated on "a bargained for contractual benefit which the employee has reason to

24    expect will be observed by the employer in good faith."  Id.  Indeed, Guz explicitly contemplates

25    the application of the covenant of good faith and fair dealing where termination "was a mere

26    pretext to cheat the worker out of another contract benefit to which the employee was clearly

27

28    contract were made at the same time as or prior to execution of the written contract, "[t]he inequity
     in enforcing the implied contract . . . is apparent").

1    entitled, such as compensation already earned."  24 Cal. 4th at 353 n.18.  Again, however, the

2    Offer Letter precludes plaintiff from stating this claim because it requires the elimination or

3    material change of plaintiff's position as Director of Nursing at Maric College to obtain the

4    separation payment.  Plaintiff has not pled any such elimination or material change, which are

5    distinct events from plaintiff's termination.  Because the FAC does not allege that plaintiff was

6    "clearly entitled" to obtain the "bargained for" separation payment consistent with the

7    requirements of the Offer Letter, plaintiff cannot pursue a claim for breach of the implied covenant

8    based on bad-faith termination to deprive plaintiff of the separation payment.

9        Because plaintiff may be able to state a viable cause of action for breach of the implied

10   covenant consistent with the applicable law, the Court grants plaintiff leave to amend.

11   **D.      Wrongful Discharge in Violation of Public Policy**

12       Plaintiff's first cause of action alleges that the Offer Letter "guarantee[d] Plaintiff one

13   year's compensation for services as Director of Nursing" and this compensation "became vested

14   and earned upon Plaintiff's move to California and commencement of employment."  (FAC ¶ 8.)

15   Plaintiff further alleges that defendant manufactured cause for terminating plaintiff, believing that

16   it could avoid the separation payment "promised and earned by Plaintiff (by accepting the position

17   and moving to California under the contract)."  (Id. ¶ 9.)  Such actions allegedly violated

18   California public policy as codified in various statutory provisions.  See Cal. Labor Code §§ 201

19   (directing employers to pay earned wages immediately upon employee's discharge), 202 (directing

20   employers to pay within 72 hours of quitting those employees who have no written contract for a

21   definite period of employment), 216 (creating misdemeanor liability for willful refusal to pay

22   wages due and false denial of the amount/validity of those wages), 221 (prohibiting repayment of

23   wages to employer), 222 (prohibiting employer, in collective bargaining context, from withholding

24   agreed-upon wage), 223 (prohibiting secret payment of wage below statutory or contractual scale),

25   224 (exempting from liability the withholding of wages pursuant to state or federal law or as

26   expressly authorized by the employee), 970 (prohibiting knowingly false representations

27   concerning, inter alia, compensation to influence person to relocate for work), & 972 (creating

28   civil cause of action, including double damages remedy for violation of § 970) (2008).

1    Even acknowledging that at least some of these statutory provisions give rise to private

2    causes of action, and recognizing that the separation payment would fall within California's

3    definition of "wages," the Court still finds that plaintiff's first cause of action fails to state a claim.

4    The FAC contradicts the Offer Letter by alleging that plaintiff earned the separation payment

5    merely by beginning her employment with defendant by April 1, 2007.  (See also Opp., at 7 ("The

6    only condition precedent to this guarantee being vested was [plaintiff's] starting employment on

7    April 1st, 2007").)  The FAC is silent concerning the elimination or material change of plaintiff's

8    position as Director of Nursing at Maric College, which is also a precondition of the separation

9    payment.  Until plaintiff alleges that this second precondition was satisfied, plaintiff cannot go

10   forward on a claim that defendant wrongfully terminated plaintiff to avoid the payment of earned

11   wages.

12       Because of the possibility that plaintiff is able to allege the satisfaction of all preconditions

13   to the separation payment, plaintiff may be able to state a claim for wrongful termination of public

14   policy.  Therefore, the Court grants plaintiff leave to amend.

15   **E.      Violation of Labor Code § 970**

16       Plaintiff's fifth cause of action alleges a violation of Labor Code § 970,[7] which "prevents

17   employers from inducing 'employees to move to . . . California by misrepresentation of the nature,

18   length or physical conditions of employment.'" Funk v. Sperry Corp., 842 F.2d 1129, 1133 (9th

19   Cir. 1988) (quoting Tyco Indus. v. Superior Court, 164 Cal. App. 3d 148, 155 (Cal. Ct. App.

20   1985)); Schultz v. Spraylat Corp., 866 F. Supp. 1535, 1541 (C.D. Cal. 1994).  The FAC claims

21   defendant guaranteed plaintiff an entire year's compensation to induce plaintiff's relocation from

22   Missouri to California to become Director of Nursing at Maric College, all while defendant had no

23   _____

24       [7] Labor Code § 970 reads, in relevant part:

25       No person, or agent or officer thereof, directly or indirectly, shall influence, persuade,
         or engage any person to change . . . from any place outside to any place within the
26       State, . . . for the purpose of working in any branch of labor, through or by means of
         knowingly false representations, whether spoken, written, or advertised in printed
27       form, concerning [e.g.]:

28       . . .

