Andrew P. Greenfield (#147109)
THE GREENFIELD LAW FIRM, APC
4425 Bayard St., #128
San Diego, California 92109
(858) 581-1400

Michael F. Cressey, (#115581)
WORKLAND & WITHERSPOON, PLLC
601 West Main Ave., Suite 714
Spokane, Washington 99201
(509) 455-9077

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN WORKMAN-JOHNSON,<br><br>  Plaintiff,<br><br>  vs.<br><br>KAPLAN HIGHER EDUCATION CORPORATION, and DOES 1 to 10,<br><br>  Defendants. | USDC Case No.: 08cv339 JLS (RBB)<br><br>Removed from:<br><br>Superior Court Case No.: 37-2007-00083591-CU-WT-CTL<br><br>SECOND AMENDED COMPLAINT FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; BREACH OF CONTRACT; VIOLATION OF LABOR CODE 970; FRAUD |

Plaintiff JOANN WORKMAN-JOHNSON alleges in her Second Amended Complaint as follows:

1. Plaintiff JOANN WORKMAN-JOHNSON, (hereinafter "Plaintiff") is an individual with residence in the State of California, County of San Diego.

2. Defendant KAPLAN HIGHER EDUCATION CORPORATION (hereinafter "KAPLAN") is, and was at all times herein

mentioned, a corporation, and existing under the laws of the state of Delaware.

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein, including DOES 1 through 10 were at all times acting as the agents and employees of the other defendants and acting with the knowledge and consent of the other employees.

4. On or about March 16, 2007 Plaintiff, at that time a resident of the State of Missouri, was hired by Maric College, owned and operated by Defendant KAPLAN pursuant to an oral and written agreement the written portions of which are set forth in Exhibit "1" attached and incorporated herein which agreement was drafted by Defendants. All contingencies and conditions required to be met by Plaintiff were met and satisfied. Included in the express terms of the offer of employment, and intended to induce Plaintiff to leave her employment in Missouri and move to California was a promise by Defendants to pay to Plaintiff a "separation payment" equal to the difference between her pay to date of separation and $120,000 if her position was eliminated or materially changed before March 30, 2008 and Plaintiff started work by April 1, 2007. The terms "position" "eliminated" and "materially changed" were not defined in the written portion of the contract but the Plaintiff and Defendant agreed before execution of the agreement that the above terms included termination of Plaintiff's employment by Defendants for any reason. Specifically, just prior to executing the

agreement, Exhibit "1", Plaintiff was told by Mary Barry and Deanne Remer on behalf of Kaplan that the "separation payment" would be made if she was terminated for any reason by Kaplan. Plaintiff was also told by Mary Barry and Deanne Remer that the language of Exhibit "1", specifically "eliminated or materially changed" was intended to guarantee Plaintiffs receipt of the separation payment if she was terminated for any reason. Plaintiff expressly stated to Ms. Barry and Remer that the guaranteed one-year salary was necessary for her to execute the contract.  Plaintiff reasonably relied upon these representations in executing the agreement, moving to California, starting her employment and signing a one-year residential lease.

5.   Plaintiff worked for Maric College as Director of Nursing. Plaintiff started that work by April 1, 2007.

6.   On or about September 17, 2007 plaintiff's position was eliminated and/or materially changed by Defendants.  Concurrent therewith Defendants failed and refused to pay to Plaintiff the "separation payment" at that time worth approximately $66,000.00 or six and one-half months salary.   After her position was eliminated and/or materially changed, and upon requesting the separation payment in late September 2007, Plaintiff was told by Maric College President Michael Seifert that Defendant would not make the payment and had never intended to make the payment under any circumstances.

