**KAPLAN HIGHER EDUCATION**

March 16, 2007

JoAnn M. Workman-Johnson
505 4th Street
Lyle, Minnesota 55953

Dear JoAnn,

I am pleased to offer you a position as Director of Nursing, at Maric College, San Diego, California, for Kaplan Higher Education Corporation ("KHEC"). You will report directly to me. This offer is contingent upon approval by the California Board of Registered Nursing for RN Licensure and Director of Nursing status. Your anticipated start date is on or before April 1, 2007. The purpose of this letter is to confirm to you the terms of our offer.

As Director of Nursing you will be responsible for managing and overseeing the Director of Nursing Department. You will also have such additional or differing duties and responsibilities commensurate for your position as KHEC management may from time to time assign to you. Your compensation package is as follows:

Your annualized base salary will be $120,000.00, less customary deductions, payable on a bi-weekly basis in accordance with KHEC's payroll practices.

In addition, you will receive $10,000.00 less customary deductions, for relocation assistance. This relocation payment will be paid to you following the receipt of all required documentation to place you on the KHEC payroll and prior to your start date. You will be required to reimburse the company for relocation assistance if you fail to start employment or voluntarily leave the Company for any reason within 6 months from your date of hire. Reimbursement to the Company will be pro-rated according to the number of months you have worked at KHEC. Your acceptance of this document authorizes KHEC to withhold any reimbursable relocation allowance as described in this paragraph from any and all wages or other payments owed to you at the time of your termination.

If you start work by April 1, 2007 and your position is materially changed or eliminated prior to March 30, 2008, you will receive a separation payment equal to the remaining period of time between such position change/elimination and March 30, 2008.

Restriction on Post-Employment Activities. You recognize that due to the nature of your employment as Director of Nursing for KHEC, you will have access to and develop confidential business information, proprietary information and Trade Secrets (as that term is defined below) relating to the business and operations of KHEC, its subsidiaries and affiliates, including Kaplan University (collectively "KHEC"), throughout the entirety of each of the states in which KHEC has operations for which you will be responsible. By signing below, you hereby acknowledge that such information is valuable to the business of KHEC, and that disclosure to, or use for the benefit of, any person or entity other than KHEC would cause substantial and irreparable damage to KHEC. You further acknowledge that as a result of your duties as Director of Nursing for KHEC, you will develop close relationships and significant goodwill with KHEC clients and/or customers, potential clients and/or customers, employees and management throughout the entirety of each of the states where KHEC does business, and that such relationships and goodwill are developed at a significant cost to KHEC and render your services special, unique and extraordinary. Finally, you acknowledge that KHEC has legitimate business interests in protecting such confidential information, Trade Secrets, relationships, and goodwill.

**KAPLAN HIGHER EDUCATION**

Accordingly, during the term of your employment and for the period of *twelve (12) months* following the termination of your employment, regardless of the reason you terminate from employment (the "Restricted Period"), you agree that you will not engage in any of the following activities, either directly or indirectly (individually, or through or on behalf of another entity as owner, partner, agent, employee, consultant, or in any other capacity)

(i)    You will not solicit, encourage, or engage in any activity, directly or indirectly, intended to induce any employee of KHEC to terminate their employment with KHEC or to become employed by, or to enter into a business relationship with any Competitive Business. For the purposes of this letter, a "Competitive Business is any entity which is engaged in a business competitive with KHEC within any of the states in which KHEC currently is engaged in business activities that you will direct, supervise, or manage. For purposes of this letter, the term "employee" includes any individual who is an employee of or a consultant to KHEC during the 12-month period prior to your date of termination.

(ii)   You will not, directly or indirectly, knowingly influence or attempt to influence any customers of KHEC with whom you had material contact during the 2-year period preceding the date of your termination of employment with KHEC to divert their business to any Competitive Business or in any way interfere with the relationship between any such customer and KHEC (including, without limitation, making any negative statements or communications about KHEC). For the purposes of this provision, "material contact" shall mean interaction which takes place in an effort to initiate a business relationship or to continue and/or expand the relationships and/or services between KHEC and its current and former customers. The prohibition contained in this provision shall apply only to actual or attempted solicitation for the purpose of marketing or selling products or services which compete, directly or indirectly, with those products or services offered by KHEC at the termination of your employment.

(iii)  You will not make any disclosure of any confidential business information of KHEC. You shall take all necessary and appropriate steps to safeguard confidential business information and protect it against disclosure, misappropriation, misuse, loss and theft. Confidential business information shall not include information in the public domain (but only if the same becomes part of the public domain through a means other than a disclosure prohibited hereunder).

In the event the above-referenced information constitutes a Trade Secret, you agree that such restrictions in the preceding paragraph shall remain in effect with respect to such information for so long beyond the restricted period set forth herein as such confidential information constitutes a Trade Secret. For purposes of this letter, the term "Trade Secret" shall mean information without regard to form, including, but not limited to, technical or non-technical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, product plans, proposals or responses to requests for proposals, or a list of actual or potential customers or suppliers which is not commonly known by or available to the public and which information:

(a)    Derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
(b)    Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.
(c)    In the event that you breach any of these provisions, you agree that the Restricted Period during which you are prohibited from competing with KHEC, disclosing its confidential information, and soliciting customers and personnel from KHEC will be tolled during the period of such breach and will not begin accruing again until after the breach has ceased, whether voluntarily or by order of a court or arbitrator.

Your employment will be subject, among other things, to all of our company policies and practices including those outlined in the Employee Handbook, EEO and Non-Harassment Policy and Code of Business Conduct as amended from time to time.

**KAPLAN HIGHER EDUCATION**

This letter does not constitute an employment contract. Neither you nor KHEC is bound to continue the employment relationship if either chooses, at will, to end the relationship at any time with or without notice or cause.

JoAnn, again, I am extremely confident that you will provide the leadership and expertise to further build our business. Please call me if there are any questions with the points detailed above. Please indicate your agreement and acceptance with the above by signing and returning the original letter to me.

Very truly yours,


Michael Seifert
President
Maric College – San Diego
Kaplan Higher Education Corporation


AGREED AND ACCEPTED

*JoAnn M Workman Johnson*       3-16-07
JoAnn M. Workman-Johnson        Date