1  MERRILL F. STORMS, JR. (Bar No. CA-78333)
   TONYA M. CROSS (Bar No. CA-236867)
2  **DLA PIPER US LLP**
   401 B Street, Suite 1700
3  San Diego, CA 92101
   Tel:    619.699.3526
4  Fax:   619.699.2701

5  Attorneys for Defendant
   KAPLAN HIGHER EDUCATION
6  CORPORATION

7

8              UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11  JOANN WORKMAN-JOHNSON,            CV NO. 08 cv 339-JLS(RBB)

12          Plaintiff,                **DEFENDANT'S MEMORANDUM OF
                                      POINTS AND AUTHORITIES IN SUPPORT
13      v.                            OF MOTION TO DISMISS SECOND
                                      AMENDED COMPLAINT PURSUANT TO
14  KAPLAN HIGHER EDUCATION           RULE 9(b) AND 12(b)(6)**
    CORPORATION; and DOES 1 to 10,
15                                    DATE:    November 20, 2008
          Defendant.                 TIME:    2:00 p.m.
16                                    DEPT:    6
                                     JUDGE:   Janis L. Sammartino
17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   PROCEDURAL HISTORY .................................................................................1

III.  STANDARD ON MOTION TO DISMISS..........................................................2

IV.   PLAINTIFF'S FOUNDATIONAL ALLEGATIONS SHOULD NOT BE TAKEN AS TRUE..............................................................................................................3

    A.  The Foundational Allegations of the SAC Must be Disregarded Because They Contradict the Plain Language of the Offer Letter ...........................3

    B.  Plaintiff's New Allegations Must Be Disregarded ....................................5

V.    PLAINTIFF'S CLAIMS EACH FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ............................................................................5

    A.  Plaintiff's Third Claim for Breach of Contract is Not Resurrected by Alleged Oral Promises...............................................................................6

    B.  Plaintiff's Second Claim for Breach of Implied Covenant of Good Faith and Fair Dealing Is Superfluous ..............................................................7

        1.  The Implied Covenant Claim is Superfluous and Must be Dismissed........................................................................................7

        2.  The Implied Covenant of Good Faith and Fair Dealing Cannot Be Used to Impose a Duty on KHEC not Required by the Offer Letter..........8

    C.  Plaintiff's First Claim for Wrongful Discharge in Violation of Public Policy is Fatally Flawed...........................................................................9

        1.  No Public Policy is Violated By Refusing to Pay Severance That is Not Due and Owing ...............................................................9

        2.  No Public Policy is Involved in a Breach of Contract..............................10

    D.  Plaintiff's Fraud-Based Fourth and Fifth Claims Fail ...........................11

        1.  Plaintiff Has Not Complied With the Order Requiring Her to Allege Her Fraud Claims with Particularity......................................11

            a.  Allegations of the Substance of the Alleged Misrepresentations Cannot Be Taken as True and Must be Disregarded.................................................................12

            b.  Reference to an Unspecified Time and Place does not Satisfy the Pleading Requirements of 9(b) .....................................13

        2.  Plaintiff Did Not Reasonably Rely on the Alleged Misrepresentations....................................................................14

VI.   ALL OF PLAINTIFF'S CLAIMS SOUND IN FRAUD AND MUST MEET RULE 9(b)'S HEIGHTENED PLEADING REQUIREMENTS ........................14

VII.  AMENDMENT WILL NOT CURE THE SAC'S SERIOUS DEFECTS ........15

VIII. CONCLUSION...................................................................................................15

# TABLE OF AUTHORITIES

**Page**

## CASES

*AdVnt Biotechnologies, LLC v. Schroeder,*
  Nos. CV-06-904-PHX-DGC, CV-06-2787-PHX-DGC, CV-06-2788-PHX-DGC,
  2007 WL 1875667 (D.Ariz. June 28, 2007) .......................................................................13

*Anderson v. Savin Corp.,*
  206 Cal. App. 3d 356 (1988) .............................................................................................6

*Arnold & Associates, Inc. v. Misys Healthcare Systems,*
  275 F. Supp. 2d 1013 (D.Ariz. 2003) ...............................................................................13

*Balistreri v. Pacifica Police Dept.,*
  901 F.2d 696 (9th Cir. 1990) ..............................................................................................2

*Barnett v. Fireman's Fund Ins. Co.,*
  90 Cal. App. 4th 500 (2001) ...............................................................................................4

*Bell Atlantic Corporation v. Twombly,*
  127 S. Ct. 1955 (2007)........................................................................................................5

*Bradley v. Chiron Corp.,*
  136 F.3d 1317 (Fed. Cir. 1998) ..........................................................................................4

*Celador Intern. Ltd. v. Walt Disney Co.,*
  347 F. Supp. 2d 846 (C.D. Cal. 2004) .............................................................................13

*Davila v. Delta Air Lines, Inc.,*
  326 F.3d 1183 (11th Cir. 2003) ..........................................................................................7

*Doe v. U.S.,*
  58 F.3d 494 (9th Cir. 1995) ..............................................................................................15

*Estes v. Allied Signal, Inc.,*
  No. C-97-1810 MHP, C-97-3102 MHP, 1998 WL 814638 at 15 (N.D. Cal. 1998) .........12

*Foshee v. Daoust Const. Co.,*
  185 F.2d 23 (7th Cir. 1950) ......................................................................................3, 4, 10

*Funk v. Sperry,*
  842 F.2d 1129 (9th Cir. 1988) ..........................................................................................12

*Green v. Ralee Eng'g Co.,*
  19 Cal. 4th 66 (1998) ..........................................................................................................9

*Guz v. Bechtel Nat'l, Inc.,*
  24 Cal. 4th 317, 349 (2000) ................................................................................................8