         (b)      The length of time such work will last, or the compensation therefor[.]

1  intention of actually paying the promised compensation.  (FAC ¶¶ 27-28.)  Pursuant to Labor Code

2  § 972, plaintiff seeks the double damages remedy for private litigants alleging § 970 violations.

3         To survive a motion to dismiss, plaintiff's Labor Code § 970 claim must plead knowingly

4  false representations.  Funk, 842 F.2d at 1133; Schultz, 866 F. Supp. at 1541.  With respect to

5  defendant's written representations, the Offer Letter belies the FAC's contentions that defendant

6  guaranteed plaintiff one year of compensation.  Instead, the plain language of the Offer Letter

7  requires material changes to or the elimination of plaintiff's position as Director of Nursing at

8  Maric College to establish plaintiff's eligibility for the separation payment.  Therefore, plaintiff

9  has not adequately pled the "knowingly false representations" element of a Labor Code § 970

10 claim.

11        With respect to any oral misrepresentations separate and apart from the Offer Letter,

12 plaintiff must plead with more specificity.  Labor Code § 970 "rests on [the] tort of deceit[.]"

13 Funk, 842 F.2d at 1133.  Federal Rule of Civil Procedure 9(b) requires, "[i]n alleging fraud . . . , a

14 party must state with particularity the circumstances constituting fraud[.]"  See Vess v. Ciba-Geigy

15 Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (explaining that Rule 9(b) applies to any

16 state-law claim that defendant engaged in fraudulent conduct, whether fraud is a necessary element

17 of that claim); accord Mills v. Ramona Tire, Inc., 2007 WL 4277537, at *3 (S.D. Cal. Dec. 5,

18 2007) (applying the Vess rule to a cause of action for false promise).  Several sister district courts

19 have held plaintiffs to the heightened Rule 9(b) pleading standard for Labor Code § 970 claims.

20 See Lampos v. Guitar Ctr., Inc., 2004 WL 5458404, at *3 (C.D. Cal. Sept. 23, 2004); Estes v.

21 AlliedSignal, Inc., 1998 WL 814638, at *15 (N.D. Cal. Nov. 12, 1998); Hendrickson v. Ogden

22 Aviation Food Servs., 1996 WL 40194, at *2 (N.D. Cal. Jan. 8, 1996).  The Rule 9(b) standard

23 requires plaintiff to "state the time, place, and specific content of the false representations as well

24 as the identities of the parties to the misrepresentation."  Schreiber Distrib. Co., 806 F.2d at 1401;

25 Patriot Scientific Corp. v. Korodi, 504 F. Supp. 2d 952, 965 (S.D. Cal. 2007).  The FAC satisfies

26 none of these requirements.  To the extent plaintiff bases this cause of action on oral

27 misrepresentations, those statements are the kind of "mere conclusory allegations of fraud" that

28 cannot survive a motion to dismiss.  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540

1  (9th Cir. 1989); <u>Gonzales v. Lloyds TSB Bank, PLC</u>, 532 F. Supp. 2d 1200, 1206 (C.D. Cal.

2  2006).

3        Because plaintiff may be able to state a viable claim for a violation of Labor Code § 970,

4  the Court grants leave to amend.

5  **F.    Fraud**

6        The Court grants defendant's motion to dismiss the sixth cause of action for fraud, relying

7  on essentially the same reasoning as applied <u>supra</u> to dismiss the Labor Code § 970 claim.  The

8  Offer Letter did not guarantee a year's worth of compensation.  Instead, the Offer Letter attached

9  preconditions to the separation payment, including the requirement that plaintiff's position as

10  Director of Nursing at Maric College be eliminated or materially changed.  Until plaintiff alleges

11  the satisfaction of that precondition, defendant's failure to pay plaintiff a separation payment after

12  her termination for cause does not make false any of the written representations in the Offer Letter.

13        With regard to any fraud claim based on oral misrepresentations, plaintiff must provide

14  more detail to satisfy the requirements of FRCP 9(b), as interpreted by the Ninth Circuit in the

15  authorities cited <u>supra</u>.

16        Because plaintiff may be able to state a viable claim for fraud, the Court grants leave to

17  amend.

18                                **CONCLUSION**

19        For the reasons stated herein, the Court **GRANTS** defendant's motion in its entirety and

20  **DISMISSES** plaintiff's first amended complaint without prejudice.  Plaintiff **MAY AMEND** her

21  complaint consistent with this Order.  Plaintiff **SHALL FILE** the second amended complaint

22  within thirty (30 days of the date that this Order is electronically filed.

23        IT IS SO ORDERED.

24  DATED:  August 11, 2008

25                                 *Janis L. Sammartino*
                                   _____
                                   Honorable Janis L. Sammartino
26                                 United States District Judge

27

28