**FIRST CAUSE OF ACTION**

**(Wrongful Discharge in Violation of Public Policy)**

(Against all Defendants)

7. Plaintiff realleges and incorporates by reference paragraphs 1 through 6, above, as though set forth herein.

8. Prior to April 1, 2007 because of problems at Maric College which threatened its ability to operate, Defendant KAPLAN actively recruited nationwide for a licensed and qualified Director of Nursing to move to California and fill that position. Plaintiff was specifically interviewed by Defendants because of her prior experience and qualifications in assisting nursing schools in trouble to recover and stay open. Defendants performed an extensive background check on Plaintiff and after numerous interviews offered Plaintiff the position of Director of Nursing. Because the job would require Plaintiff to quit her job in Missouri and move to California, Plaintiff told Defendants that she could not accept the employment unless she was guaranteed one-years employment or one-years salary. Thereafter, to satisfy Plaintiffs request, Defendants promised to pay to Plaintiff a "separation payment" equal to the difference between her pay to date of separation and $120,000 if her position was eliminated or materially changed before March 30, 2008 and she started work by April 1, 2007. Plaintiff started work by April 1, 2007.

9. On or about September 17, 2007, Plaintiff's position was eliminated and/or materially changed by Defendants claiming that her employment was being eliminated and/or materially changed

for cause under the mistaken belief and with the intent that such a false accusation would allow them to avoid paying to Plaintiff the "separation payment" promised and earned by Plaintiff when her position was eliminated and/or materially changed. At such time as those conditions occurred, the "separation payment" became earned wages within the meaning of the Labor Code of California. Defendants' desire to avoid paying Plaintiff her earned compensation was a motivating reason for Defendant's elimination and/or material change of Plaintiff's position and her termination. Such conduct violates the public policy of the state of California as set forth in <u>Labor Code</u> sections 201, 202, 216, 221, 222, 223, and 224. Such conduct also violates the public policy of the State of California as set forth in Labor Code sections 970 and 972.

10. Plaintiff alleges on information and belief that the Defendants knew that the conduct engaged in was unlawful and in violation of public policy. Defendants' actions resulted in Plaintiff's termination from her employment in which she had dedicated herself. Defendant's actions were malicious and oppressive and in conscious disregard for Plaintiff's rights, committed by officers of the corporation with the full knowledge, consent and/or ratification of the other Defendants.

11. As a proximate result of the actions of Defendants, Plaintiff has suffered severe emotional distress, lost wages and other compensation and had to incur attorney's fees in an amount according to proof.

## SECOND CAUSE OF ACTION

### (Breach of Implied Covenant of

### Good Faith and Fair Dealing)

**(Against all Defendants)**

12. Plaintiff realleges and incorporates by reference paragraphs 1 through 11, above, as though set forth herein.

13. The contract of employment included a covenant of good faith and fair dealing by operation of law. This covenant requires Defendant to perform its express obligations under the contract in good faith at all times.

14. Defendants breached the covenant of Good Faith and Fair Dealing by failing to make the "separation payment" when such payment was due and payable as earned compensation by falsely interpreting certain terms in the contract in a way inconsistent with their plain meaning and expressly stated meaning by the parties to allow them to try and avoid payment of the "separation payment".

15. As a proximate result of the actions of Defendants, Plaintiff has suffered lost wages and other compensation.

### THIRD CAUSE OF ACTION

### (Breach of Contract)

### (Against all Defendants)

16. Plaintiff realleges and incorporates by reference paragraphs 1 through 15, above, as though set forth herein.

17. In or about March 16, 2007 Plaintiff and Defendants entered into a written and oral contract. One of the terms of the contract required Defendants to provide Plaintiff with a

separation payment if her position was eliminated or materially changed prior to March 31, 2008, as alleged above.  In consideration of this promise, Plaintiff moved to California from Missouri and started working for Defendant.

18.  On or about September 17, 2007 Defendants breached the contract by failing to pay Plaintiff her "separation payment" after Plaintiff's position was eliminated and/or materially changed.

19.  Plaintiff performed all obligations on her part under the contract.

20.  As a proximate result of Defendants' conduct, Plaintiff has lost $66,000.00 (the separation payment) plus interest from the date of breach as allowed by law.

## FOURTH CAUSE OF ACTION

### (Violation of Labor Code sec. 970)

21.  Plaintiff realleges and incorporates by reference paragraphs 1 through 20, above, as though set forth herein.

22.  At all times herein relevant the provisions of California Labor Code Section 970 et. seq. were in full force and effect.