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
  896 F.2d 1542 (9th Cir. 1989) ............................................................................................2

DLA PIPER US LLP
SAN DIEGO

WEST\21499503.1

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Holden v. Hagopian,*
    978 F.2d 1115 (9th Cir. 1992) ..................................................................2

*London v. Coopers & Lybrand,*
    644 F.2d 811 (9th Cir. 1981) ..................................................................1

*Luck v. So. Pac. Trans. Co.,*
    218 Cal. App. 3d 1 (1990) ....................................................................10

*McGlinchy v. Shell Chemical Co.,*
    845 F.2d 802 (9th Cir. 1988) ..................................................................2

*Meinhold v. Sprint Spectrum, L.P., No. CIV.S-07-00456 FCD EFB, slip op.,*
    2007 WL 1456141 (E.D. Cal. May 16, 2007) ......................................14

*Moore v. Kayport Package Exp., Inc.,*
    885 F.2d 531 (9th Cir. 1989) ................................................................11

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) ....................................................................13

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,*
    515 F.2d 1200 (5th Cir. 1975) ......................................................3, 4, 10

*Ott v. Home Sav. & Loan Ass'n,*
    265 F.2d 643 (9th Cir. 1958) ....................................................2, 3, 4, 9, 12

*Patriot Scientific Corp. v. Korodi,*
    504 F. Supp. 2d 952 (S.D. Cal. 2007) ..................................................11

*Randell v. Levi Strauss & Co.,*
    2006 WL 1310464 (N.D. Cal. 2006) ....................................................14

*Reddy v. Litton Indus., Inc.,*
    912 F.2d 291 (9th Cir. 1990) ................................................................15

*Roth v. Garcia Marquez,*
    942 F.2d 617 (9th Cir. 1991) ..................................................................2

*Schreiber Distrib. v. Serv-Well Furniture Co.,*
    806 F.2d 1393 (9th Cir. 1986) ..............................................................11

*Sendar Co., Inc. v. Megaware Inc.,*
    705 F. Supp. 159 (S.D.N.Y., 1989) ......................................................13

*Shapiro v. Wells Fargo Realty Advisors,*
    152 Cal. App. 3d 467 (1984) ..................................................................6

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.,*
    983 F. Supp. 1303 (N.D. Cal. 1997) ....................................................11

DLA PIPER US LLP
SAN DIEGO

WEST\21499503.1

# TABLE OF AUTHORITIES
### (continued)

Page

*Sinclair v. Servicemaster Co., No. CIV. 07-0611 FCD/DAD,*
2007 WL 2254448 (E.D.Cal. 2007) ...................................................................10

*Slivinsky v. Watkins-Johnson Co.,*
221 Cal. App. 3d 799 (1990) .........................................................................14

*Turner v. Anheuser-Busch, Inc.,*
7 Cal. 4th 1238 (1994) ................................................................................10

*Vess v. Ciba-Geigy Corp. USA,*
317 F.3d 1097 (2003) .................................................................................14

*Wagner v. Glendale Adventist Medical Center,*
216 Cal. App. 3d 1379, 1388 (1989) ................................................................6

## STATUTES

Cal. Civ. Code, section 1625 ............................................................................6

Cal. Civ. Proc. Code, section 1856 ....................................................................6

Cal. Lab. Code, section 970 .........................................................................1, 12

## RULES

Federal Rules of Civil Procedure

Rule 9(b) ..........................................................................11, 12, 13, 14

Rule 10(c) ........................................................................................2

Rule 12(b)(6) ..................................................................................2, 5

DLA PIPER US LLP
SAN DIEGO

WEST\21499503.1

1    Defendant Kaplan Higher Education Corporation ("KHEC" or "Defendant") respectfully

2    submits the following memorandum of points and authorities in support of its motion to dismiss

3    Plaintiff Joann Workman-Johnson's ("Plaintiff") Second Amended Complaint (SAC).

4    ## I.

5    ## INTRODUCTION

6    Plaintiff's SAC fails to cure the deficiencies that doomed the First Amended Complaint

7    (FAC).  Like the FAC, the SAC is plagued by contradictory allegations that simply cannot be

8    taken as true in light of the Offer Letter dated March 16, 2007 ("Offer Letter") that is attached to

9    both the FAC and SAC.

10    Abandoning much of her prior rendition of the facts, Plaintiff's SAC is propped up by a

11    new set of bare "factual" allegations.  This time, Plaintiff attempts to build her claims on the

12    foundational allegations that, prior to signing the Offer Letter that expressly provided she would

13    be entitled to severance only if her "position is materially changed or eliminated prior to

14    March 30, 2008", KHEC orally promised and agreed that the key terms 'position,' 'eliminated'

15    and 'materially changed' actually mean that Plaintiff was entitled to severance pay if her

16    employment was terminated for *any reason.*  Based on these allegations, Plaintiff asserts five

17    claims:  (1) Wrongful Discharge in Violation of Public Policy; (2) Breach of Implied Covenant of

18    Good Faith and Fair Dealing; (3) Breach of Contract; (4) Violation of Labor Code section 970

19    and (5) Fraud.[1]  Each one of Plaintiff's claims fails because each is based on faulty "factual"

20    allegations that are negated by the express terms of the Offer Letter attached to the SAC.

21    ## II.