23.  On or before March 16, 2007 Defendants made certain representations to Plaintiff for the express purpose of inducing Plaintiff to leave Missouri and move to California and accept employment with Maric College.  Specifically, Defendants promised to pay to Plaintiff a "separation payment" equal to the difference between her pay to date of separation and $120,000 if her position was eliminated or materially changed before March

30, 2008. This promise was made in writing on the date and at the time of execution of Exhibit "1".

24. Plaintiff is informed and believes and thereupon alleges that at the time the above referenced promises were made Defendants had no intention of honoring the promises or paying the promised compensation and therefore Defendants knew the promised compensation was an intentional misrepresentation intended to induce Plaintiff to accept the offer of employment. Further, after Plaintiff's termination and Defendants' refusal to make the payments, Michael Seifert, President of Maric College (owned by Defendant Kaplan) admitted that Kaplan at the time of making the promise and thereafter never intended to honor the promise or make the payments under any circumstances. The language of the promise was intended to induce Plaintiff into believing the payment would be made while allowing Kaplan to try and avoid making the payment in a court of law.

25. Without knowledge of the falsity of the promises and true intent of the Defendants, Plaintiff reasonably believed the promises and accepted the employment and immediately moved to California from Missouri.

26. Were it not for the false promises of Defendants, Plaintiff would not have moved to California and accepted the position as Director of Nursing.

27. On or about September 17, 2007 Defendants eliminated and/or materially changed Plaintiff and refused to pay the promised "separation payment". This conduct was intentional and a proximate cause of damage to Plaintiff in the actual amount of

$66,000.00 plus relocating expenses, interest, housing expenses and other damages according to proof.

28. Pursuant to California Labor Code section 972 Plaintiff may bring an action against Defendants for the above conduct and is entitled to statutory double damages according to proof.

**FIFTH CAUSE OF ACTION**

**(Fraud)**

**(Against all Defendants)**

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 above, as though set forth herein.

30. On or before March 16, 2007 Defendants promised Plaintiff that if Plaintiff would move to California and accept employment with Defendants they would pay to Plaintiff a "separation payment" equal to the difference between her pay to date of separation and $120,000 if her position was eliminated or materially changed before March 30, 2008. They also promised that the language of the agreement Exhibit "1" as set forth above, meant she would be entitled to the separation payment in the event she was terminated. In or about late September 2007 Michael Seifert, President of Maric College (owned by defendant Kaplan) admitted to Plaintiff that Kaplan never intended to fulfill its promise of a separation payment. The language was drafted by Kaplan and/or its agents for the purpose of defrauding plaintiff into believing the agreement required such payment.

31. When these promises were made, each of the Defendants knew that the promises were false and that they had no intention of fulfilling their promise.

32. Each of the Defendants made these false promises with the intent to induce Plaintiff to accept the employment and move to California. Plaintiff reasonably relied upon these promises and was induced to move to California from Missouri and accept the offer of employment.

33. These promises were part of the agreed compensation package negotiated between the parties and if Plaintiff had known the true intentions of Defendants, Plaintiff would not have accepted the employment and moved to California.

34. As a proximate result of Defendants' conduct, Plaintiff has been damaged economically and emotionally.

35. As a proximate result of the actions of Defendants, Plaintiff has suffered severe emotional distress, lost wages and other compensation and had to incur attorney's fees in an amount according to proof.

36. Defendants' actions were malicious and oppressive and in conscious disregard for Plaintiffs' rights, committed by officers of the corporation with the full knowledge, consent and/or ratification of the other Defendants.

**PRAYER**

WHEREFORE Plaintiff prays as follows:

1. For compensation damages according to proof including lost earnings, employment benefits, future loss of earnings;

2. For compensation for emotional distress, humiliation and mental anguish;

    3.   For interest at the legal rate from on or about September 17, 2007;

    4.   For reasonable attorneys fees;

    5.   For punitive damages;

    6.   For costs of suit;

    7.   For statutory double damages pursuant to Labor Code section 972;

    8.   For such and further relief as the court deems necessary and appropriate herein.

                                          THE GREENFIELD LAW FIRM, APC

Dated: August 18, 2008             s/ Andrew P. Greenfield
                                       Andrew P. Greenfield
                                       Attorney for Plaintiff
                                       JOANNE WORKMAN-JOHNSON