22    ## PROCEDURAL HISTORY

23    On December 6, 2007, Plaintiff filed her complaint in the San Diego Superior Court.  On

24    January 30, 2008, Plaintiff filed a First Amended Complaint (FAC) in the San Diego Superior

25    Court.  Defendant removed the action to the United States District Court, Southern District of

26    California on February 21, 2008.  Defendant moved to dismiss the FAC, in its entirety, on

27    [1] Plaintiff's SAC does not include the claim for Breach of Express Promise Not to Terminate Except for Cause that
was originally included in her FAC.  Accordingly, Plaintiff has waived such claim.  *London v. Coopers &
Lybrand,* 644 F.2d 811, 814 (9th Cir. 1981).

28

1  February 26, 2008.  The Court issued an Order Granting Defendant's Motion to Dismiss Without

2  Prejudice ("Order") on August 11, 2008.  In the Order, the Court was clear that "the plain

3  language of the Offer Letter requires material changes to or the elimination of plaintiff's position

4  as Director of Nursing at Maric College to establish plaintiff's eligibility for the separation

5  payment." (Order, 10:6-8.)  Moreover, the Court ruled that alleged oral promises made prior to

6  the Offer Letter are superseded by the Offer Letter.  (Order, 6:21-7:1.)

7       On August 18, 2008, Plaintiff filed the SAC.  In the SAC, Plaintiff makes a futile attempt

8  to comply with the Court's Order.  As set forth herein, the SAC suffers from essentially the same

9  defects that formed the basis for the Court's Order dismissing the FAC.

10                                        **III.**

11                        **STANDARD ON MOTION TO DISMISS**

12       Pursuant to the Federal Rules of Civil Procedure (FRCP) Rule 12(b)(6), a defendant may

13  move to dismiss a claim based on either a "lack of a cognizable legal theory" or "the absence of

14  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901

15  F.2d 696, 699 (9th Cir. 1990).  Although a court is obliged to accept factual allegations as true, it

16  does not accept the truth of conclusory allegations.  *Holden v. Hagopian*, 978 F.2d 1115, 1121

17  (9th Cir. 1992) ("[W]e do not 'have to accept every allegation in the complaint as true in

18  considering its sufficiency; rather, . . . [we] will examine whether conclusory allegations follow

19  from the description of facts as alleged by the plaintiff.'") (citations omitted); *McGlinchy v. Shell

20  Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are

21  insufficient to defeat a motion to dismiss for failure to state a claim").

22       When judging the allegations of a complaint, the district court may consider material

23  submitted with the complaint - such as exhibits - as part of the complaint for purposes of a Rule

24  12(b)(6) motion.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555, n. 19

25  (9th Cir. 1989); FRCP 10(c); Order, 3:14.  Further, "[w]hen the allegations of the complaint are

26  refuted by an attached document, the Court need not accept the allegations as being true." *Roth v.

27  Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991); *Ott v. Home Sav. & Loan Ass'n*, 265

28  F.2d 643, 646 n.1 (9th Cir. 1958); Order, 3:15-17.  Indeed, the district court may disregard naked

DLA Piper US LLP
San Diego

WEST\21499503.1                                                      08CV339-JLS(RBB)

1     allegations in the complaint that are contradicted by documents attached to the complaint. *Ott*,

2     265 F.2d at 646 n. 1 (noting that exhibits prevail over allegations in a complaint where exhibits

3     and allegations are inconsistent); *Foshee v. Daoust Const. Co.*, 185 F.2d 23, 26 (7th Cir. 1950);

4     *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

5        Where, as here, the pleading and its exhibit show that Plaintiff's foundational allegations

6     cannot be taken as true, those facts cannot be used to support a claim for relief, and a motion to

7     dismiss should be granted.

8                              **IV.**

9    **PLAINTIFF'S FOUNDATIONAL ALLEGATIONS SHOULD NOT BE TAKEN AS TRUE**

10        The Court's Order is clear:  The Offer Letter requires that Plaintiff's position as Director

11    of Nursing at Maric College be eliminated or materially changed before she is entitled to a

12    severance payment.  (Order, 11:7-10.)  The Court did "not accept as true Plaintiff's allegations

13    concerning the contents of the Offer Letter when those allegations contradict the language of the

14    Offer Letter itself." (Order, 4:7-9.)  Despite the Court's clear message as to the plain meaning of

15    the Offer Letter and that it would not accept as true any allegations that contradict the Offer

16    Letter, Plaintiff's SAC offers a new set of "factual" allegations that fly in the face of the plain

17    language of the Offer Letter.

18    **A.**      **The Foundational Allegations of the SAC Must be Disregarded Because They**
19            **Contradict the Plain Language of the Offer Letter.**

20        Unable to truthfully plead that KHEC eliminated her position as Director of Nursing at

21    Maric College or that her position as Director of Nursing was materially changed, Plaintiff

22    desperately adopts a revisionist approach to her allegations – she assigns her own definitions to

23    the key provisions of the Offer Letter.  In her SAC, Plaintiff offers a tortured set of allegations

24    aimed at convincing the Court that where the Offer Letter plainly states that she is entitled to

25    severance pay if her "position is materially changed or eliminated" such provision actually means

26    that Plaintiff is entitled to that severance pay if her employment is terminated for *any reason*.

27    However, Plaintiff's efforts are futile because the Court should "accept as true the contents of the

28    exhibits and treat as surplusage the pleader's allegations as to the legal effect of the exhibits."

1  *Barnett v. Fireman's Fund Ins. Co.,* 90 Cal. App. 4th 500, 505 (2001)(citations omitted).

2  Moreover, the Court is not required to accept representations that it views as "nonsensical."

3  *Bradley v. Chiron Corp.* 136 F.3d 1317, 1324 (Fed. Cir. 1998). Plaintiff's allegations attempting

4  to change the legal effect of the Offer Letter by assigning her own definitions to the terms of the

5  Offer Letter are surplusage and nonsensical and must be disregarded.

6      Not only does the Offer Letter <u>not</u> support Plaintiff's allegations, its express language

7  directly contradicts Plaintiff's allegations. Nowhere does the Offer Letter guarantee Plaintiff

8  severance pay if her employment is terminated *for any reason*. Instead the Offer Letter expressly

9  provides:

10                  If you start work by April 1, 2007 and ***your position is materially***
11                  ***changed or eliminated*** prior to March 30, 2008, you will receive a
separation payment equal to the remaining period of time between
12                  such ***position change/elimination*** and March 30, 2008.

13        (Offer Letter) (emphasis added)

14      Nowhere in her SAC does Plaintiff allege that her position as Director of Nursing at Maric

15  College was ***eliminated***. Nowhere in her SAC does Plaintiff allege facts to support the allegation

that her position as Director of Nursing at Maric College was ***materially changed.*** As with the

16  FAC, Plaintiff has not, and cannot, allege these conspicuously missing facts because they simply

17  did not happen. As Plaintiff already admitted and the Court found, Plaintiff's employment was

18  terminated *for cause*. (FAC ¶ 9; Opp. at 10; Order 2:8.)

19      Where, as here, the naked allegations of the complaint are directly contradicted by

20  reference to an exhibit attached to the complaint, it is proper to dismiss the action. *See Foshee v.*

21  *Daoust Const. Co.*, 185 F.2d 23, 26 (7th Cir. 1950); *Ott,* 265 F.2d at 646 n.l; *Nishimatsu Constr.*

22  *Co., Ltd.,* 515 F.2d at 1206-1208. The Offer Letter attached to the SAC conclusively establishes

23  that Plaintiff's foundational allegations that she was guaranteed severance pay in the event her

24  employment was terminated *for any reason* must be disregarded. The removal of Plaintiff's

25  foundational allegations causes each and every one of her claims to disintegrate.

26  /////

27  /////

28

**B.    Plaintiff's New Allegations Must Be Disregarded.**

Because Plaintiff's new allegations in her SAC contradict the express language of the

Offer Letter attached as an exhibit to her SAC, Plaintiff's bare allegations cannot be accepted as

true and must be disregarded.  Specifically, the following foundational allegations cannot be

accepted as true and must be disregarded:

- "All contingencies and conditions required to be met by Plaintiff were met and satisfied." (SAC, 2:15-16.)

- "The terms 'position' 'eliminated' and 'materially changed' were not defined in the written portion of the contract but the Plaintiff and Defendant agreed before execution of the agreement that the above terms included termination of Plaintiff's employment by Defendants for any reason." (SAC, 2:23-28.)

- "[J]ust prior to executing the agreement, Exhibit '1', Plaintiff was told by Mary Barry and Deanne Remer on behalf of Kaplan that the 'separation payment' would be made if she was terminated for any reason by Kaplan." (SAC, 2:28-3:3.)

- "Plaintiff was also told by Mary Barry and Deanne Remer that the language of Exhibit '1', specifically "eliminated or materially changed" was intended to guarantee Plaintiffs [sic] receipt of the separation payment if she was terminated for any reason." (SAC, 3:4-7.)

- "Plaintiff's position was eliminated and/or materially changed by Defendants claiming that her employment was being eliminated and/or materially changed for cause . . ." (SAC, 4:26-5:1.)

## V.

### PLAINTIFF'S CLAIMS EACH FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's SAC fails to state claims upon which relief may be granted.  In *Bell Atlantic*

*Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the Supreme Court rejected the long-standing liberal

pleading rule.  Instead, the Court explained "[w]hile a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, [citations], a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do . . ." *Bell Atlantic*

*Corp.,* 127 S.Ct. at 1964-65 (citations omitted).

/////

1    As discussed in detail above, the allegations that form the very foundation of Plaintiff's

2    SAC cannot be taken as true because they are contradicted by the Offer Letter. Without these

3    allegations, each and every one of Plaintiff's claims fails to state a claim upon which relief may

4    be granted.

5    **A.    Plaintiff's Third Claim for Breach of Contract is Not Resurrected by Alleged Oral**
     **Promises.**

6

7    To comply with the Court's Order and state a viable breach of contract claim, Plaintiff

8    must plead facts that are *"consistent with the Offer Letter"* that in plain language "requires

9    material changes to or the elimination of plaintiff's position as Director of Nursing at Maric

     College to establish plaintiff's eligibility for the separation payment." (Order, 7:6-7; 10:6-

10   8.)(emphasis added.) Plaintiff has failed to do so.

11

12   Plaintiff does not allege that her position as Director of Nursing at Maric College was

13   eliminated. Nor does Plaintiff allege facts supporting any allegation that her position as Director

14   of Nursing at Maric College was materially changed. Rather, in a last ditch effort to save her

15   breach of contract claim, Plaintiff alleges that prior to signing the Offer Letter she reached an *oral*

16   *agreement* that the terms "position eliminated" and "materially changed" as used in the Offer

17   Letter included "termination of plaintiff's employment by Defendants for any reason." (SAC,

18   2:23-28.) However, as this Court noted in its Order, any contemporaneous oral contract must fail.

19   (Order 6:20-21.) "California law presumes a written contract supersedes all prior or

20   contemporaneous oral agreements." Order, 6:22-23; *Anderson v. Savin Corp.*, 206 Cal. App. 3d

21   356, 364 (1988)(citing Cal. Civ. Code § 1625 & Cal. Civ. Proc. Code § 1856); *see also Shapiro v.*

22   *Wells Fargo Realty Advisors*, 152 Cal. App. 3d 467, 482 (1984)(rejecting coexistence of "valid

23   express contract and an implied contract" covering the same subject matter but dictating different

24   outcomes); *Wagner v. Glendale Adventist Medical Center*, 216 Cal. App. 3d 1379 at 1388 (1989)

25   (explaining that, where oral representations creating an implied contract were made at the same

26   time as or prior to execution of a written contract, "[t]he inequity in enforcing the implied

27   contract . . . is apparent").

28   /////

DLA PIPER US LLP
SAN DIEGO

WEST\21499503.1

08CV339-JLS(RBB)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1    Moreover, the application of Plaintiff's oral contract allegations would impermissibly

2    dictate a outcome different from that provided by the Offer Letter.  Just like the FAC, under

3    Plaintiff's allegations in the SAC, the alleged "oral contract would require defendant to make the

4    separation payment, even if plaintiff's position as Director of Nursing at Maric College was

5    neither eliminated nor materially changed." (Order, 7:2-4.)  Accordingly, Plaintiff's allegations

6    of prior oral promises that would operate to alter the terms of the Offer Letter must be rejected.

7    Despite the opportunity to amend her complaint to plead allegations consistent with the

8    Offer letter, Plaintiff simply could not and did not do it.  Plaintiff's revisionist effort to "label" her

9    for cause termination as a termination resulting from a position elimination "and/or" material

10    change in her position is nothing more than bare, unsupported allegations masquerading as facts,

11    which will not save her claim from dismissal.  *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183,

12    1185 (11th Cir. 2003).

13    **B.    Plaintiff's Second Claim for Breach of Implied Covenant of Good Faith and Fair**

14    **Dealing Is Superfluous.**

15    In addition to her contract claims, Plaintiff alleges a separate claim for breach of the

16    implied covenant of good faith and fair dealing.  In support of her claim, Plaintiff asserts that the

17    implied covenant was breached when KHEC failed "to make the 'separation payment' when such

18    payment was due and payable as earned compensation by falsely interpreting certain terms in the

19    contract in a way inconsistent with their plain meaning and expressly stated meaning by the

20    parties to allow them to try and avoid payment of the 'separation payment'." (SAC, 6:13-18.)

21    Plaintiff's implied covenant claim is duplicative of her breach of contract claim.  Moreover, the

22    implied covenant cannot operate to impose obligations on KHEC that are not required by the

23    Offer Letter.

24    **1.    The Implied Covenant Claim is Superfluous and Must be Dismissed.**

25    To the extent Plaintiff's implied covenant claim is based on KHEC's breach of the Offer

26    Letter, the claim is superfluous and fails along with Plaintiff's breach of contract claim.  On the

27    face of Plaintiff's SAC she has not set forth credible facts sufficient to state a claim for breach of

28    contract as required by the Order.  An employer's termination decision that does not breach a

1  contractual provision, similarly does not breach the implied covenant of good faith and fair

2  dealing. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 350 (2000). Moreover, an implied covenant

3  claim may be disregarded as superfluous when it does nothing more than repeat a breach of

4  contract claim because the implied covenant claim does not create additional liability. *Id.* at 352.

5  Indeed, in such case, the implied covenant claim is actually no claim at all. *Id.*

6      In dismissing Plaintiff's implied covenant claim in her FAC, the Court found such claim

7  "does not allege that plaintiff was 'clearly entitled' to obtain the 'bargained for' separation

8  payment consistent with the requirements of the Offer Letter." (Order, 8:5-7.) Plaintiff's SAC

9  suffers from the same fatal defect and must be dismissed.

10      2.    **The Implied Covenant of Good Faith and Fair Dealing Cannot Be Used to**
              **Impose a Duty on KHEC not Required by the Offer Letter.**

11

12      The Court has already ruled that the implied covenant of good faith and fair dealing

13  cannot be used to impose a substantive duty on KHEC beyond that specified in the Offer Letter.

14  (Order, 7:13-14.) Try as she might, Plaintiff's implied covenant claim cannot operate to modify

15  or override the contractual terms of the Offer Letter. *Guz,* 24 Cal. 4th 349-52.

16      Here, the terms of the Offer Letter are unambiguous and do have "plain meaning" –

17  Plaintiff is not entitled to severance pay unless her "position is materially changed or eliminated

18  prior to March 30, 2008." There is no need go beyond the Offer Letter to attach special meaning

19  to these terms. It is Plaintiff, not KHEC, that is "falsely interpreting certain terms of the contract

20  in a way inconsistent with their plain meaning." (SAC, 6:12-18.) To attach Plaintiff's meaning

21  would be to require KHEC to make a severance payment if Plaintiff's employment is terminated

22  for *any reason* even if Plaintiff's position as Director of Nursing was neither eliminated nor

23  materially changed. The Court has already rejected such allegations because "[p]laintiff is

24  effectively seeking to impose a duty on defendant to make a separation payment that the Offer

25  Letter does not require." (Order, 7:17-18.) Plaintiff simply cannot use the implied covenant of

26  good faith and fair dealing to modify or override the express contractual terms. *Guz,* at 349-50.

27  As such, Plaintiff's second cause of action for breach of the implied covenant must fail.

28  /////

**C.**     **Plaintiff's First Claim for Wrongful Discharge in Violation of Public Policy is Fatally Flawed.**

A claim for wrongful discharge in violation of public policy is "limited to those claims finding support in an important public policy based on a statutory or constitutional provision." *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 79 (1998). In an effort to support her claim for wrongful discharge in violation of public policy, Plaintiff alleges she was terminated so KHEC could "avoid paying to plaintiff the 'separation payment' promised and earned by plaintiff when her position was eliminated and/or materially changed." (SAC, 5:2-5.) Plaintiff's wrongful discharge claim fails for a myriad of reasons: First, the allegations upon which Plaintiff bases the claim must be disregarded because they are contradicted by the Offer Letter. Second, of the remaining facts that do not contradict the Offer Letter, none of them support a claim that Plaintiff earned and was entitled to severance pay. Third, Plaintiff's SAC is completely devoid of any factual allegations upon which this Court can rely that her position with KHEC materially changed or was eliminated, which is a prerequisite to receive severance pay. Fourth, no public policy exists that bars an employer from refusing to pay employees for compensation not yet earned and owed.

**1.**     **No Public Policy is Violated By Refusing to Pay Severance That is Not Due and Owing.**

Again, Plaintiff's allegations are directly contradicted by the Offer Letter. Contrary to Plaintiff's "factual" allegations, nowhere in the Offer Letter does it state the severance is earned "if she was terminated for any reason by Kaplan" or that "she was guaranteed one-years employment or one-years salary." (SAC 2:23-3:7; 4:17-19.) Rather, the Offer Letter expressly provides for severance only upon the happening of two conditions: (1) Plaintiff starts work by April 1, 2007; and (2) Plaintiff's position is *materially changed or eliminated* prior to March 30, 2008. (Offer Letter.) The express language of the Offer Letter prevails over Plaintiff's contrary and unsupported allegations in her SAC. Accordingly, where, as here, the express language of the exhibit contradicts the SAC's contradictory and conclusory allegations, the language of the

/////

DLA Piper US LLP
San Diego

WEST\21499503.1

08CV339-JLS(RBB)

1    exhibit controls. *Ott*, 265 F.2d at 646 n.l; *Foshee*, 185 F.2d at 26; *Nishimatsu Constr. Co., Ltd.*,

2    515 F.2d at 1206.

3           The Court cannot take as true Plaintiff's allegations of an oral promise attaching special

4    meaning to the terms of the Offer Letter because such alleged oral promises are superseded by the

5    Offer Letter. (Order, 6:22-7:1 and citations therein.) Moreover, nowhere in Plaintiff's SAC does

6    she allege her position as the Director of Nursing at Maric College was eliminated. Nor does

7    Plaintiff's SAC allege facts to support any allegation that her position of Director of Nursing at

8    Maric College was materially changed. Accordingly, on the face of the SAC, Plaintiff has not

9    earned the severance payment. Because Plaintiff has not *earned* the severance payment and is not

10   entitled to it, she cannot base a wrongful discharge in violation of public policy claim on KHEC's

11   denial of such unearned severance benefits. *Sinclair v. Servicemaster Co.*, No. CIV. 07-0611

12   FCD/DAD, 2007 WL 2254448 *4 (E.D.Cal. 2007)(granting motion to dismiss wrongful

13   discharge in violation of public policy claim finding that "California public policy does not

14   prohibit termination of employees in order to avoid paying *future* wages not yet earned").

15           2.      **No Public Policy is Involved in a Breach of Contract.**

16          In essence, Plaintiff's wrongful discharge claim is based on an alleged breach of the Offer

17   Letter. However, when a wrongful discharge in violation of public policy claim is based on the

18   alleged breach of an agreement between an employer and employee, courts have expressly held

19   that no public interest is implicated and, therefore, there is no "public policy" violation. *Luck v.*

20   *So. Pac. Trans. Co.*, 218 Cal. App. 3d 1, 8 (1990); *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th

21   1238, 1257 (1994)("The tort of wrongful discharge is not a vehicle for enforcement of an

22   employer's internal policies or the provisions of its agreements with others").

23          Plaintiff attempts to convert her private interest into an issue of public interest by

24   indiscriminately listing a string of California Labor Code provisions she claims were violated

25   when KHEC terminated her employment and breached the Offer Letter by not paying her

26   severance. This is a futile effort. None of the listed Labor Code provisions prohibit an employer

27   from terminating an employee and refusing to pay the employee for compensation that is not due

28   or earned. *Sinclair v. Servicemaster Co.*, No. CIV. 07-0611 FCD/DAD, 2007 WL 2254448 *4.

1    Here, as discussed above, Plaintiff fails to allege any facts that the Court can rely on to support a

2    claim that she earned or vested in the severance pay under the terms of the Offer Letter.

3    Accordingly, on the face of the SAC, Plaintiff was not due or owed any severance pay at the time

4    of her termination.  The absence of the requisite facts to trigger payment of the severance is fatal

5    to Plaintiff's wrongful discharge claim, and the claim must be dismissed.

6    **D.    Plaintiff's Fraud-Based Fourth and Fifth Claims Fail.**

7            To survive a motion to dismiss, a fraud-based claim must satisfy the strict pleading

8    requirements of Federal Rules of Civil Procedure Rule 9(b).  Pursuant to the heightened pleading

9    requirement, the SAC must "state the time, place, and specific content of the false representations

10   as well as the identities of the parties to the misrepresentation."  *Schreiber Distrib. v. Serv-Well*

11   *Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986); *Silicon Knights, Inc. v. Crystal Dynamics,*

12   *Inc.*, 983 F. Supp. 1303, 1315 (N.D. Cal. 1997).  General and conclusory claims of fraud are

13   insufficient to satisfy the strict pleading requirements under Rule 9(b).  *Moore v. Kayport*

14   *Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

15           1.    **Plaintiff Has Not Complied With the Order Requiring Her to Allege Her**
16                 **Fraud Claims with Particularity.**

17           As stated in the Court's Order, a plaintiff alleging fraud must specify, among other things,

18   the content of the false representations and when and where the purported fraud occurred.  Order,

19   10:22-25; *see also Schreiber,* 806 F.2d at 1401.  In its Order, this Court dismissed Plaintiff's two

20   fraud-related causes of action in the FAC on the grounds that they were not pled with sufficient

21   particularity, specifically stating that:

22                      The Rule 9(b) standard requires plaintiff to "state the time, place,
                        and specific content of the false representations as well as the
23                      identities of the parties to the misrepresentation."  Schreiber Distrib.
                        Co., 806 F.2d at 1401; Patriot Scientific Corp. v. Korodi, 504 F.
24                      Supp. 2d 952, 965 (S.D. Cal. 2007).  The FAC satisfies none of
                        these requirements.

25           (Order, 10:22-26.)

26           Despite the Court's Order, the SAC still fails to identify when and where the specific

27   representations upon which Plaintiff allegedly relied were made.  Rather, Plaintiff simply alleges

28

that "[o]n or before March 16, 2007" KHEC made certain representations and promises that Plaintiff alleges were false. (SAC, 7:21, 9:12.) Moreover, the allegations containing the alleged content of the misrepresentations cannot be relied upon to support Plaintiff's fraud claims because such allegations contradict the Offer Letter.

### a. Allegations of the Substance of the Alleged Misrepresentations Cannot Be Taken as True and Must be Disregarded.

Plaintiff alleges two fraud-based claims, one for common law fraud and another for violation of Labor Code section 970.[2] Here, Plaintiff bases her fraud-based claims on the alleged misrepresentation by KHEC that despite the express language in the Offer Letter to the contrary, she was guaranteed a separation payment if her employment was terminated for *any reason*.[3] (SAC, 7:8-11, 8:12-16.) However, this allegation must be disregarded because the allegation is directly contradicted by the Offer Letter attached as Exhibit 1 to the SAC. *Ott v. Home Sav. & Loan Ass'n*, 265 F.2d 643, 646 n.1 (9th Cir. 1958). The express language of the Offer Letter conclusively demonstrates that Plaintiff's employment terms did not include a severance payment if her employment was terminated for *any reason*. Rather, Plaintiff would only receive severance pay if her *position was materially changed or eliminated* within one year. There is absolutely no representation in the Offer Letter that Plaintiff would receive severance pay in any other instance.

---

[2] A claim under section 970 of the California Labor Code sounds in fraud and "the Plaintiff must plead the requisite facts with the heightened specificity required by Federal Rule of Civil Procedure 9(b)." *Estes v. Allied Signal, Inc.*, No. C-97-1810 MHP, C-97-3102 MHP, 1998 WL 814638 at 15 (N.D. Cal. 1998). A section 970 claim "rests on tort of deceit and the scienter requirement" and claim under that section must meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *Funk v. Sperry*, 842 F.2d 1129, 1133 (9th Cir. 1988).

[3] Plaintiff alleges she was induced to move from Missouri to California based on KHEC's promise to "pay to Plaintiff a 'separation payment' equal to the difference between her pay to date of separation and $120,000 if her position was eliminated or materially changed before March 30, 2008. This promise was made in writing on the date and at the time of execution of Exhibit '1'." (SAC, 7:25-8:2.) Plaintiff also alleged that "just prior to executing the agreement, Exhibit '1', Plaintiff was told by Mary Barry and Deanne Remer on behalf of Kaplan that the 'separation payment' would be made if she was terminated for any reason by Kaplan." (SAC, 2:28-3:3.) Plaintiff further alleged that she was told that "the language of Exhibit '1', specifically 'eliminated or materially changed' was intended to guarantee Plaintiffs [sic] receipt of the separation payment if she was terminated for any reason." (SAC, 3:4-7.)

1   The promise in the Offer Letter is drastically different than the prior oral promise alleged by

2   Plaintiff that she was guaranteed severance pay if her employment is terminated for *any reason*.

3   The misrepresentation, as alleged by Plaintiff, cannot be taken as true or relied upon to support

4   her fraud claims.  (Order 6:22-7:1 and citations therein; *Ott* at 646 n.1.)  Accordingly, this strips

5   Plaintiff's fourth and fifth causes of action of an alleged misrepresentation upon which her fraud-

6   based claims rely.  The absence of a misrepresentation is fatal to Plaintiff's fraud-based claims

7   and they should be dismissed.

8               b.    **Reference to an Unspecified Time and Place does not Satisfy the**
9                     **Pleading Requirements of 9(b).**

10      Plaintiff's attempt to cure her pleading defects from the FAC consists of alleging that "on

11  or before March 16, 2007" certain representations and promises were made.  This reference to an

12  unrestricted, undefined time period does not satisfy the pleading requirements of Rule 9(b)

13  because a party claiming fraud must state the date on which the alleged misrepresentations were

14  made.  *Celador Intern. Ltd. v. Walt Disney Co.*, 347 F. Supp. 2d 846, 854-55 (C.D. Cal.

15  2004)(finding the allegations that misrepresentations were made "prior to December 1, 1998"

16  were "not specific enough to meet the requirements of 9(b).  Plaintiffs need to identify with more

17  specificity when the statements were made.").[4]  A plaintiff must also state where such

18  representations occurred.  *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)("the

19  complaint must specify such facts as the times, dates, places, benefits received and other details

20  of the alleged fraudulent activity").

21      Here, the SAC lacks any allegation as to where the alleged misrepresentations were made.

22  _____

23  [4]  *See also AdVnt Biotechnologies, LLC v. Schroeder,* Nos. CV-06-904-PHX-DGC, CV-06-2787-
    PHX-DGC, CV-06-2788-PHX-DGC, 2007 WL 1875667 *2 (D.Ariz. June 28, 2007)
24  (dismissing fraud claims holding that the date range of "beginning sometime in 2004 and
    ending in 2005," did not adequately identify when the alleged misrepresentations were made);
25  *Arnold & Associates, Inc. v. Misys Healthcare Systems,* 275 F. Supp. 2d 1013, 1029 (D.Ariz.
    2003) (plaintiff's allegations that defendant made the alleged representations "[i]n the fall of
26  2002" failed to specify a particular date or time as required under Rule 9(b)); *Sendar Co., Inc.
    v. Megaware Inc.*, 705 F. Supp. 159, 161 (S.D.N.Y., 1989)(dismissing fraud claim because
27  "[t]he allegations fail[ed] to specify the date on which fraudulent statements were made,
    merely alleging some time during a two month period.")

28

1    Further, Plaintiff contends she was misled by the representations of KHEC's representatives but

2    she does not fix a readily ascertainable or particularized date or location to such representations.

3    Just as in the cases cited above, Plaintiff's fraud claims are not pled with the requisite

4    particularity and must be dismissed.

5         2.    **Plaintiff Did Not Reasonably Rely on the Alleged Misrepresentations.**

6         Even if Plaintiff had pled her fraud claims with the requisite particularity, which she did

7    not, such claims still fail because Plaintiff could not have reasonably relied on the representations.

8    In light of the express terms of the Offer Letter setting forth in plain language that she would only

9    be entitled to severance if her position was materially changed or eliminated before March 30,

10   2008, it was not reasonable for Plaintiff to have relied on any other contradictory representations

11   on that same subject matter. See *Slivinsky v. Watkins-Johnson Co.,* 221 Cal. App. 3d 799, 807

12   (1990)(dismissing fraud claim because it was not reasonable for plaintiff to rely on promises

13   regarding job security in light of the at-will employment agreement plaintiff signed); *Randell v.*

14   *Levi Strauss & Co.,* 2006 WL 1310464 (N.D. Cal. 2006)(same). As such, leave to amend would

15   be futile as Plaintiff can allege no set of facts that would allow her fraud claims to survive a

16   motion to dismiss.

17                                    **VI.**

18   **ALL OF PLAINTIFF'S CLAIMS SOUND IN FRAUD AND MUST MEET RULE 9(b)'S**
                        **HEIGHTENED PLEADING REQUIREMENTS**
19

20        It is evident that all of the claims in Plaintiff's SAC are grounded in her foundational

21   allegations that she was fraudulently promised a different meaning to the key terms of the Offer

22   Letter. Accordingly, the law is clear that such claims must also meet the heightened pleading

23   requirements of Rule 9(b). *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-1104 (2003)

24   (where a claim is grounded in fraud, such as where a plaintiff has "allege[d] a unified course of

25   fraudulent conduct and rel[ied] entirely on that course of conduct as the basis of a claim…that

26   claim as a whole must satisfy the particularity requirement of Rule 9(b)."); *see also Meinhold v.*

27   /////

28

1   *Sprint Spectrum, L.P.*, No. CIV.S-07-00456 FCD EFB, slip op., 2007 WL 1456141 at *6 (E.D.

2   Cal. May 16, 2007).

3           Plaintiff's breach of contract, wrongful termination in violation of public policy and

4   breach of covenant of good faith and fair dealing claims all rely on Plaintiff's fatally flawed

5   foundational allegations of fraudulent oral promises and representations made prior to her signing

6   the Offer Letter.  (SAC, ¶4 (incorporated into and relied upon in each claim)).  Furthermore, as

7   explained above, Plaintiff has failed to identify when and where any of the purported

8   misrepresentations by KHEC were made.  For these reasons, KHEC respectfully requests that the

9   Court dismiss the entire SAC.

10  **VII.**

11  **AMENDMENT WILL NOT CURE THE SAC'S SERIOUS DEFECTS**

12          If the Court finds that the failings of the SAC cannot be cured by the alleging of other

13  facts, the Court may dismiss the complaint without leave to amend.  *Doe v. U.S.*, 58 F.3d 494,

14  497 (9th Cir. 1995).  A district court does not err in denying leave to amend where amendment

15  would be futile.  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

16          Here, there is no set of plausible facts Plaintiff can allege to establish that she is entitled to

17  severance pay under the Offer Letter.  As the Court noted in its Order, the Offer Letter

18  definitively establishes that Plaintiff would only be entitled to severance pay if her position was

19  materially changed or eliminated.  Plaintiff's position was neither materially changed nor

20  eliminated, and Plaintiff cannot allege any plausible facts to the contrary.  Accordingly, leave to

21  amend should not be granted.

22  **VIII.**

23  **CONCLUSION**

24          Plaintiff built her entire SAC on the foundational allegations that she was guaranteed

25  severance pay if her employment was terminated *for any reason* prior to March 30, 2008.

26  However, the Offer Letter attached to the SAC plainly establishes that Plaintiff's foundational

27  allegations are not true and cannot be taken as true in ruling on the instant motion to dismiss.

28  Because Plaintiff's foundational allegations cannot be relied upon, the very underpinnings of her

DLA PIPER US LLP
SAN DIEGO

WEST\21499503.1

08CV339-JLS(RBB)

1  complaint disintegrate, which is fatal to each and every one of Plaintiff's causes of action.

2  Moreover, there is no set of facts that Plaintiff can plead that will revive her claims in light of the

3  express terms of the Offer Letter.

4        Defendant respectfully requests that its motion to dismiss be granted in its entirety with

5  prejudice.

6

   Dated:  August 28, 2008

7

8                                    DLA PIPER US LLP

9                                    By s/ Tonya M. Cross

10                                        MERRILL F. STORMS, JR.
                                          TONYA M. CROSS
11                                        Attorneys for Defendant
                                          KAPLAN HIGHER EDUCATION
12                                        CORPORATION
                                          tonya.cross@dlapiper.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28